

LexisNexis File & Serve
Maureen Davis 2300 Contra Costa Blvd
Pleasant Hill, CA 94523-3961
TELEPHONE NO.: 9252881776     FAX NO. (Optional):

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF/PETITIONER: **INTERSTATE FIRE & CASUALTY COMPANY, AN ILLINOIS CORPORATION** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **PACIFIC EMPLOYERS INSURANCE COMPANY, A PENNSYLVANIA CORPORATION** | **EDCV06-0593** |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **13254567** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents)*: **Subpoena in A Civil Case with Attachment**

3. a. Party served *(specify name of party as shown on documents served)*:
   **COCHRAN CHERRY GIVENS & SMITH**

   b. Person served:   [ X ] party in item 3a   [   ] other *(specify name and relationship to the party named in item 3a)*:
   **ASTRIK SALAZAR, CASE ANALYST, female**

4. Address where the party was served:
   **4929 WILSHIRE Boulevard SUITE 1010, LOS ANGELES, CA 90010**

5. I served the party *(check proper box)*

   a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date)*: **12/21/2006**   (2) at *(time)*: **3:36 PM**

   b. [   ] **by substituted service.** On *(date)*:   (2) at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*:   or [   ] a declaration of mailing is attached.

   (5) [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 (Rev. July 1, 2004)

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

PFI Order No. 8203363

DEFENDANT/RESPONDENT: **PACIFIC EMPLOYERS INSURANCE COMPANY, A PENNSYLVANIA CORPORATION**

| | |
|---|---|
| | EDCV06-0593 |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*     (2) from *(city):*
    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30)
    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [  ] as an individual defendant.
  b. [  ] as the person sued under the fictitious name of *(specify):*
  c. [  ] as occupant
  d. [ **X** ] On behalf of *(specify):*
      under the following Code of Civil Procedure section:

        [  ] 416.10 (corporation)                [  ] 415.95 (business organization, form unknown)
        [  ] 416.20 (defunct corporation)            [  ] 416.60 (minor)
        [  ] 416.30 (joint stock company/association)    [  ] 416.70 (ward or conservatee)
        [  ] 416.40 (association or partnership)       [  ] 416.90 (authorized person)
        [  ] 416.50 (public entity)                  [  ] 415.46 (occupant)
                                                 [  ] other

7. **Person who served papers**
  a. Name: **JORGE RIVERA**
  b. Address: **241 S. FIGUEROA STREET, SUITE 370, LOS ANGELES, CA 90012**
  c. Telephone number: **213-621-9999**
  d. **The fee** for service was: $
  e. I am:
    (1) [  ] not a registered California process server.
    (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ **X** ] registered California process server:
        (i) [  ] owner  [  ] employee  [ **X** ] independant contractor
        (ii) [ **X** ] Registration No.: **4690**
        (iii) [ **X** ] County: **LOS ANGELES, CA**

8. [ **X** ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9. [  ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/21/2006**

    **JORGE RIVERA**
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE)

POS-010 (Rev. July 1, 2004)

**PROOF OF SERVICE OF SUMMONS**

PFI Order No. 8203363

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE 12/21/04 | PLACE 4929 Wilshire Blvd Ste 1010 LA, CA 90010 |
|---|---|---|

**SERVED**

ASTRIK SALAZAR                    PERSONAL

SERVED ON (PRINT NAME)            MANNER OF SERVICE

JORGE RIVERA, REG #4690           CASE ANALYST

SERVED BY (PRINT NAME)            TITLE

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   12/21/04
              DATE

SIGNATURE OF SERVER

241 S Figueroa St #370
ADDRESS OF SERVER
LA, CA 90012

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

#### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

#### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois Corporation,
                    Plaintiff,

        v.

PACIFIC EMPLOYERS INSURANCE COMPANY, a
Pennsylvania Corporation
                    Defendant,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **EDCV06-0593 VAP(OPx)**

TO: Cochran Cherry Givens & Smith
     4929 Wilshire Blvd, Suite 1010
     Los Angeles, CA 90010-3856

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
  testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
  in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
  place, date, and time specified below (list documents or objects):

  See Attachment A to Subpoena to Cochran Cherry Givens & Smith

| PLACE | DATE AND TIME |
|---|---|
| Cochran Cherry Givens & Smith 4929 Wilshire Blvd, Suite 1010 Los Angeles, CA 90010-3856 | 10:00 AM 1/19/2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for defendant | 12-20-06 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Marilyn A. Rogers                          MORALES & GARY
2300 Contra Costa Blvd., Suite 310 Pleasant Hill, CA 94523        (925) 288-1776

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

### DEFINITIONS

1.      "AND", "OR" connote the conjunctive, disjunctive, or both.

2.      "EACH," "ANY," OR "ALL" means each, every, any, AND all.

3.      "PERSON(S)" includes ALL people AND entities whatsoever, whether real OR juridical, incorporated OR unincorporated.

4.      "RELATING TO" means constituting, concerning, discussing, depicting, referring to OR pertaining to.

5.      "DOCUMENT(S)" includes without limitation correspondence, teletype messages, telegrams, contracts, agreements, memoranda, understandings, e-mails, notes, rough drawings, bulletins, circulars, diagrams, interoffice COMMUNICATIONS, books of account, tax statements, ledgers, journals, checks, check registers, passbooks, invoices, bills orders, quotations, stock certificates, financial statements, statements of account, statements of liability, balance sheets, graphs AND plans AND ANY other writing memorializing, reflecting, referring to, relating to, OR evidencing the subject of EACH DOCUMENT OR group of DOCUMENTS request.  The term DOCUMENTS means the original, including ALL duplicates, copies OR drafts, ANY non-identical copy OR copies that differ from the original for ANY reason, including but not limited to, the making of notes thereon, of ANY writing AND paper, book OR record of whatever kind OR description, electronic, OR photographic OR other means, AND shall include ANY recorded, taped, filmed OR graphic matter OR phonic (e.g. ANY tape recording) OR visual reproduction OR record of ANY oral statement, conversation OR event.

6.      "COMMUNICATION(S)" means ANY oral, written OR electronic transmission of information, opinion, belief, idea OR statement, including without limitation, letters OR other written correspondence, conversations, meetings, discussions, telephone calls, memoranda, notes, messages (including "e-mail," OR internal OR external text-messaging), telecopies, telexes AND facsimile transmissions.

7.      "YOU" AND "YOUR" mean AND refer to Cochran Cherry Givens & Smith, AND

1  includes without limitation ALL predecessors, successors, affiliates, divisions, area OR regional

2  offices, partners, employees, agents, ANY representatives of Cochran Cherry Givens & Smith, AND

3  ALL PERSONS acting on behalf of ANY of the foregoing.

4      8.      "UNDERLYING ACTIONS" includes without limitation ALL of the following ten

5  actions:

6          (1).    *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State*

7  *Transportation, et al.*, Riverside County Superior Court, Case No. 391704;

8          (2).    *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et*

9  *al.*, Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside

10 County Superior Court, Case No. RIC 406050);

11         (3).    *Maria Delgado, et al. v. Miguel Pulido, et al.*, Riverside County

12 Superior Court, Case No. INC 037713;

13         (4).    *Arminda Gonzalez, et al. v. Golden State Transportation Services,*

14 Riverside County Superior Court, Case No. INC 037910;

15         (5).    *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.*, Los Angeles County

16 Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court,

17 Case No. RIC406066);

18         (6).    *Jose Trinidad Romo, et al., v. SITA, Inc., et al.*, Riverside County

19 Superior Court, Case No. INC 037382;

20         (7).    *Martha Vazquez, et al. v. Miguel Pulido, et al.*, Riverside County

21 Superior Court, Case No. INC 037708;

22         (8).    *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*,

23 Riverside County Superior Court, Case No. INC 037760;

24         (9).    *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, United

25 States District Court, Central District, Case No. 2:03-CV-06041-RMT-SS; AND

26         (10).   *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, Riverside

27 County Superior Court, Case No. INC 038854.

28

2

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

9.      "PLAINTIFFS" means AND refers to the plaintiffs in the UNDERLYING
ACTIONS, AND includes without limitation ALL agents, representatives, AND  ALL PERSONS
acting on behalf of ANY of the foregoing.

10.      "ACCIDENT" means AND refers to the accident occurred on August 24, 2002,
which is the subject of the UNDERLYING ACTIONS.

11.      "BUS" means AND refers to the 1998 MCI Passenger Bus that was involved in the
ACCIDENT.

12.      "PULIDO" means AND refers to Miguel Pulido, one of the defendants in the
UNDERLYING ACTIONS.

13.      "PACIFIC EMPLOYERS" means AND refers to Pacific Employers Insurance
Company AND includes without limitation ALL predecessors, successors, parent companies,
subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers,
employees, agents, ANY representatives of Pacific Employers Insurance Company, AND ALL
PERSONS acting on behalf of ANY of the foregoing.

14.      "INTERSTATE" means AND refers to Interstate Fire & Casualty Company AND
includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates,
divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY
representatives of Interstate Fire & Casualty Company, AND ALL PERSONS acting on behalf of
ANY of the foregoing.

15.      "REPUBLIC" means AND refers to Republic Western Insurance Company AND
includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates,
divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY
representatives of Republic Western Insurance Company, AND ALL PERSONS acting on behalf of
ANY of the foregoing.

16.      "GREYHOUND" means AND refers to Greyhound Lines, Inc. AND includes
without limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR
regional offices, managing agents, directors, officers, employees, agents, ANY representatives of

3

1  Greyhound Lines, Inc., AND ALL PERSONS acting on behalf of ANY of the foregoing.

2     17.   "SAFECO" means AND refers to Safeco Credit Company AND includes without

3  limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR regional

4  offices, managing agents, directors, officers, employees, agents, ANY representatives of Safeco

5  Credit Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

6     18.   "GOLDEN STATE" means AND refers to Gonzales, Inc. AND Gonzales, Inc. d/b/a

7  Golden State Transportation Co., AND includes without limitation ALL predecessors, successors,

8  parents, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors,

9  officers, employees, agents, ANY representatives of Gonzales, Inc. AND Gonzales, Inc. d/b/a

10  Golden State Transportation Co., AND ALL PERSONS acting on behalf of ANY of the foregoing.

11

12                         **INSTRUCTIONS**

13     1.   The DOCUMENTS OR objects subpoenaed are those DOCUMENTS OR objects in

14  the possession OR in the control of YOU, agents, representatives, OR anyone acting for OR on

15  YOUR behalf, regardless of whether such DOCUMENTS OR things are possessed directly by YOU

16  OR YOUR partners, directors, officers, agents, employees, representative, investigators, OR by

17  YOUR agents, employees, representative OR investigators.

18     2.   If ANY DOCUMENT OR object is not produced on the ground that it is privileged

19  OR otherwise claimed to be protected against production by ANY rule of law, YOU shall provide

20  the following information with respect to EACH such DOCUMENT OR object:

21     (1).   Its date;

22     (2).   IDENTIFY EACH AND every author AND other PERSON who prepared OR

23          participated in the preparation of it:

24     (3).   IDENTIFY EACH AND every PERSON who ever received it from ANY source

25          AND for EACH, the date it was received;

26     (4).   IDENTIFY EACH AND every PERSON from who it was received;

27     (5).   IDENTIFY ALL other PERSONS to whom its content were disclosed, the dates such

28

                              4

1    disclosure took place AND the means of such disclosure;

2    (6).    The nature of the privilege OR rule of law relied upon AND the facts supporting

3          YOUR position with respect thereto.

4    3.    If ANY subpoenaed DOCUMENT OR object cannot be produced in full, produce it

5 to the greatest extent possible, indicating which part of the DOCUMENT OR object has been

6 withheld, AND the reason for it being withheld.

7    4.    If a DOCUMENT OR object once existed, but it has been lost OR destroyed, OR

8 otherwise is no longer in YOUR possession, IDENTIFY EACH DOCUMENT OR object AND

9 state the following concerning its loss OR destruction:

10    (1).    When it was lost OR destroyed

11    (2).    Where it was lost OR destroyed;

12    (3).    IDENTIFY its last known custodian.

13

14

15        **DEMANDS FOR PRODUCTION AND INSPECTION**

16 DEMAND FOR PRODUCTION AND INSPECTION NO. 1:

17    A complete copy of YOUR files RELATING TO the ACCIDENT OR the UNDERLYING

18 ACTIONS.

19

20 DEMAND FOR PRODUCTION AND INSPECTION NO. 2:

21    ALL DOCUMENTS RELATING TO YOUR investigation RELATING TO the ACCIDENT

22 OR the UNDERLYING ACTIONS.

23

24 DEMAND FOR PRODUCTION AND INSPECTION NO. 3:

25    ALL DOCUMENTS RELATING TO ANY investigation RELATING TO the ACCIDENT OR

26 the UNDERLYING ACTIONS.

27

28

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

1  DEMAND FOR PRODUCTION AND INSPECTION NO. 4:

2      ALL DOCUMENTS RELATING TO the PLAINTIFFS' damages as a result of the ACCIDENT.

3

4  DEMAND FOR PRODUCTION AND INSPECTION NO. 5:

5      ALL DOCUMENTS RELATING TO the ACCIDENT.

6

7  DEMAND FOR PRODUCTION AND INSPECTION NO. 6:

8      ALL DOCUMENTS RELATING TO ANY reports generated by, from OR on behalf of YOU

9  RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

10

11  DEMAND FOR PRODUCTION AND INSPECTION NO. 7:

12      ALL DOCUMENTS RELATING TO the employment of PULIDO, including but not limited

13  to his employment application, personnel file, driving record, history, citations, violations, AND log

14  books.

15

16  DEMAND FOR PRODUCTION AND INSPECTION NO. 8:

17      ALL pleadings in the UNDERLYING ACTIONS.

18

19  DEMAND FOR PRODUCTION AND INSPECTION NO. 9:

20      ALL discovery requests AND responses in the UNDERLYING ACTIONS.

21

22  DEMAND FOR PRODUCTION AND INSPECTION NO. 10:

23      ALL DOCUMENTS produced in the discovery of ANY of the UNDERLYING ACTIONS.

24

25  DEMAND FOR PRODUCTION AND INSPECTION NO. 11:

26      ALL DOCUMENTS produced by ANY party to the UNDERLYING ACTIONS.

27

28

6

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

DEMAND FOR PRODUCTION AND INSPECTION NO. 12:

ALL deposition transcripts for depositions taken in ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO.13:

ANY witness statements taken from ANY PERSONS RELATING TO the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 14:

A copy of ALL settlement agreements AND releases for EACH of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 15:

ALL DOCUMENTS RELATING TO the disposition, settlement OR final resolution of EACH of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 16:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of YOU regarding the subject matter of ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 17:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of INTERSTATE regarding the subject matter of ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 18:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

1  COMMUNICATION by, from OR on behalf of REPUBLIC regarding the subject matter of ANY of

2  the UNDERLYING ACTIONS.

3

4  DEMAND FOR PRODUCTION AND INSPECTION NO. 19:

5      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

6  COMMUNICATION by, from OR on behalf of PACIFIC EMPLOYERS regarding the subject matter

7  of ANY of the UNDERLYING ACTIONS.

8

9  DEMAND FOR PRODUCTION AND INSPECTION NO. 20:

10      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

11  COMMUNICATION by, from OR on behalf of SAFECO regarding the subject matter of ANY of the

12  UNDERLYING ACTIONS.

13

14  DEMAND FOR PRODUCTION AND INSPECTION NO. 21:

15      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

16  COMMUNICATION by, from OR on behalf of GREYHOUND regarding the subject matter of ANY

17  of the UNDERLYING ACTIONS.

18

19  DEMAND FOR PRODUCTION AND INSPECTION NO. 22:

20      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

21  COMMUNICATION by, from OR on behalf of SITA regarding the subject matter of ANY of the

22  UNDERLYING ACTIONS.

23

24  DEMAND FOR PRODUCTION AND INSPECTION NO. 23:

25      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

26  COMMUNICATION by, from OR on behalf of GOLDEN STATE regarding the subject matter of ANY

27  of the UNDERLYING ACTIONS.

28

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

DEMAND FOR PRODUCTION AND INSPECTION NO. 24:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of PULIDO regarding the subject matter of ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 25:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of PLAINTIFFS regarding the subject matter of ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 26:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of ANY PERSON not listed in Demand 16 through Demand 25 regarding the subject matter of ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 27:

ALL DOCUMENTS RELATING TO the business operations of SAFECO.

DEMAND FOR PRODUCTION AND INSPECTION NO. 28:

ALL DOCUMENTS RELATING TO the business operations of GREYHOUND.

DEMAND FOR PRODUCTION AND INSPECTION NO. 29:

ALL DOCUMENTS RELATING TO the business operations of GOLDEN STATE.

DEMAND FOR PRODUCTION AND INSPECTION NO. 30:

ALL DOCUMENTS RELATING TO the business operations of SITA.

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

1    DEMAND FOR PRODUCTION AND INSPECTION NO. 31:

2            ALL DOCUMENTS RELATING TO the business relationship between SITA AND

3    GOLDEN STATE.

4

5    DEMAND FOR PRODUCTION AND INSPECTION NO. 32:

6            ALL DOCUMENTS RELATING TO the business relationship between SITA AND ANY

7    PERSON.

8

9    DEMAND FOR PRODUCTION AND INSPECTION NO. 33:

10           ALL DOCUMENTS RELATING TO the business relationship between GOLDEN STATE

11   AND ANY PERSON.

12

13   DEMAND FOR PRODUCTION AND INSPECTION NO. 34:

14           ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR

15   informal, between SITA AND GOLDEN STATE RELATING TO the sharing of OR the use of

16   buses.

17

18   DEMAND FOR PRODUCTION AND INSPECTION NO. 35:

19           ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR

20   informal, between SITA AND GOLDEN STATE RELATING TO the sharing of OR the use of

21   drivers.

22

23   DEMAND FOR PRODUCTION AND INSPECTION NO. 36:

24           ALL DOCUMENTS RELATING TO the BUS.

25

26   DEMAND FOR PRODUCTION AND INSPECTION NO. 37:

27           ALL DOCUMENTS RELATING TO the bankruptcy of GOLDEN STATE.

28

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

1    DEMAND FOR PRODUCTION AND INSPECTION NO. 38:

2         ALL DOCUMENTS RELATING TO ANY federal OR state indictment of GOLDEN

3    STATE.

4

5    DEMAND FOR PRODUCTION AND INSPECTION NO. 39:

6         ALL DOCUMENTS RELATING TO ANY criminal prosecution of GOLDEN STATE

7    RELATING TO the ACCIDENT.

8

9    DEMAND FOR PRODUCTION AND INSPECTION NO. 40:

10        ALL DOCUMENTS RELATING TO ANY criminal prosecution of SITA RELATING TO

11   the ACCIDENT.

12

13   DEMAND FOR PRODUCTION AND INSPECTION NO. 41:

14        ALL DOCUMENTS RELATING TO ANY criminal prosecution of PULIDO RELATING

15   TO the ACCIDENT.

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT TO SUBPOENA TO COCHRAN CHERRY GIVENS & SMITH

**LexisNexis** *File & Serve*

**Welcome:** Davis, Maureen
Morales & Gary

Resource Center | Preferences | Sign Off

Total Litigator

Home   Filing & Service   Alerts   Search   Service of Process

Create an Order   Incomplete Orders   Submitted Orders

**TIP:** Use LexisNexis File & Serve to E-Serve in more of your cases. Contact a representative online or at 1-800-869-1910.

Receipt 13254567                                                          Print Receipt

### Receipt    submitted on 12/20/2006 5:26:01 PM (ET)

| Date/Time (ET) | Status |
|---|---|
| 12/20/2006 5:26:05 PM | Service request has been submitted. |

### Fee Information

| Fee Information | Total Recipients | Subtotal | Tax | Total |
|---|---|---|---|---|
| SOP Fast Service Fee (2-4 business days) | 2 | $290.00 | $0.00 | $290.00 |
| | Totals | $290.00 | $0.00 | $290.00 |

### Document List

| Document Title | File Name | Conversion Status | View |
|---|---|---|---|
| U.S. District Court Central District of California Subpoena in a Civil Case | 7863418_Subpoena-Greene.pdf | Converted | PDF version Original version |
| U.S. District Court Central District of California Subpoena in a Civil Case | 7863503_Subpoena-Cochran.pdf | Converted | PDF version Original version |

### Recipients

| Service Recipient | Address(es) | Description | Service Status |
|---|---|---|---|
| Greene, Broilet & Wheeler LLP - Attn: Custodian of Records | Address Type: Business 100 Wilshire Blvd., 21st Floor Santa Monica, CA 90401-1162 | | Pending |
| Cochran Cherry Givens & Smith - Attn: Custodian of Records | Address Type: Business 4929 Wilshire Blvd., Suite 1010 Los Angeles, CA 90010 | | Pending |

### Service Options

| Service Options | Selected Option |
|---|---|
| Deadline for Service | 12/27/2006 |
| Hearing Date | |
| Billing Reference | AC4699 |

File Affidavit of Service with Court?   No

Special Instructions

**Contact Information**

**Contact Information**

Name   Maureen Davis

Contact Email Address   mdavis@moralesgary.com

Organization   Morales & Gary

Organization Address   2300 Contra Costa Blvd Ste 310
Pleasant Hill, CA 94523-3961

Phone: (925) 288-1776
Fax: (925) 288-1856
Email: dmorales@moralesgary.com

### Assistance with Service of Process Orders
For all questions related to your Service of Process orders,
please call us at 1-800-644-4025 or email us at sopsupport@lexisnexis.com.
We are available to assist you Monday through Friday, 9:00am-8:30pm ET, excluding Holidays .

$\mathcal{E}$

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **LexisNexis File & Serve SOP**<br>**Maureen Davis 2300 Contra Costa Blvd**<br>**Pleasant Hill, CA 94523-3961**<br>TELEPHONE NO.: **9252881776**   FAX NO. (Optional): | |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

| PLAINTIFF/PETITIONER: **INTERSTATE FIRE & CASUALTY COMPANY, AN ILLINOIS CORPORATION** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **PACIFIC EMPLOYERS INSURANCE COMPANY, A PENNSYLVANIA CORPORATION** | **EDCV06-0593** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**13254567** |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the (specify documents): **Subpoena in A Civil Case with Attachment**

3. a. Party served (specify name of party as shown on documents served):
   **GREENE, BROILLET & WHEELER LLP**
   b. Person served:  [ X ] party in item 3a   [   ] other (specify name and relationship to the party named in item 3a):
   **ALAN VONGAIDER, ATTORNEY**

4. Address where the party was served:
   **100 WILSHIRE Boulevard 21ST FLOOR, SANTA MONICA, CA 90401**

5. I served the party (check proper box)
   a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on (date): **12/26/2006**  (2) at (time): **3:30 PM**
   b. [   ] **by substituted service.** On (date):  (2) at (time):  I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):
      (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): from (city):   or [   ] a declaration of mailing is attached.
      (5) ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 (Rev. July 1, 2004) | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure. § 417.10<br><br>PFI Order No. 8203362 |
|---|---|---|

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: INTERSTATE FIRE & CASUALTY COMPANY, AN ILLINOIS CORPORATION | EDCV06- |
| DEFENDANT/RESPONDENT: PACIFIC EMPLOYERS INSURANCE COMPANY, A PENNSYLVANIA CORPORATION | 0593 |

    c. [   ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        (1) on *(date)*:     (2) from *(city)*:

        (3) [   ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)

        (4) [   ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

    d. [   ] **by other means** *(specify means of service and authorizing code section)*:

      [   ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. [   ] as an individual defendant.

    b. [   ] as the person sued under the fictitious name of *(specify)*:

    c. [   ] as occupant

    d. [ **X** ] On behalf of *(specify)*:
        under the following Code of Civil Procedure section:

| | |
|---|---|
| [   ] 416.10 (corporation) | [   ] 415.95 (business organization, form unknown) |
| [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
| [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
| [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
| [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
| | [   ] other |

7. **Person who served papers**

    a. Name: **JORGE RIVERA**

    b. Address: **241 S. FIGUEROA STREET, SUITE 370, LOS ANGELES, CA 90012**

    c. Telephone number: **213-621-9999**

    d. **The fee** for service was: $

    e. I am:

        (1) [   ] not a registered California process server.

        (2) [   ] exempt from registration under Business and Professions Code section 22350(b).

        (3) [ **X** ] registered California process server:

            (i) [   ] owner   [   ] employee   [ **X** ] independant contractor

            (ii) [ **X** ] Registration No.: **4690**

            (iii) [ **X** ] County: **LOS ANGELES, CA**

8. [ **X** ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [   ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/26/2006**

        **JORGE RIVERA** _____             _____
      (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

PFI Order No. 8203362

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois Corporation,
                    Plaintiff.
          v.

PACIFIC EMPLOYERS INSURANCE COMPANY, a
Pennsylvania Corporation
                    Defendant,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **EDCV06-0593 VAP(OPx)**

TO: Greene, Broillet & Wheeler LLP
    100 Wilshire Blvd., 21st Floor
    Santa Monica, CA 90401-1162

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Attachment A to Subpoena to Greene, Broillet & Wheeler LLP

| PLACE | DATE AND TIME |
|---|---|
| Greene, Broillet & Wheeler LLP | 10:00 AM 1/19/2007 |
| 100 Wilshire Blvd., 21st Floor   Santa Monica, CA 90401-1162 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Mcel A_   attorney for defendant | 12/20/06 |

| ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER | |
|---|---|
| Marilyn A. Rogers                          MORALES & GARY | |
| 2300 Contra Costa Blvd., Suite 310 Pleasant Hill, CA 94523        (925) 288-1776 | |

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)  DUTIES IN RESPONDING TO SUBPOENA.**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO SUBPOENA TO GREENE, BROILLET & WHEELER LLP

### DEFINITIONS

1.     "AND", "OR" connote the conjunctive, disjunctive, or both.

2.     "EACH," "ANY," OR "ALL" means each, every, any, AND all.

3.     "PERSON(S)" includes ALL people AND entities whatsoever, whether real OR juridical, incorporated OR unincorporated.

4.     "RELATING TO" means constituting, concerning, discussing, depicting, referring to OR pertaining to.

5.     "DOCUMENT(S)" includes without limitation correspondence, teletype messages, telegrams, contracts, agreements, memoranda, understandings, e-mails, notes, rough drawings, bulletins, circulars, diagrams, interoffice COMMUNICATIONS, books of account, tax statements, ledgers, journals, checks, check registers, passbooks, invoices, bills orders, quotations, stock certificates, financial statements, statements of account, statements of liability, balance sheets, graphs AND plans AND ANY other writing memorializing, reflecting, referring to, relating to, OR evidencing the subject of EACH DOCUMENT OR group of DOCUMENTS request. The term DOCUMENTS means the original, including ALL duplicates, copies OR drafts, ANY non-identical copy OR copies that differ from the original for ANY reason, including but not limited to, the making of notes thereon, of ANY writing AND paper, book OR record of whatever kind OR description, electronic, OR photographic OR other means, AND shall include ANY recorded, taped, filmed OR graphic matter OR phonic (e.g. ANY tape recording) OR visual reproduction OR record of ANY oral statement, conversation OR event.

6.     "COMMUNICATION(S)" means ANY oral, written OR electronic transmission of information, opinion, belief, idea OR statement, including without limitation, letters OR other written correspondence, conversations, meetings, discussions, telephone calls, memoranda, notes, messages (including "e-mail," OR internal OR external text-messaging), telecopies, telexes AND facsimile transmissions.

7.     "YOU" AND "YOUR" mean AND refer to Greene, Broillet & Wheeler LLP, AND

1

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1  includes without limitation ALL predecessors, successors, affiliates, divisions, area OR regional

2  offices, partners, employees, agents, ANY representatives of Greene, Broillet & Wheeler LLP, AND

3  ALL PERSONS acting on behalf of ANY of the foregoing.

4       8.    "UNDERLYING ACTIONS" includes without limitation ALL of the following ten

5  actions:

6       (1).   *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State*

7  *Transportation, et al.*, Riverside County Superior Court, Case No. 391704;

8       (2).   *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et*

9  *al.*, Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside

10  County Superior Court, Case No. RIC 406050);

11       (3).   *Maria Delgado, et al. v. Miguel Pulido, et al.*, Riverside County

12  Superior Court, Case No. INC 037713;

13       (4).   *Arminda Gonzalez, et al. v. Golden State Transportation Services,*

14  Riverside County Superior Court, Case No. INC 037910;

15       (5).   *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.*, Los Angeles County

16  Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court,

17  Case No. RIC406066);

18       (6).   *Jose Trinidad Romo, et al., v. SITA, Inc., et al.*, Riverside County

19  Superior Court, Case No. INC 037382;

20       (7).   *Martha Vazquez, et al. v. Miguel Pulido, et al.*, Riverside County

21  Superior Court, Case No. INC 037708;

22       (8).   *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*,

23  Riverside County Superior Court, Case No. INC 037760;

24       (9).   *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, United

25  States District Court, Central District, Case No. 2:03-CV-06041-RMT-SS; AND

26       (10).   *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, Riverside

27  County Superior Court, Case No. INC 038854.

28

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1    9.    "PLAINTIFFS" means AND refers to the plaintiffs in the UNDERLYING

2  ACTIONS, AND includes without limitation ALL agents, representatives, AND  ALL PERSONS

3  acting on behalf of ANY of the foregoing.

4    10.   "ACCIDENT" means AND refers to the accident occurred on August 24, 2002,

5  which is the subject of the UNDERLYING ACTIONS.

6    11.   "BUS" means AND refers to the 1998 MCI Passenger Bus that was involved in the

7  ACCIDENT.

8    12.   "PULIDO" means AND refers to Miguel Pulido, one of the defendants in the

9  UNDERLYING ACTIONS.

10    13.   "PACIFIC EMPLOYERS" means AND refers to Pacific Employers Insurance

11  Company AND includes without limitation ALL predecessors, successors, parent companies,

12  subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers,

13  employees, agents, ANY representatives of Pacific Employers Insurance Company, AND ALL

14  PERSONS acting on behalf of ANY of the foregoing.

15    14.   "INTERSTATE" means AND refers to Interstate Fire & Casualty Company AND

16  includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates,

17  divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY

18  representatives of Interstate Fire & Casualty Company, AND ALL PERSONS acting on behalf of

19  ANY of the foregoing.

20    15.   "REPUBLIC" means AND refers to Republic Western Insurance Company AND

21  includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates,

22  divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY

23  representatives of Republic Western Insurance Company, AND ALL PERSONS acting on behalf of

24  ANY of the foregoing.

25    16.   "GREYHOUND" means AND refers to Greyhound Lines, Inc. AND includes

26  without limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR

27  regional offices, managing agents, directors, officers, employees, agents, ANY representatives of

28

3

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1    Greyhound Lines, Inc., AND ALL PERSONS acting on behalf of ANY of the foregoing.

2         17.    "SAFECO" means AND refers to Safeco Credit Company AND includes without

3    limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR regional

4    offices, managing agents, directors, officers, employees, agents, ANY representatives of Safeco

5    Credit Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

6         18.    "GOLDEN STATE" means AND refers to Gonzales, Inc. AND Gonzales, Inc. d/b/a

7    Golden State Transportation Co., AND includes without limitation ALL predecessors, successors,

8    parents, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors,

9    officers, employees, agents, ANY representatives of Gonzales, Inc. AND Gonzales, Inc. d/b/a

10   Golden State Transportation Co., AND ALL PERSONS acting on behalf of ANY of the foregoing.

11

12                                     **INSTRUCTIONS**

13        1.    The DOCUMENTS OR objects subpoenaed are those DOCUMENTS OR objects in

14   the possession OR in the control of YOU, agents, representatives, OR anyone acting for OR on

15   YOUR behalf, regardless of whether such DOCUMENTS OR things are possessed directly by YOU

16   OR YOUR partners, directors, officers, agents, employees, representative, investigators, OR by

17   YOUR agents, employees, representative OR investigators.

18        2.    If ANY DOCUMENT OR object is not produced on the ground that it is privileged

19   OR otherwise claimed to be protected against production by ANY rule of law, YOU shall provide

20   the following information with respect to EACH such DOCUMENT OR object:

21        (1).    Its date;

22        (2).    IDENTIFY EACH AND every author AND other PERSON who prepared OR

23              participated in the preparation of it:

24        (3).    IDENTIFY EACH AND every PERSON who ever received it from ANY source

25              AND for EACH, the date it was received;

26        (4).    IDENTIFY EACH AND every PERSON from who it was received;

27        (5).    IDENTIFY ALL other PERSONS to whom its content were disclosed, the dates such

28
                                             4
                  ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1    disclosure took place AND the means of such disclosure;

2        (6).    The nature of the privilege OR rule of law relied upon AND the facts supporting

3             YOUR position with respect thereto.

4        3.    If ANY subpoenaed DOCUMENT OR object cannot be produced in full, produce it

5    to the greatest extent possible, indicating which part of the DOCUMENT OR object has been

6    withheld, AND the reason for it being withheld.

7        4.    If a DOCUMENT OR object once existed, but it has been lost OR destroyed, OR

8    otherwise is no longer in YOUR possession, IDENTIFY EACH DOCUMENT OR object AND

9    state the following concerning its loss OR destruction:

10        (1).    When it was lost OR destroyed

11        (2).    Where it was lost OR destroyed;

12        (3).    IDENTIFY its last known custodian.

13

14

15    **DEMANDS FOR PRODUCTION AND INSPECTION**

16    DEMAND FOR PRODUCTION AND INSPECTION NO. 1:

17        A complete copy of YOUR files RELATING TO the ACCIDENT OR the UNDERLYING

18    ACTIONS.

19

20    DEMAND FOR PRODUCTION AND INSPECTION NO. 2:

21        ALL DOCUMENTS RELATING TO YOUR investigation RELATING TO the ACCIDENT

22    OR the UNDERLYING ACTIONS.

23

24    DEMAND FOR PRODUCTION AND INSPECTION NO. 3:

25        ALL DOCUMENTS RELATING TO ANY investigation RELATING TO the ACCIDENT OF

26    the UNDERLYING ACTIONS.

27

28

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1    DEMAND FOR PRODUCTION AND INSPECTION NO. 4:

2       ALL DOCUMENTS RELATING TO the PLAINTIFFS' damages as a result of the ACCIDENT

3

4    DEMAND FOR PRODUCTION AND INSPECTION NO. 5:

5       ALL DOCUMENTS RELATING TO the ACCIDENT.

6

7    DEMAND FOR PRODUCTION AND INSPECTION NO. 6:

8       ALL DOCUMENTS RELATING TO ANY reports generated by, from OR on behalf of YOU

9    RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

10

11    DEMAND FOR PRODUCTION AND INSPECTION NO. 7:

12       ALL DOCUMENTS RELATING TO the employment of PULIDO, including but not limited

13    to his employment application, personnel file, driving record, history, citations, violations, AND log

14    books.

15

16    DEMAND FOR PRODUCTION AND INSPECTION NO. 8:

17       ALL pleadings in the UNDERLYING ACTIONS.

18

19    DEMAND FOR PRODUCTION AND INSPECTION NO. 9:

20       ALL discovery requests AND responses in the UNDERLYING ACTIONS.

21

22    DEMAND FOR PRODUCTION AND INSPECTION NO. 10:

23       ALL DOCUMENTS produced in the discovery of ANY of the UNDERLYING ACTIONS.

24

25    DEMAND FOR PRODUCTION AND INSPECTION NO. 11:

26       ALL DOCUMENTS produced by ANY party to the UNDERLYING ACTIONS.

27

28

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1  DEMAND FOR PRODUCTION AND INSPECTION NO. 12:

2      ALL deposition transcripts for depositions taken in ANY of the UNDERLYING ACTIONS.

3

4  DEMAND FOR PRODUCTION AND INSPECTION NO.13:

5      ANY witness statements taken from ANY PERSONS RELATING TO the UNDERLYING

6  ACTIONS.

7

8  DEMAND FOR PRODUCTION AND INSPECTION NO. 14:

9      A copy of ALL settlement agreements AND releases for EACH of the UNDERLYING

10  ACTIONS.

11

12  DEMAND FOR PRODUCTION AND INSPECTION NO. 15:

13      ALL DOCUMENTS RELATING TO the disposition, settlement OR final resolution of

14  EACH of the UNDERLYING ACTIONS.

15

16  DEMAND FOR PRODUCTION AND INSPECTION NO. 16:

17      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

18  COMMUNICATION by, from OR on behalf of YOU regarding the subject matter of ANY of the

19  UNDERLYING ACTIONS.

20

21  DEMAND FOR PRODUCTION AND INSPECTION NO. 17:

22      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

23  COMMUNICATION by, from OR on behalf of INTERSTATE regarding the subject matter of ANY

24  of the UNDERLYING ACTIONS.

25

26  DEMAND FOR PRODUCTION AND INSPECTION NO. 18:

27      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

28

7

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1   COMMUNICATION by, from OR on behalf of REPUBLIC regarding the subject matter of ANY of

2   the UNDERLYING ACTIONS.

3

4   DEMAND FOR PRODUCTION AND INSPECTION NO. 19:

5         ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

6   COMMUNICATION by, from OR on behalf of PACIFIC EMPLOYERS regarding the subject matter

7   of ANY of the UNDERLYING ACTIONS.

8

9   DEMAND FOR PRODUCTION AND INSPECTION NO. 20:

10        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

11  COMMUNICATION by, from OR on behalf of SAFECO regarding the subject matter of ANY of the

12  UNDERLYING ACTIONS.

13

14  DEMAND FOR PRODUCTION AND INSPECTION NO. 21:

15        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

16  COMMUNICATION by, from OR on behalf of GREYHOUND regarding the subject matter of ANY

17  of the UNDERLYING ACTIONS.

18

19  DEMAND FOR PRODUCTION AND INSPECTION NO. 22:

20        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

21  COMMUNICATION by, from OR on behalf of SITA regarding the subject matter of ANY of the

22  UNDERLYING ACTIONS.

23

24  DEMAND FOR PRODUCTION AND INSPECTION NO. 23:

25        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

26  COMMUNICATION by, from OR on behalf of GOLDEN STATE regarding the subject matter of ANY

27  of the UNDERLYING ACTIONS.

28

8

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1  DEMAND FOR PRODUCTION AND INSPECTION NO. 24:

2      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

3  COMMUNICATION by, from OR on behalf of PULIDO regarding the subject matter of ANY of the

4  UNDERLYING ACTIONS.

5

6  DEMAND FOR PRODUCTION AND INSPECTION NO. 25:

7      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

8  COMMUNICATION by, from OR on behalf of PLAINTIFFS regarding the subject matter of ANY of

9  the UNDERLYING ACTIONS.

10

11  DEMAND FOR PRODUCTION AND INSPECTION NO. 26:

12      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

13  COMMUNICATION by, from OR on behalf of ANY PERSON not listed in Demand 16 through

14  Demand 25 regarding the subject matter of ANY of the UNDERLYING ACTIONS.

15

16  DEMAND FOR PRODUCTION AND INSPECTION NO. 27:

17      ALL DOCUMENTS RELATING TO the business operations of SAFECO.

18

19  DEMAND FOR PRODUCTION AND INSPECTION NO. 28:

20      ALL DOCUMENTS RELATING TO the business operations of GREYHOUND.

21

22  DEMAND FOR PRODUCTION AND INSPECTION NO. 29:

23      ALL DOCUMENTS RELATING TO the business operations of GOLDEN STATE.

24

25  DEMAND FOR PRODUCTION AND INSPECTION NO. 30:

26      ALL DOCUMENTS RELATING TO the business operations of SITA.

27

28

9

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1   DEMAND FOR PRODUCTION AND INSPECTION NO. 31:

2       ALL DOCUMENTS RELATING TO the business relationship between SITA AND

3   GOLDEN STATE.

4

5   DEMAND FOR PRODUCTION AND INSPECTION NO. 32:

6       ALL DOCUMENTS RELATING TO the business relationship between SITA AND ANY

7   PERSON.

8

9   DEMAND FOR PRODUCTION AND INSPECTION NO. 33:

10      ALL DOCUMENTS RELATING TO the business relationship between GOLDEN STATE

11  AND ANY PERSON.

12

13  DEMAND FOR PRODUCTION AND INSPECTION NO. 34:

14      ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR

15  informal, between SITA AND GOLDEN STATE RELATING TO the sharing of OR the use of

16  buses.

17

18  DEMAND FOR PRODUCTION AND INSPECTION NO. 35:

19      ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR

20  informal,  between SITA AND GOLDEN STATE RELATING TO the sharing of OR the use of

21  drivers.

22

23  DEMAND FOR PRODUCTION AND INSPECTION NO. 36:

24      ALL DOCUMENTS RELATING TO the BUS.

25

26  DEMAND FOR PRODUCTION AND INSPECTION NO. 37:

27      ALL DOCUMENTS RELATING TO the bankruptcy of GOLDEN STATE.

28

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

1  DEMAND FOR PRODUCTION AND INSPECTION NO. 38:

2      ALL DOCUMENTS RELATING TO ANY federal OR state indictment of GOLDEN

3  STATE.

4

5  DEMAND FOR PRODUCTION AND INSPECTION NO. 39:

6      ALL DOCUMENTS RELATING TO ANY criminal prosecution of GOLDEN STATE

7  RELATING TO the ACCIDENT.

8

9  DEMAND FOR PRODUCTION AND INSPECTION NO. 40:

10     ALL DOCUMENTS RELATING TO ANY criminal prosecution of SITA RELATING TO

11 the ACCIDENT.

12

13 DEMAND FOR PRODUCTION AND INSPECTION NO. 41:

14     ALL DOCUMENTS RELATING TO ANY criminal prosecution of PULIDO RELATING

15 TO the ACCIDENT.

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT TO SUBPOENA TO GREEN, BROILLET & WHEELER LLP

*Interstate Fire & Casualty Company, v. Pacific Employers Insurance Company*
United States District Court, Central District (Riverside County)
Case No. EDCV06-0593 VAP (OPx)

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

     I am employed by the Law Offices of Morales & Gary located at 2300 Contra Costa Blvd., Suite 310, Pleasant Hill, CA 94523. I am over the age of eighteen years and not a party to the within action.

     On December 20, 2006, I served the document(s) described as: SUBPOENA IN A CIVIL CASE TO: GREEN, BROILET & WHEELER, LLP; CHOCHRAN CHERRY GIVENS & SMITH; REPUBLIC WESTERN INSURANCE COMPANY; AND SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC. on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Attorneys for Plaintiff**
**Interstate Fire & Casualty Company**
James P. Wagoner, Esq.
Paul J. Whitfield, Esq.
MCCORMICK BARSTOW SHEPPARD WAYTE & CARRUTH
P.O. Box 28912
5 River Park Place East
Fresno, CA 93729
559/433-1300
559/433-2300 Fax

■    BY U.S. MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Pleasant Hill, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on December 20, 2006, at Pleasant Hill, California.

_____
Maureen Davis

LexisNexis· *File & Serve*

**Welcome:** Davis, Maureen
Morales & Gary

Resource Center | Preferences | Sign Off
Total Litigato:

Home   Filing & Service   Alerts   Search   Service of Process

Create an Order | Incomplete Orders | Submitted Orders |

*TIP:* Use LexisNexis File & Serve to E-Serve in more of your cases. Contact a representative online or at 1-800-869-1910.

Receipt 13254567                                                              Print Receipt

**Receipt**    submitted on 12/20/2006 5:26:01 PM (ET)

| Date/Time (ET) | Status |
|---|---|
| 12/20/2006 5:26:05 PM | Service request has been submitted. |

**Fee Information**

| Fee Information | Total Recipients | Subtotal | Tax | Total |
|---|---|---|---|---|
| SOP Fast Service Fee (2-4 business days) | 2 | $290.00 | $0.00 | $290.00 |
| | **Totals** | **$290.00** | **$0.00** | **$290.00** |

**Document List**

| Document Title | File Name | Conversion Status | View |
|---|---|---|---|
| U.S. District Court Central District of California Subpoena in a Civil Case | 7863418_Subpoena-Greene.pdf | Converted | PDF version Original version |
| U.S. District Court Central District of California Subpoena in a Civil Case | 7863503_Subpoena-Cochran.pdf | Converted | PDF version Original version |

**Recipients**

| Service Recipient     *served .* | Address(es) | Description | Service Status |
|---|---|---|---|
| Greene, Broilet & Wheeler LLP - Attn: Custodian of Records | Address Type: Business 100 Wilshire Blvd., 21st Floor Santa Monica, CA 90401-1162 | | Pending |
| Cochran Cherry Givens & Smith - Attn: Custodian of Records | Address Type: Business 4929 Wilshire Blvd., Suite 1010 Los Angeles, CA 90010 | | Pending |

**Service Options**

| Service Options | Selected Option |
|---|---|
| Deadline for Service | 12/27/2006 |
| Hearing Date | |
| Billing Reference | AC4699 |

File Affidavit of Service with Court?   No

Special Instructions

**Contact Information**

| | |
|---|---|
| **Contact Information** | |
| Name | Maureen Davis |
| Contact Email Address | mdavis@moralesgary.com |
| Organization | Morales & Gary |
| Organization Address | 2300 Contra Costa Blvd Ste 310<br>Pleasant Hill, CA 94523-3961 |
| | Phone: (925) 288-1776<br>Fax: (925) 288-1856<br>Email: dmorales@moralesgary.com |

## Assistance with Service of Process Orders
For all questions related to your Service of Process orders,
please call us at 1-800-644-4025 or email us at sopsupport@lexisnexis.com.
We are available to assist you Monday through Friday, 9:00am-8:30pm ET, excluding Holidays .

**Receipt 13254567**

## Receipt   submitted on 12/20/2006 5:26:01 PM (ET)

| Date/Time (ET) | Status |
|---|---|
| 12/28/2006 2:47:00 PM | Received Signed Service Affidavit for order (Greene, Broilet & Wheeler LLP - Attn: Custodian of Records) |
| 12/26/2006 6:30:00 PM | Successfully performed service (Greene, Broilet & Wheeler LLP - Attn: Custodian of Records) |
| 12/21/2006 6:36:00 PM | Successfully performed service (Cochran Cherry Givens & Smith - Attn: Custodian of Records) |
| 12/21/2006 9:06:00 PM | Received Signed Service Affidavit for order (Cochran Cherry Givens & Smith - Attn: Custodian of Records) |
| 12/20/2006 5:26:14 PM | Order request received (Order ID 8203362,8203363) |
| 12/20/2006 5:26:05 PM | Service request has been submitted. |

## Fee Information

| Fee Information | Total Recipients | Subtotal | Tax | Total |
|---|---|---|---|---|
| SOP Fast Service Fee (2-4 business days) | 2 | $290.00 | $0.00 | $290.00 |
| (Credit)SOP Fast Service Fee (2-4 business days) | -2 | $-140.00 | $0.00 | $-140.00 |
| | Totals | $150.00 | $0.00 | $150.00 |

## Document List

| Document Title | File Name | Conversion Status | View |
|---|---|---|---|
| U.S. District Court Central District of California Subpoena in a Civil Case | 7863418_Subpoena-Greene.pdf | Converted | PDF format Original format |
| U.S. District Court Central District of California Subpoena in a Civil Case | 7863503_Subpoena-Cochran.pdf | Converted | PDF format Original format |
| Signed Service Affidavit for order (Cochran Cherry Givens & Smith - Attn: Custodian of Records) | 7873068_ServiceRequestConf.pdf | Converted | PDF format Original format |
| Signed Service Affidavit for order (Greene, Broilet & Wheeler LLP - Attn: Custodian of Records) | 7909573_ServiceRequestConf.pdf | Converted | PDF format Original format |

## Recipients

| Service Recipient | Address(es) | Description | Service Status |
|---|---|---|---|
| Greene, Broilet & Wheeler LLP - Attn: Custodian of Records | Address Type: Business 100 Wilshire Blvd., 21st Floor Santa Monica, CA 90401-1162 | | Served |

| | | |
|---|---|---|
| Cochran Cherry Givens & Smith - Attn: Custodian of Records | Address Type: Business<br>4929 Wilshire Blvd.,<br>Suite 1010<br>Los Angeles, CA 90010 | Served |

## Service Options

| Service Options | Selected Option |
|---|---|
| Deadline for Service | 12/27/2006 |
| Hearing Date | |
| Billing Reference | AC4699 |
| File Affidavit of Service with Court? | No |
| Special Instructions | |

## Contact Information

| Contact Information | |
|---|---|
| Name | Maureen Davis |
| Contact Email Address | mdavis@moralesgary.com |
| Organization | Morales & Gary |
| Organization Address | 2300 Contra Costa Blvd Ste 310<br>Pleasant Hill, CA 94523-3961<br><br>Phone: (925) 288-1776<br>Fax: (925) 288-1856<br>Email: dmorales@moralesgary.com |

F

Case 5:06-cv-00593-VAP-OP   Document 259-2   Filed 07/31/09   Page 42 of 76   Page ID
#:1399
Affidavit of Service (personal and business)                                    Page 1 of 1

IN THE
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY,<br>AN ILLINOIS CORPORATION | Hearing Date: |
| | CAUSE NO:<br>**EDCV06-0593<br>VAP (OPX)** |
| Plaintiff/Petitioner | |
| vs.<br>**PACIFIC EMPLOYERS INSURANCE COMPANY,<br>A PENNSYLVANIA CORPORATION** | AFFIDAVIT OF SERVICE OF:<br>**SUBPOENA IN A CIVIL CASE WITH ATTACHMENT** |
| Defendant/Respondent | |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **5th day of January, 2007, at 12:15 PM**, at the address of **350 N ST PAUL 3RD FLOOR, DALLAS, TX 75201**; this affiant served the above described documents upon **SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC., ATTN: CUSTODIAN OF RECORDS**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **MARIA CERDA, SECRETARY, A Hispanic female approx. 25-30 years of age 5'4"-5'6" in height weighing 100-120 lbs with black hair**.

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this **5th day of January, 2007**.

_____
BREIHAN A BRIDGEWATER, Reg. # SC237, DALLAS, TX

SUBSCRIBED AND SWORN to before me this 5th day of January, 2007

_____
NOTARY PUBLIC in and for the State of **Texas**
Residing at: _____ *Allen, TX*
My Commission Expires: ____ *8-20-2009*

DWIGHT MULLEN
Notary Public, State of Texas
My Commission Exp. 08-20-2009

| | | |
|---|---|---|
| ABC's Client Name<br>**LexisNexis File & Serve SOP<br>13254821** | ORIGINAL PROOF OF<br>SERVICE | ABC Tracking #: **8203364** |

Affidavit of Service (perso    and business)

Page 1 of 1

IN THE
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS

INTERSTATE FIRE & CASUALTY COMPANY,
AN ILLINOIS CORPORATION

Hearing Date:

Plaintiff/Petitioner

CAUSE NO:
EDCV06-0593
YAP (OPX)

vs.

PACIFIC EMPLOYERS INSURANCE COMPANY,
A PENNSYLVANIA CORPORATION

AFFIDAVIT OF SERVICE OF:
SUBPOENA IN A CIVIL CASE WITH ATTACHMENT

Defendant/Respondent

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the 5th day of January, 2007, at 12:15 PM, at the address of 350 N ST PAUL 3RD FLOOR, DALLAS, TX 75201; this affiant served the above described documents upon SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC., ATTN: CUSTODIAN OF RECORDS, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with MARIA CERDA, SECRETARY, A Hispanic female approx. 25-30 years of age 5'4"-5'6" in height weighing 100-120 lbs with black hair.

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this 5th day of January, 2007.

BREIHAN A BRIDGEWATER Reg. # SC237, DALLAS, TX

SUBSCRIBED AND SWORN to before me this 5th day of January, 2007

NOTARY PUBLIC in and for the State of Texas
Residing at: _____ Allen, TX
My Commission Expires: _____ 8-20-2009

DWIGHT MULLEN
Notary Public, State of Texas
My Commission Exp. 08-20-2009

ABC's Client Name
LexisNexis File & Serve SOP
13254821

ORIGINAL PROOF OF
SERVICE

ABC Tracking #: 8203364

AO 88 (Rev.11/94)  Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois Corporation,
                    Plaintiff,

        v.

PACIFIC EMPLOYERS INSURANCE COMPANY, a
Pennsylvania Corporation
                    Defendant,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **EDCV06-0593 VAP(OPx)**
        Central district of California

TO: Custodian of Records
    Sistema Internacional de Transporte
    de Autobuses, Inc.
    350 N. St. Paul Street, 10th Floor
    Dallas, TX 75201

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A to Subpoena to Sistema Internacional Del Transporte De Autobuses, Inc.

| PLACE | DATE AND TIME |
|---|---|
| Sistema Internacional de Transporte de Autobuses, Inc. 350 N. St. Paul Street, 10th Floor Dallas, TX 75201 | 10:00 AM 1/19/2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for defendant | 1-4-07 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Marilyn A. Rogers                    MORALES & GARY
2300 Contra Costa Blvd., Suite 310 Pleasant Hill, CA 94523        (925) 288-1776

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A TO SUBPOENA TO
SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC.**

**DEFINITIONS**

1.      "AND", "OR" connote the conjunctive, disjunctive, or both.

2.      "EACH," "ANY," OR "ALL" means each, every, any, AND all.

3.      "PERSON(S)" includes ALL people AND entities whatsoever, whether real OR juridical, incorporated OR unincorporated.

4.      "RELATING TO" means constituting, concerning, discussing, depicting, referring to OR pertaining to.

5.      "YOU"AND "YOUR" mean AND refer to Sistema Internacional de Transporte de Autobuses, Inc., AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Sistema Internacional de Transporte de Autobuses, Inc., AND ALL PERSONS acting on behalf of ANY of the foregoing.

6.      "PACIFIC EMPLOYERS" means AND refers to Pacific Employers Insurance Company AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Pacific Employers Insurance Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

7.      "INTERSTATE" means AND refers to Interstate Fire & Casualty Company AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Interstate Fire & Casualty Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

8.      "REPUBLIC" means AND refers to Republic Western Insurance Company AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Republic Western Insurance Company, AND ALL PERSONS acting on behalf of

1

1  ANY of the foregoing.

2       9.     "GREYHOUND" means AND refers to Greyhound Lines, Inc., AND includes

3  without limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR

4  regional offices, managing agents, directors, officers, employees, agents, ANY representatives of

5  Greyhound Lines, Inc., AND ALL PERSONS acting on behalf of ANY of the foregoing.

6       10.     "SAFECO" means AND refers to Safeco Credit Company, AND includes without

7  limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR regional

8  offices, managing agents, directors, officers, employees, agents, ANY representatives of Safeco

9  Credit Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

10       11.     "GOLDEN STATE" means AND refers to Gonzales, Inc. AND Gonzales, Inc. d/b/a

11  Golden State Transportation Co., AND includes without limitation ALL predecessors, successors,

12  parents, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors,

13  officers, employees, agents, ANY representatives of Gonzales, Inc. AND Gonzales, Inc. d/b/a

14  Golden State Transportation Co., AND ALL PERSONS acting on behalf of ANY of the foregoing.

15       12.     "VARNER & BRANDT" means AND refers to Varner & Brandt LLP,  its partners,

16  including but not limited to Brendan W. Brandt, its employees, agent(s) AND representative(s),

17  AND ALL PERSONS acting on behalf of ANY of the foregoing.

18       13.     "UNDERLYING ACTIONS" includes without limitation ALL of the following ten

19  actions:

20       (1).    *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State*

21  *Transportation, et al.*, Riverside County Superior Court, Case No. 391704;

22       (2).    *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et*

23  *al.*, Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside

24  County Superior Court, Case No. RIC 406050);

25       (3).    *Maria Delgado, et al. v. Miguel Pulido, et al.*, Riverside County

26  Superior Court, Case No. INC 037713;

27       (4).    *Arminda Gonzalez, et al. v. Golden State Transportation Services,*

28

2

ATTACHMENT A TO SUBPOENA TO SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC.

1    Riverside County Superior Court, Case No. INC 037910;

2    (5).    *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.*, Los Angeles County

3    Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court,

4    Case No. RIC406066);

5    (6).    *Jose Trinidad Romo, et al., v. SITA, Inc., et al.*, Riverside County

6    Superior Court, Case No. INC 037382;

7    (7).    *Martha Vazquez, et al. v. Miguel Pulido, et al.*, Riverside County

8    Superior Court, Case No. INC 037708;

9    (8).    *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*,

10   Riverside County Superior Court, Case No. INC 037760;

11   (9).    *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, United

12   States District Court, Central District, Case No. CV 03-6041; AND

13   (10).    *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, Riverside

14   County Superior Court, Case No. INC 038854.

15   14.    "ACCIDENT" means AND refers to the accident occurred on August 24, 2002,

16   which is the subject of the UNDERLYING ACTIONS.

17   15.    "BUS" means AND refers to the 1998 MCI Passenger Bus that was involved in the

18   ACCIDENT.

19   16.    "PULIDO" means AND refers to Miguel Pulido, one of the defendants in the

20   UNDERLYING ACTIONS.

21   17.    "MASTER LEASE AGREEMENT" means AND refers to the lease agreement

22   SAFECO AND GREYHOUND entered into on July 29, 1998 RELATING TO SAFECO's lease of

23   "intercity motor coaches" to GREYHOUND.

24   18.    "MASTER SUBLEASE AGREEMENT" means AND refers to the lease agreement

25   GREYHOUND AND GOLDEN STATE entered into on July 31, 1998 RELATING TO

26   GREYHOUND's sublease of "intercity motor coaches" to GOLDEN STATE

27   19.    "REPUBLIC POLICIES" means AND refers to the policies issued by REPUBLIC,

28

3

Policy Number PBA0000343-01 in effect August 31, 2001 to August 31, 2002 AND Policy
Number  GLP0004163 in effective May 29, 2001 to August 3, 2001.

20.   "INTERSTATE POLICIES" means AND refers to the policy issued by
INTERSTATE, Policy Number FFX6200401 in effect August 31, 2001 to August 31, 2002 AND
Policy Number FFX6200400.

21.   "PACIFIC EMPLOYERS POLICY" means AND refers to the policy issued by
PACIFIC EMPLOYERS, Policy Number XSA HO8002964 in effect September 1, 2001 to
September 1, 2002.

22.   "CLAIM(S)" means ANY demand for something due OR believed to be due,
including but not limited to demands for payment of moneys OR for taking ANY action whatsoever.

23.   "COMMUNICATION(S)" means ANY oral, written OR electronic transmission of
information, opinion, belief, idea OR statement, including without limitation, letters OR other
written correspondence, conversations, meetings, discussions, telephone calls, memoranda, notes,
messages (including "e-mail," OR internal OR external text-messaging), telecopies, telexes AND
facsimile transmissions.

24.   "DOCUMENT(S)" includes without limitation correspondence, teletype messages,
telegrams, contracts, agreements, memoranda, understandings, e-mails, notes, rough drawings,
bulletins, circulars, diagrams, interoffice COMMUNICATIONS, books of account, tax statements,
ledgers, journals, checks, check registers, passbooks, invoices, bills orders, quotations, stock
certificates, financial statements, statements of account, statements of liability, balance sheets,
graphs AND plans AND ANY other writing memorializing, reflecting, referring to, RELATING
TO, OR evidencing the subject of EACH DOCUMENT OR group of DOCUMENTS request.  The
term DOCUMENTS means the original, including ALL duplicates, copies OR drafts, ANY non-
identical copy OR copies that differ from the original for ANY reason, including but not limited to,
the making of notes thereon, of ANY writing AND paper, book OR record of whatever kind OR
description, electronic, OR photographic OR other means, AND shall include ANY recorded, taped,
filmed OR graphic matter OR phonic (e.g. ANY tape recording) OR visual reproduction OR record

1  of ANY oral statement, conversation OR event.

2      25.      "AUTHORITY" means AND refers to ANY governmental agency, corporation

3  AND institution in the United States including but not limited to ALL governmental departments,

4  ALL federal agencies, ALL state agencies, ALL county agencies, ALL city agencies, AND ALL

5  PERSONS acting on behalf of ANY of the foregoing.

6

7                              **INSTRUCTIONS**

8      1.      The DOCUMENTS OR objects subpoenaed are those DOCUMENTS OR objects in
the possession OR in the control of YOU, agents, representatives, OR anyone acting for OR on

9  YOUR behalf, regardless of whether such DOCUMENTS OR things are possessed directly by YOU
OR YOUR partners, directors, officers, agents, employees, representative, investigators, OR by

10  YOUR agents, employees, representative OR investigators.

11      2.      If ANY DOCUMENT OR object is not produced on the ground that it is privileged

12  OR otherwise claimed to be protected against production by ANY rule of law, YOU shall provide
the following information with respect to EACH such DOCUMENT OR object:

13      (1).    Its date;

14      (2).    IDENTIFY EACH AND every author AND other PERSON who prepared OR
                participated in the preparation of it:

15
        (3).    IDENTIFY EACH AND every PERSON who ever received it from ANY source
16                AND for EACH, the date it was received;

17      (4).    IDENTIFY EACH AND every PERSON from who it was received;

18      (5).    IDENTIFY ALL other PERSONS to whom its content were disclosed, the dates such
                disclosure took place AND the means of such disclosure;

19
        (6).    The nature of the privilege OR rule of law relied upon AND the facts supporting
20                YOUR position with respect thereto.

21      3.      If ANY subpoenaed DOCUMENT OR object cannot be produced in full, produce it
to the greatest extent possible, indicating which part of the DOCUMENT OR object has been

22  withheld, AND the reason for it being withheld.

23      4.      If a DOCUMENT OR object once existed, but it has been lost OR destroyed, OR
otherwise is no longer in YOUR possession, IDENTIFY EACH DOCUMENT OR object AND

24  state the following concerning its loss OR destruction:

25      (1).    When it was lost OR destroyed

26      (2).    Where it was lost OR destroyed;

27      (3).    IDENTIFY its last known custodian.

28

**DEMANDS FOR PRODUCTION AND INSPECTION**

DEMAND FOR PRODUCTION AND INSPECTION NO. 1:

A complete copy of YOUR files RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 2:

ALL DOCUMENTS RELATING TO the application, underwriting, OR issuing of the REPUBLIC POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 3:

ALL DOCUMENTS RELATING TO the application, underwriting, OR issuing of the INTERSTATE POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 4:

A complete copy of the REPUBLIC POLICIES including but not limited to ANY endorsements, riders, OR ANY schedule of vehicles insured under the REPUBLIC POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 5:

A complete copy of the INTERSTATE POLICIES including but not limited to ANY endorsements, riders, OR ANY schedule of vehicles insured under the INTERSTATE POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 6:

A complete copy of the PACIFIC EMPLOYERS POLICY including but not limited to ANY endorsements, riders, OR ANY schedule of vehicles insured under the PACIFIC EMPLOYERS POLICY.

DEMAND FOR PRODUCTION AND INSPECTION NO. 7:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of REPUBLIC regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 8:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

COMMUNICATION by, from OR on behalf of INTERSTATE regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 9:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of PACIFIC EMPLOYERS regarding ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 10:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of SAFECO regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 11:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of GREYHOUND regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 12:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of GOLDEN STATE regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 13:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of YOU regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 14:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of PULIDO regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 15:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

ATTACHMENT A TO SUBPOENA TO SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC.

1  COMMUNICATION by, from OR on behalf of plaintiffs in the UNDERLYING ACTIONS regarding
2  the ACCIDENT OR the UNDERLYING ACTIONS.

3  DEMAND FOR PRODUCTION AND INSPECTION NO. 16:
4      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
5  COMMUNICATION by, from OR on behalf of VARNER & BRANDT regarding the ACCIDENT
   OR the UNDERLYING ACTIONS.
6

7  DEMAND FOR PRODUCTION AND INSPECTION NO. 17:
8      ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
   COMMUNICATION by, from OR on behalf of ANY PERSON, not identified in Demand 7 through
9  Demand 16 regarding the ACCIDENT OR the UNDERLYING ACTIONS.
10

11 DEMAND FOR PRODUCTION AND INSPECTION NO. 18:
12     ALL DOCUMENTS RELATING TO the tender of ANY of the UNDERLYING ACTIONS
   by, from, OR on behalf of ANY PERSONS to REPUBLIC.
13

14 DEMAND FOR PRODUCTION AND INSPECTION NO. 19:
15     ALL DOCUMENTS RELATING TO the tender of ANY of the UNDERLYING ACTIONS
   by, from, OR on behalf of ANY PERSONS to INTERSTATE.
16

17 DEMAND FOR PRODUCTION AND INSPECTION NO. 20:
18     ALL DOCUMENTS RELATING TO the tender of ANY of the UNDERLYING ACTIONS
   by, from, OR on behalf of ANY PERSONS to PACIFIC EMPLOYERS.
19

20 DEMAND FOR PRODUCTION AND INSPECTION NO. 21:
21     ALL DOCUMENTS RELATING TO coverage for the ACCIDENT OR ANY injury, loss
22 OR CLAIM arising out of the ACCIDENT under ANY policy.

23 DEMAND FOR PRODUCTION AND INSPECTION NO. 22:
24     ALL DOCUMENTS RELATING TO ANY denial OR reservation of rights letter(s) issued
25 by REPUBLIC RELATING TO the UNDERLYING ACTIONS.

26
27 /////
28

DEMAND FOR PRODUCTION AND INSPECTION NO. 23:

ALL DOCUMENTS RELATING TO ANY denial OR reservation of rights letter(s) issued by INTERSTATE RELATING TO the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 24:

ALL pleadings in the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 25:

ALL discovery requests AND responses in the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 26:

ALL DOCUMENTS produced in the discovery of ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 27:

ALL DOCUMENTS produced by ANY party to the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 28:

ALL deposition transcripts for depositions taken in ANY of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 29:

ANY witness statements taken from ANY PERSONS RELATING TO the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 30:

A copy of ALL settlement agreements AND releases for EACH of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 31:

ALL DOCUMENTS RELATING TO the disposition, settlement OR final resolution of EACH of the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 32:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR

informal, between SAFECO AND GREYHOUND RELATING TO the leasing of vehicles including but not limited to the MASTER LEASE AGREEMENT in effect during the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 33:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between GREYHOUND AND GOLDEN STATE RELATING TO the leasing of vehicles including but not limited to the MASTER SUBLEASE AGREEMENT in effect during the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 34:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between SAFECO AND GOLDEN STATE RELATING TO the leasing of vehicles in effect during the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 35:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between GREYHOUND AND YOU RELATING TO the leasing of vehicles including but not limited to the MASTER SUBLEASE AGREEMENT in effect during the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 36:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between SAFECO AND YOU RELATING TO the leasing of vehicles including but not limited to the MASTER SUBLEASE AGREEMENT in effect during the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 37:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between YOU AND GOLDEN STATE RELATING TO the leasing of vehicles in effect during the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 38:

ALL DOCUMENTS RELATING TO the termination of the MASTER LEASE AGREEMENT OR MASTER SUBLEASE AGREEMENT.

DEMAND FOR PRODUCTION AND INSPECTION NO. 39:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between YOU AND GOLDEN STATE RELATING TO the sharing of OR the use of buses for the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 40:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between YOU AND GOLDEN STATE RELATING TO the sharing of OR the use of drivers for the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 41:

Complete copies of ALL Securities and Exchange Commission filings AND annual reports by, from OR on behalf of YOU during the time period of December 31, 2001 to January 1, 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 42:

Complete copies of ALL Securities and Exchange Commission filings AND annual reports by, from OR on behalf of GOLDEN STATE during the time period of December 31, 2001 to January 1, 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 43:

Complete copies of ALL Securities and Exchange Commission filings AND annual reports by, from OR on behalf of GREYHOUND during the time period of December 31, 2001 to January 1, 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 44:

ALL DOCUMENTS RELATING TO the operations OR involvement of GOLDEN STATE RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 45:

ALL DOCUMENTS RELATING TO YOUR operations OR involvement RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 46:

ALL DOCUMENTS RELATING TO YOUR use of the BUS for the time period of July of 2002 through October of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 47:

ALL DOCUMENTS RELATING TO GOLDEN STATE's use of the BUS for the time period of July of 2002 through October of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 48:

ALL DOCUMENTS RELATING TO  the BUS for the time period of July of 2002 through October of 2002 including but not limited to the records of operation, federal registration, state registration, AND title.

DEMAND FOR PRODUCTION AND INSPECTION NO. 49:

ALL DOCUMENTS filed with ANY AUTHORITY RELATING TO GOLDEN STATE's operation of the BUS during the year of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 50:

ALL DOCUMENTS filed with ANY AUTHORITY RELATING TO YOUR operation of the BUS during the year of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 51:

ANY filing of insurance by OR on behalf of YOU with ANY AUTHORITY during the year of 2002 including but not limited to the Department of Transportation AND the State of California.

DEMAND FOR PRODUCTION AND INSPECTION NO. 52:

ALL DOCUMENTS RELATING TO the bankruptcy of GOLDEN STATE.

DEMAND FOR PRODUCTION AND INSPECTION NO. 53:

ALL DOCUMENTS RELATING TO ANY federal OR state indictment of GOLDEN STATE for the time period of 1998 through 2004.

DEMAND FOR PRODUCTION AND INSPECTION NO. 54:

ALL DOCUMENTS RELATING TO ANY criminal prosecution against GOLDEN STATE RELATING TO the ACCIDENT.

DEMAND FOR PRODUCTION AND INSPECTION NO. 55:

ALL DOCUMENTS RELATING TO ANY criminal prosecution against YOU RELATING

1   TO the ACCIDENT.

2
    DEMAND FOR PRODUCTION AND INSPECTION NO. 56:
3
        ALL DOCUMENTS RELATING TO ANY criminal prosecution against PULIDO
4   RELATING TO the ACCIDENT.

5
    DEMAND FOR PRODUCTION AND INSPECTION NO. 57:
6
        ALL DOCUMENTS RELATING TO the employment of PULIDO including but not limited
7   to his employment application, personnel file, driving record, driving history, citations, AND
8   violations.

9
    DEMAND FOR PRODUCTION AND INSPECTION NO. 55:
10
        A complete copy of PULIDO's log book for the time period of January 1, 2002 through
11  September 1, 2002.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  *Interstate Fire & Casualty Company, v. Pacific Employers Insurance Company*

2  United States District Court, Central District (Riverside County)

   Case No. EDCV06-0593 VAP (OPx)

3

                          **PROOF OF SERVICE**

4

5  STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

6         I am employed by the Law Offices of Morales & Gary located at 2300 Contra Costa Blvd.,
   Suite 310, Pleasant Hill, CA 94523.  I am over the age of eighteen years and not a party to the
7  within action.

8         On January 5, 2007, I served the document(s) described as: **SUBPOENA IN A CIVIL CASE** on
   the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope
9  addressed as follows:

10 **Attorneys for Plaintiff**
   **Interstate Fire & Casualty Company**
11 James P. Wagoner, Esq.
   Paul J. Whitfield, Esq.
12 McCORMICK BARSTOW SHEPPARD WAYTE & CARRUTH
   P.O. Box 28912
13 5 River Park Place East
   Fresno, CA 93729
14 559/433-1300
   559/433-2300 Fax
15
   ■      **BY U.S. MAIL:**  I am "readily familiar" with the firm's practice of collection and
16        processing correspondence for mailing.  Under that practice it would be deposited with U.S.
          Postal Service on the same day with postage thereon fully prepaid at Pleasant Hill,
17        California in the ordinary course of business.  I am aware that on motion of the party served,
          service is presumed invalid if postal cancellation date or postage meter date is more than one
18        day after date of deposit for mailing in affidavit.

19        I declare under penalty of perjury under the laws of the State of California that the
   above is true and correct.

20                                                  at Pleasant Hill, California.

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Postmark
Here

1/4/07

Sent To
SITA
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7004 2510 0000 8028 7927

*Maureen Davis*
Maureen Davis

AO 88 (Rev.11/94)  Subpoena in a Civil Case

<div align="center">

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

</div>

INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois Corporation,
            Plaintiff,
   v.

PACIFIC EMPLOYERS INSURANCE COMPANY, a
Pennsylvania Corporation
          Defendant,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **EDCV06-0593 VAP(OPx)**

Central District of California

TO: Attn: Custodian of Records
Sistema Internacional de Transporte
de Autobuses, Inc.
600 Six Flags Drive, Suite 300
Arlington, TX 76011

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Attachment A to Subpoena to Sistema Internacional Del Transporte De Autobuses, Inc.

| PLACE | DATE AND TIME |
|---|---|
| Sistema Internacional de Transporte de Autobuses, Inc. 600 Six Flags Drive, Suite 300    Arlington, TX 76011 | 10:00 AM 1/19/2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Marilyn A. Rogers_  Attorney for defendant | 12-20-06 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER

Marilyn A. Rogers           MORALES & GARY
2300 Contra Costa Blvd., Suite 310 Pleasant Hill, CA 94523
                               (925) 288-1776

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO SUBPOENA TO
## SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC.

### DEFINITIONS

1.    "AND", "OR" connote the conjunctive, disjunctive, or both.

2.    "EACH," "ANY," OR "ALL" means each, every, any, AND all.

3.    "PERSON(S)" includes ALL people AND entities whatsoever, whether real OR juridical, incorporated OR unincorporated.

4.    "RELATING TO" means constituting, concerning, discussing, depicting, referring to OR pertaining to.

5.    "YOU"AND "YOUR" mean AND refer to Sistema Internacional de Transporte de Autobuses, Inc., AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Sistema Internacional de Transporte de Autobuses, Inc., AND ALL PERSONS acting on behalf of ANY of the foregoing.

6.    "PACIFIC EMPLOYERS" means AND refers to Pacific Employers Insurance Company AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Pacific Employers Insurance Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

7.    "INTERSTATE" means AND refers to Interstate Fire & Casualty Company AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Interstate Fire & Casualty Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

8.    "REPUBLIC" means AND refers to Republic Western Insurance Company AND includes without limitation ALL predecessors, successors, parent companies, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Republic Western Insurance Company, AND ALL PERSONS acting on behalf of

ANY of the foregoing.

9.     "GREYHOUND" means AND refers to Greyhound Lines, Inc., AND includes without limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Greyhound Lines, Inc., AND ALL PERSONS acting on behalf of ANY of the foregoing.

10.     "SAFECO" means AND refers to Safeco Credit Company, AND includes without limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Safeco Credit Company, AND ALL PERSONS acting on behalf of ANY of the foregoing.

11.     "GOLDEN STATE" means AND refers to Gonzales, Inc. AND Gonzales, Inc. d/b/a Golden State Transportation Co., AND includes without limitation ALL predecessors, successors, parents, subsidiaries, affiliates, divisions, area OR regional offices, managing agents, directors, officers, employees, agents, ANY representatives of Gonzales, Inc. AND Gonzales, Inc. d/b/a Golden State Transportation Co., AND ALL PERSONS acting on behalf of ANY of the foregoing.

12.     "VARNER & BRANDT" means AND refers to Varner & Brandt LLP, its partners, including but not limited to Brendan W. Brandt, its employees, agent(s) AND representative(s), AND ALL PERSONS acting on behalf of ANY of the foregoing.

13.     "UNDERLYING ACTIONS" includes without limitation ALL of the following ten actions:

(1).     *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State Transportation, et al.*, Riverside County Superior Court, Case No. 391704;

(2).     *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et al.*, Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside County Superior Court, Case No. RIC 406050);

(3).     *Maria Delgado, et al. v. Miguel Pulido, et al.*, Riverside County Superior Court, Case No. INC 037713;

(4).     *Arminda Gonzalez, et al. v. Golden State Transportation Services,*

1   Riverside County Superior Court, Case No. INC 037910;

2          (5).    *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.*, Los Angeles County

3   Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court,

4   Case No. RIC406066);

5          (6).    *Jose Trinidad Romo, et al., v. SITA, Inc., et al.*, Riverside County

6   Superior Court, Case No. INC 037382;

7          (7).    *Martha Vazquez, et al. v. Miguel Pulido, et al.*, Riverside County

8   Superior Court, Case No. INC 037708;

9          (8).    *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*,

10   Riverside County Superior Court, Case No. INC 037760;

11          (9).    *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, United

12   States District Court, Central District, Case No. CV 03-6041; AND

13          (10).    *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, Riverside

14   County Superior Court, Case No. INC 038854.

15          14.    "ACCIDENT" means AND refers to the accident occurred on August 24, 2002,

16   which is the subject of the UNDERLYING ACTIONS.

17          15.    "BUS" means AND refers to the 1998 MCI Passenger Bus that was involved in the

18   ACCIDENT.

19          16.    "PULIDO" means AND refers to Miguel Pulido, one of the defendants in the

20   UNDERLYING ACTIONS.

21          17.    "MASTER LEASE AGREEMENT" means AND refers to the lease agreement

22   SAFECO AND GREYHOUND entered into on July 29, 1998 RELATING TO SAFECO's lease of

23   "intercity motor coaches" to GREYHOUND.

24          18.    "MASTER SUBLEASE AGREEMENT" means AND refers to the lease agreement

25   GREYHOUND AND GOLDEN STATE entered into on July 31, 1998 RELATING TO

26   GREYHOUND's sublease of "intercity motor coaches" to GOLDEN STATE

27          19.    "REPUBLIC POLICIES" means AND refers to the policies issued by REPUBLIC,

28

1  Policy Number PBA0000343-01 in effect August 31, 2001 to August 31, 2002 AND Policy

2  Number  GLP0004163 in effective May 29, 2001 to August 3, 2001.

3      20.   "INTERSTATE POLICIES" means AND refers to the policy issued by

4  INTERSTATE, Policy Number FFX6200401 in effect August 31, 2001 to August 31, 2002 AND

5  Policy Number FFX6200400.

6      21.   "PACIFIC EMPLOYERS POLICY" means AND refers to the policy issued by

7  PACIFIC EMPLOYERS, Policy Number XSA HO8002964 in effect September 1, 2001 to

8  September 1, 2002.

9      22.   "CLAIM(S)" means ANY demand for something due OR believed to be due,

10  including but not limited to demands for payment of moneys OR for taking ANY action whatsoever.

11      23.   "COMMUNICATION(S)" means ANY oral, written OR electronic transmission of

12  information, opinion, belief, idea OR statement, including without limitation, letters OR other

13  written correspondence, conversations, meetings, discussions, telephone calls, memoranda, notes,

14  messages (including "e-mail," OR internal OR external text-messaging), telecopies, telexes AND

15  facsimile transmissions.

16      24.   "DOCUMENT(S)" includes without limitation correspondence, teletype messages,

17  telegrams, contracts, agreements, memoranda, understandings, e-mails, notes, rough drawings,

18  bulletins, circulars, diagrams, interoffice COMMUNICATIONS, books of account, tax statements,

19  ledgers, journals, checks, check registers, passbooks, invoices, bills orders, quotations, stock

20  certificates, financial statements, statements of account, statements of liability, balance sheets,

21  graphs AND plans AND ANY other writing memorializing, reflecting, referring to, RELATING

22  TO, OR evidencing the subject of EACH DOCUMENT OR group of DOCUMENTS request.  The

23  term DOCUMENTS means the original, including ALL duplicates, copies OR drafts, ANY non-

24  identical copy OR copies that differ from the original for ANY reason, including but not limited to,

25  the making of notes thereon, of ANY writing AND paper, book OR record of whatever kind OR

26  description, electronic, OR photographic OR other means, AND shall include ANY recorded, taped,

27  filmed OR graphic matter OR phonic (e.g. ANY tape recording) OR visual reproduction OR record

28

1   of ANY oral statement, conversation OR event.

2       25.     "AUTHORITY" means AND refers to ANY governmental agency, corporation

3   AND institution in the United States including but not limited to ALL governmental departments,

4   ALL federal agencies, ALL state agencies, ALL county agencies, ALL city agencies, AND ALL

5   PERSONS acting on behalf of ANY of the foregoing.

6

7                              **INSTRUCTIONS**

8       1.     The DOCUMENTS OR objects subpoenaed are those DOCUMENTS OR objects in
the possession OR in the control of YOU, agents, representatives, OR anyone acting for OR on
9   YOUR behalf, regardless of whether such DOCUMENTS OR things are possessed directly by YOU
OR YOUR partners, directors, officers, agents, employees, representative, investigators, OR by
10  YOUR agents, employees, representative OR investigators.

11      2.     If ANY DOCUMENT OR object is not produced on the ground that it is privileged
12  OR otherwise claimed to be protected against production by ANY rule of law, YOU shall provide
the following information with respect to EACH such DOCUMENT OR object:

13      (1).    Its date;

14      (2).    IDENTIFY EACH AND every author AND other PERSON who prepared OR
15              participated in the preparation of it:

16      (3).    IDENTIFY EACH AND every PERSON who ever received it from ANY source
                AND for EACH, the date it was received;

17      (4).    IDENTIFY EACH AND every PERSON from who it was received;

18      (5).    IDENTIFY ALL other PERSONS to whom its content were disclosed, the dates such
19              disclosure took place AND the means of such disclosure;

20      (6).    The nature of the privilege OR rule of law relied upon AND the facts supporting
                YOUR position with respect thereto.

21      3.     If ANY subpoenaed DOCUMENT OR object cannot be produced in full, produce it
to the greatest extent possible, indicating which part of the DOCUMENT OR object has been
22  withheld, AND the reason for it being withheld.

23      4.     If a DOCUMENT OR object once existed, but it has been lost OR destroyed, OR
24  otherwise is no longer in YOUR possession, IDENTIFY EACH DOCUMENT OR object AND
state the following concerning its loss OR destruction:

25      (1).    When it was lost OR destroyed

26      (2).    Where it was lost OR destroyed;

27      (3).    IDENTIFY its last known custodian.

28

## DEMANDS FOR PRODUCTION AND INSPECTION

DEMAND FOR PRODUCTION AND INSPECTION NO. 1:

A complete copy of YOUR files RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 2:

ALL DOCUMENTS RELATING TO the application, underwriting, OR issuing of the REPUBLIC POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 3:

ALL DOCUMENTS RELATING TO the application, underwriting, OR issuing of the INTERSTATE POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 4:

A complete copy of the REPUBLIC POLICIES including but not limited to ANY endorsements, riders, OR ANY schedule of vehicles insured under the REPUBLIC POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 5:

A complete copy of the INTERSTATE POLICIES including but not limited to ANY endorsements, riders, OR ANY schedule of vehicles insured under the INTERSTATE POLICIES.

DEMAND FOR PRODUCTION AND INSPECTION NO. 6:

A complete copy of the PACIFIC EMPLOYERS POLICY including but not limited to ANY endorsements, riders, OR ANY schedule of vehicles insured under the PACIFIC EMPLOYERS POLICY.

DEMAND FOR PRODUCTION AND INSPECTION NO. 7:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY COMMUNICATION by, from OR on behalf of REPUBLIC regarding the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 8:

ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

1    COMMUNICATION by, from OR on behalf of INTERSTATE regarding the ACCIDENT OR the
2    UNDERLYING ACTIONS.

3    DEMAND FOR PRODUCTION AND INSPECTION NO. 9:
4         ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
5    COMMUNICATION by, from OR on behalf of PACIFIC EMPLOYERS regarding ACCIDENT OR
     the UNDERLYING ACTIONS.
6

7    DEMAND FOR PRODUCTION AND INSPECTION NO. 10:
8         ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
     COMMUNICATION by, from OR on behalf of SAFECO regarding the ACCIDENT OR the
9    UNDERLYING ACTIONS.
10

11   DEMAND FOR PRODUCTION AND INSPECTION NO. 11:
12        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
     COMMUNICATION by, from OR on behalf of GREYHOUND regarding the ACCIDENT OR the
13   UNDERLYING ACTIONS.
14

15   DEMAND FOR PRODUCTION AND INSPECTION NO. 12:
16        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
     COMMUNICATION by, from OR on behalf of GOLDEN STATE regarding the ACCIDENT OR the
17   UNDERLYING ACTIONS.
18

19   DEMAND FOR PRODUCTION AND INSPECTION NO. 13:
20        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
     COMMUNICATION by, from OR on behalf of YOU regarding the ACCIDENT OR the
21   UNDERLYING ACTIONS.
22

23   DEMAND FOR PRODUCTION AND INSPECTION NO. 14:
24        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
     COMMUNICATION by, from OR on behalf of PULIDO regarding the ACCIDENT OR the
25   UNDERLYING ACTIONS.
26

27   DEMAND FOR PRODUCTION AND INSPECTION NO. 15:
28        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY

ATTACHMENT A TO SUBPOENA TO SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC.

1   COMMUNICATION by, from OR on behalf of plaintiffs in the UNDERLYING ACTIONS regarding
2   the ACCIDENT OR the UNDERLYING ACTIONS.

3   DEMAND FOR PRODUCTION AND INSPECTION NO. 16:

4        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
5   COMMUNICATION by, from OR on behalf of VARNER & BRANDT regarding the ACCIDENT
    OR the UNDERLYING ACTIONS.
6

7   DEMAND FOR PRODUCTION AND INSPECTION NO. 17:

8        ALL DOCUMENTS, whether in written OR computerized form, RELATING TO ANY
9   COMMUNICATION by, from OR on behalf of ANY PERSON, not identified in Demand 7 through
    Demand 16 regarding the ACCIDENT OR the UNDERLYING ACTIONS.
10

11  DEMAND FOR PRODUCTION AND INSPECTION NO. 18:

12       ALL DOCUMENTS RELATING TO the tender of ANY of the UNDERLYING ACTIONS
    by, from, OR on behalf of ANY PERSONS to REPUBLIC.
13

14  DEMAND FOR PRODUCTION AND INSPECTION NO. 19:

15       ALL DOCUMENTS RELATING TO the tender of ANY of the UNDERLYING ACTIONS
    by, from, OR on behalf of ANY PERSONS to INTERSTATE.
16

17  DEMAND FOR PRODUCTION AND INSPECTION NO. 20:

18       ALL DOCUMENTS RELATING TO the tender of ANY of the UNDERLYING ACTIONS
    by, from, OR on behalf of ANY PERSONS to PACIFIC EMPLOYERS.
19

20  DEMAND FOR PRODUCTION AND INSPECTION NO. 21:

21       ALL DOCUMENTS RELATING TO coverage for the ACCIDENT OR ANY injury, loss
22  OR CLAIM arising out of the ACCIDENT under ANY policy.

23  DEMAND FOR PRODUCTION AND INSPECTION NO. 22:

24       ALL DOCUMENTS RELATING TO ANY denial OR reservation of rights letter(s) issued
25  by REPUBLIC RELATING TO the UNDERLYING ACTIONS.

26
    /////
27

28

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 23</u>:

ALL DOCUMENTS RELATING TO ANY denial OR reservation of rights letter(s) issued by INTERSTATE RELATING TO the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 24</u>:

ALL pleadings in the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 25</u>:

ALL discovery requests AND responses in the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 26</u>:

ALL DOCUMENTS produced in the discovery of ANY of the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 27</u>:

ALL DOCUMENTS produced by ANY party to the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 28</u>:

ALL deposition transcripts for depositions taken in ANY of the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 29</u>:

ANY witness statements taken from ANY PERSONS RELATING TO the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 30</u>:

A copy of ALL settlement agreements AND releases for EACH of the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 31</u>:

ALL DOCUMENTS RELATING TO the disposition, settlement OR final resolution of EACH of the UNDERLYING ACTIONS.

<u>DEMAND FOR PRODUCTION AND INSPECTION NO. 32</u>:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR

1   informal, between SAFECO AND GREYHOUND RELATING TO the leasing of vehicles

2   including but not limited to the MASTER LEASE AGREEMENT in effect during the time period of January of 1998 through January of 2003.

3

4   DEMAND FOR PRODUCTION AND INSPECTION NO. 33:

5       ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between GREYHOUND AND GOLDEN STATE RELATING TO the leasing of vehicles

6   including but not limited to the MASTER SUBLEASE AGREEMENT in effect during the time period of January of 1998 through January of 2003.

7

8   DEMAND FOR PRODUCTION AND INSPECTION NO. 34:

9       ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR

10   informal, between SAFECO AND GOLDEN STATE RELATING TO the leasing of vehicles in effect during the time period of January of 1998 through January of 2003.

11

12   DEMAND FOR PRODUCTION AND INSPECTION NO. 35:

13       ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between GREYHOUND AND YOU RELATING TO the leasing of vehicles including but

14   not limited to the MASTER SUBLEASE AGREEMENT in effect during the time period of January

15   of 1998 through January of 2003.

16

17   DEMAND FOR PRODUCTION AND INSPECTION NO. 36:

18       ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between SAFECO AND YOU RELATING TO the leasing of vehicles including but not

19   limited to the MASTER SUBLEASE AGREEMENT in effect during the time period of January of 1998 through January of 2003.

20

21   DEMAND FOR PRODUCTION AND INSPECTION NO. 37:

22       ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between YOU AND GOLDEN STATE RELATING TO the leasing of vehicles in effect

23   during the time period of January of 1998 through January of 2003.

24

25   DEMAND FOR PRODUCTION AND INSPECTION NO. 38:

26       ALL DOCUMENTS RELATING TO the termination of the MASTER LEASE AGREEMENT·OR MASTER SUBLEASE AGREEMENT.

27

28

DEMAND FOR PRODUCTION AND INSPECTION NO. 39:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between YOU AND GOLDEN STATE RELATING TO the sharing of OR the use of buses for the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 40:

ALL DOCUMENTS RELATING TO ANY agreement, whether written, oral, formal OR informal, between YOU AND GOLDEN STATE RELATING TO the sharing of OR the use of drivers for the time period of January of 1998 through January of 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 41:

Complete copies of ALL Securities and Exchange Commission filings AND annual reports by, from OR on behalf of YOU during the time period of December 31, 2001 to January 1, 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 42:

Complete copies of ALL Securities and Exchange Commission filings AND annual reports by, from OR on behalf of GOLDEN STATE during the time period of December 31, 2001 to January 1, 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 43:

Complete copies of ALL Securities and Exchange Commission filings AND annual reports by, from OR on behalf of GREYHOUND during the time period of December 31, 2001 to January 1, 2003.

DEMAND FOR PRODUCTION AND INSPECTION NO. 44:

ALL DOCUMENTS RELATING TO the operations OR involvement of GOLDEN STATE RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 45:

ALL DOCUMENTS RELATING TO YOUR operations OR involvement RELATING TO the ACCIDENT OR the UNDERLYING ACTIONS.

DEMAND FOR PRODUCTION AND INSPECTION NO. 46:

ALL DOCUMENTS RELATING TO YOUR use of the BUS for the time period of July of 2002 through October of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 47:

ALL DOCUMENTS RELATING TO GOLDEN STATE's use of the BUS for the time period of July of 2002 through October of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 48:

ALL DOCUMENTS RELATING TO the BUS for the time period of July of 2002 through October of 2002 including but not limited to the records of operation, federal registration, state registration, AND title.

DEMAND FOR PRODUCTION AND INSPECTION NO. 49:

ALL DOCUMENTS filed with ANY AUTHORITY RELATING TO GOLDEN STATE's operation of the BUS during the year of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 50:

ALL DOCUMENTS filed with ANY AUTHORITY RELATING TO YOUR operation of the BUS during the year of 2002.

DEMAND FOR PRODUCTION AND INSPECTION NO. 51:

ANY filing of insurance by OR on behalf of YOU with ANY AUTHORITY during the year of 2002 including but not limited to the Department of Transportation AND the State of California.

DEMAND FOR PRODUCTION AND INSPECTION NO. 52:

ALL DOCUMENTS RELATING TO the bankruptcy of GOLDEN STATE.

DEMAND FOR PRODUCTION AND INSPECTION NO. 53:

ALL DOCUMENTS RELATING TO ANY federal OR state indictment of GOLDEN STATE for the time period of 1998 through 2004.

DEMAND FOR PRODUCTION AND INSPECTION NO. 54:

ALL DOCUMENTS RELATING TO ANY criminal prosecution against GOLDEN STATE RELATING TO the ACCIDENT.

DEMAND FOR PRODUCTION AND INSPECTION NO. 55:

ALL DOCUMENTS RELATING TO ANY criminal prosecution against YOU RELATING

ATTACHMENT A TO SUBPOENA TO SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC.

1   TO the ACCIDENT.

2

3   DEMAND FOR PRODUCTION AND INSPECTION NO. 56:

4         ALL DOCUMENTS RELATING TO ANY criminal prosecution against PULIDO
     RELATING TO the ACCIDENT.

5

6   DEMAND FOR PRODUCTION AND INSPECTION NO. 57:

7         ALL DOCUMENTS RELATING TO the employment of PULIDO including but not limited
     to his employment application, personnel file, driving record, driving history, citations, AND

8   violations.

9

10  DEMAND FOR PRODUCTION AND INSPECTION NO. 55:

11        A complete copy of PULIDO's log book for the time period of January 1, 2002 through
     September 1, 2002.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT A TO SUBPOENA TO SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC.

Receipt 13254821

## Receipt   submitted on 12/20/2006 5:46:01 PM (ET)

| Date/Time (ET) | Status |
|---|---|
| 1/8/2007 2:18:00 PM | Received Signed Service Affidavit for order (Sistema Internacional de Transporte de Autobuses, Inc. - Attn: Custodian of Records) |
| 1/5/2007 3:15:00 PM | Successfully performed service (Sistema Internacional de Transporte de Autobuses, Inc. - Attn: Custodian of Records) |
| 12/20/2006 5:46:09 PM | Order request received (Order ID 8203364) |
| 12/20/2006 5:46:04 PM | Service request has been submitted. |

## Fee Information

| Fee Information | Total Recipients | Subtotal | Tax | Total |
|---|---|---|---|---|
| SOP Fast Service Fee (2-4 business days) | 1 | $145.00 | $0.00 | $145.00 |
| SOP Additional Service Fee | 1 | $145.00 | $0.00 | $145.00 |
| SOP Additional Service Fee | 1 | $145.00 | $0.00 | $145.00 |
| SOP Additional Service Fee | 1 | $145.00 | $0.00 | $145.00 |
| | Totals | $580.00 | $0.00 | $580.00 |

## Document List

| Document Title | File Name | Conversion Status | View |
|---|---|---|---|
| U.S. District Court Norther District of Texas Subpoena in a Civil Case | 7863763_Subpoena-Sistema.pdf | Converted | PDF format Original format |
| Signed Service Affidavit for order (Sistema Internacional de Transporte de Autobuses, Inc. - Attn: Custodian of Records) | 7990498_ServiceRequestConf.pdf | Converted | PDF format Original format |

## Recipients

| Service Recipient | Address(es) | Description | Service Status |
|---|---|---|---|
| Sistema Internacional de Transporte de Autobuses, Inc. - Attn: Custodian of Records | Address Type: Business 600 Six Flags Drive, Suite 300 Arlington, TX 76011 | | Served |

## Service Options

| Service Options | Selected Option |
|---|---|
| Deadline for Service | 12/27/2006 |
| Hearing Date | |
| Billing Reference | AC4699 |

File Affidavit of Service with Court?   No

Special Instructions

**Contact Information**

| Contact Information | |
|---|---|
| Name | Maureen Davis |
| Contact Email Address | mdavis@moralesgary.com |
| Organization | Morales & Gary |
| Organization Address | 2300 Contra Costa Blvd Ste 310<br>Pleasant Hill, CA 94523-3961 |
| | Phone: (925) 288-1776<br>Fax: (925) 288-1856<br>Email: dmorales@moralesgary.com |