G

http://web2.westlaw.com/result/documenttext.aspx?blinkedcitelist=F

27428967596

27428967596

## CORPORATE RECORDS & BUSINESS REGISTRATIONS

| | |
|---|---|
| This Record Last Updated: | 09/01/2006 |
| Database Last Updated: | 12-20-2006 |
| Update Frequency: | DAILY |
| Current Date: | 12/20/2006 |
| Source: | AS REPORTED BY THE SECRETARY OF STATE OR OTHER OFFICIAL SOURCE |

### COMPANY INFORMATION

| | |
|---|---|
| Name: | SISTEMA INTERNACIONAL DE TRANSPORTE DE AUTOBUSES, INC. |
| Address: | 600 SIX FLAGS DR SUITE 300 |
| | ARLINGTON, TX 76011 |

### FILING INFORMATION

| | |
|---|---|
| Identification Number: | 0012260006 |
| Filing Date: | 08/21/1998 |
| State of Incorporation: | DELAWARE |
| Duration: | PERPETUAL |
| Status: | IN EXISTENCE |
| Corporation Type: | PROFIT |
| Business Type: | FOREIGN CORPORATION |
| Address Type: | MAILING |
| Where Filed: | SECRETARY OF STATE |
| | 1019 BRAZOS ST |
| | AUSTIN, TX 78701 |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Name: | CT CORPORATION SYSTEM |
| Address: | 350 N. ST. PAUL STREET |
| | DALLAS, TX |

### PRINCIPAL INFORMATION

| | |
|---|---|
| Name: | STEPHEN E GORMAN |
| Title: | PRESIDENT |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | STEPHEN E GORMAN |
| Title: | CHIEF EXECUTIVE OFFICER |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | STEPHEN E GORMAN |
| Title: | DIRECTOR |
| Address: | PO BOX 660606 |

27428967596

http://web2.westlaw...om/result/documenttext.aspx?blinkedcitelist=F

DALLAS, TX 75266

| | |
|---|---|
| Name: | ALFONSO PENEDO |
| Title: | VICE PRESIDENT |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | ALFONSO PENEDO |
| Title: | CHIEF OPERATING OFFICER |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | ALFONSO PENEDO |
| Title: | DIRECTOR |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | CHERYL W FARMER |
| Title: | VP-FINANCE |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | MARK E SOUTHERST |
| Title: | SECRETARY |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | SUSAN A WHITTAKER |
| Title: | ASSISTANT SECRETARY |
| Address: | 600 SIX FLAGS DR SUITE 300 |
| | ARLINGTON, TX 76011 |

| | |
|---|---|
| Name: | MARK K DUCKWORTH |
| Title: | TREASURER |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

| | |
|---|---|
| Name: | JACK W HAUGSLAND |
| Title: | DIRECTOR |
| Address: | PO BOX 660606 |
| | DALLAS, TX 75266 |

### AMENDMENT INFORMATION

| | |
|---|---|
| Amendments: | 03/03/2006 MISCELLANEOUS PUBLIC INFORMATION REPORT (PIR) |
| | 02/06/2005 MISCELLANEOUS PUBLIC INFORMATION REPORT (PIR) |
| | 10/18/2003 MISCELLANEOUS PUBLIC INFORMATION REPORT (PIR) |
| | 02/15/2003 MISCELLANEOUS PUBLIC INFORMATION REPORT (PIR) |

27428967596

http://web2.westlaw.com/result/documenttext.aspx?blinkedcitelist=F.

08/21/1998 MISCELLANEOUS APPLICATION FOR CERTIFICATE OF AUTHORITY

**ADDITIONAL DETAIL INFORMATION**

Additional Details:                    STATE TAXPAYER IDENTIFICATION NUMBER: 17525486175

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

THE PRECEDING PUBLIC RECORD DATA IS FOR INFORMATION PURPOSES ONLY AND IS NOT THE OFFICIAL RECORD. CERTIFIED COPIES CAN ONLY BE OBTAINED FROM THE OFFICIAL SOURCE.

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

$\mathcal{H}$

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**LexisNexis File & Serve SOP**<br>**Morales & Gary 2300 Contra Costa Blvd**<br>**Pleasant Hill, CA 94523-3961**<br>TELEPHONE NO.: **9252881776**   FAX NO. *(Optional):* **9252881856**<br>EMAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*   **INTERSTATE FIRE & CASUALTY COMPANY** | *FOR COURT USE ONLY* |
|---|---|

| UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
|---|---|
| PLAINTIFF/PETITIONER:   **INTERSTATE FIRE & CASUALTY COMPANY** | CASE NUMBER:<br>**EDCV06-0593 VAP(OPX)** |
| DEFENDANT/RESPONDENT:   **PACIFIC EMPLOYERS INSURANCE COMPANY** | |
| **PROOF OF SERVICE - CIVIL** | Ref. No. or File No.:<br>**14082220** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   **Subpoena; Attachment; Notice of Taking Deposition of Keith Koeller**

3. a.  Party served *(specify name of party as shown on documents served):*
      **KEITH KOELLER, NAMED DEFENDANT, A white male approx. 45-55 years of age 5'6"-5'8" in height weighing 160-180 lbs with black hair**

   b.  [   ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   **3 PARK 3 Park SUITE 1500, IRVINE, CA 92614**

5. I served the party *(check proper box)*
   a.  [ **X** ] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* **3/13/2007**   (2) at *(time):* **1:45 PM**
   b.  [   ] **by substituted service.**  On *(date):*   (2) at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1)  [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2)  [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3)  [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4)  [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):*   or [   ] a declaration of mailing is attached.

      (5)  [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

Page 1 of 2

Code of Civil Procedure, § 1011

**PROOF OF SERVICE - CIVIL**

Order No. 8205158

AO88  (Rev. 12/06)  Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | 3/13/07 | 3 Park Plaza, Suite 1500, Irvine, CA. 92614 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| KEITH KOELLER | PERSONAL SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| RICHARD STEIBER | PROCESS   SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3/14/07___
DATE

SIGNATURE OF SERVER

633 Yesler Way
ADDRESS OF SERVER

Seattle, WA. 98104

---

**Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) (A) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

| PLAINTIFF/PETITIONER:  INTERSTATE FIRE & CASUALTY COMPANY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  PACIFIC EMPLOYERS INSURANCE COMPANY | EDCV06-0593 VAP(OPX) |

c. [   ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) [   ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30)*

    (4) [   ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [   ] **by other means** *(specify means of service and authorizing code section):*


    [   ] Additional page describing service is attached.



6. **Person who served papers**
    a. Name:         **Richard Steiber**
    b. Address:       **2112 E. 4th street, suite 218, Santa Ana, CA 92705**
    c. Telephone number:    **206-521-2947**
    d. The fee for service was:    **$**
    e. I am:
        (1) [   ] not a registered California process server.
        (2) [   ] exempt from registration under Business and Professions Code section 22350(b).
        (3) [ **X** ] registered California process server:
            (i) [   ] owner  [   ] employee  [ **X** ] independant contractor
            (ii) [ **X** ] Registration No.:  **1852**
            (iii) [ **X** ] County:       **Orange**


7. [ **X** ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

8. [   ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  **3/14/2007**

           **Richard Steiber**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

**PROOF OF SERVICE - CIVIL**

Order No. 8205158

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF    CALIFORNIA

INTERSTATE FIRE & CASUALTY COMPANY

V.

PACIFIC EMPLOYERS INSURANCE COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  EDVC06-0593 VAP (OPx)

TO:   KEITH KOELLER
      Koeller, Nebeker, Carlson & Haduck
      3 Park Plaza, Suite 1500, Irvine, CA 92614

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Koeller, Nebeker, Carlson & Haluck<br>3 Park Plaza, Suite 1500, Irvine, CA 92614 | DATE AND TIME<br>3/29/2007 10:00 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A to this Subpoena.

| PLACE   Koeller, Nebeker, Carlson & Haluck<br>3 Park Plaza, Suite 1500, Irvine, CA 92614 | DATE AND TIME<br>3/29/2007 10:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Attorney for Defendant* | DATE<br>3/9/2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    *Pacific Employers Insurance Company*<br>Marilyn A. Rogers<br>Morales & Gary, 2300 Contra Costa Blvd., Suite 310, Pleasant Hill, CA 94523, (925) 288-1776 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ATTACHMENT A**

List of Documents to Produce

Keith Koeller and Koeller, Nebeker, Carlson & Haluck (hereinafter "KNCH") are requested to produce the following documents at the time of Deposition:

    1.    Any documents regarding, relating or referring to your and/or KNCH's investigation, handling, defense and/or settlement of the following actions (hereinafter referred to as the "Underlying Actions"):

    (1)    *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State Transportation, et al.*, Riverside County Superior Court, Case No. 391704;

    (2)    *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et al.*, Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside County Superior Court, Case No. RIC 406050);

    (3)    *Maria Delgado, et al. v. Miguel Pulido, et al.*, Riverside County Superior Court, Case No. INC 037713;

    (4)    *Arminda Gonzalez, et al. v. Golden State Transportation Services*, Riverside County Superior Court, Case No. INC 037910;

    (5)    *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.*, Los Angeles County Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court, Case No. RIC406066);

    (6)    *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, United States District Court, Central District, Case No. CV 03-6041 (later filed in Riverside County Superior Court, Case No. INC 038854;

    (7)    *Jose Trinidad Romo, et al., v. Sita, Inc., et al.*, Riverside County Superior Court, Case No. INC 037382;

    (8)    *Martha Vazquez, et al. v. Miguel Pulido, et al.*, Riverside County Superior Court, Case No. INC 037708; and

    (9)    *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*, Riverside County Superior Court, Case No. INC 037760 (hereinafter jointly referred to as "the Underlying Lawsuits").

1

1     2.    Any documents concerning any communications, written or verbal, regarding,

2   relating or referring to the Underlying Actions, including but not limited to, any reports to

3   Republic Western Insurance Company, Interstate Fire & Casualty Company and/or Fireman's

4   Fund.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

Service of Process Receipt

**Receipt 14082220**

## Receipt    submitted on 3/9/2007 6:49:33 PM (ET)

| Date/Time (ET) | Status |
|---|---|
| 3/16/2007 3:13:00 PM | Received Signed Service Affidavit for order (Keith Koeller) |
| 3/13/2007 4:45:00 PM | Successfully performed service (Keith Koeller) |
| 3/9/2007 6:51:33 PM | Order request received (Order ID 8205158) |
| 3/9/2007 6:51:23 PM | Service request has been submitted. |

## Fee Information

| Fee Information | Total Recipients | Subtotal | Tax | Total |
|---|---|---|---|---|
| SOP Expedited Service Fee (under 2 business days) | 1 | $175.00 | $0.00 | $175.00 |
| (Credit)SOP Expedited Service Fee (under 2 business days) | -1 | $-80.00 | $0.00 | $-80.00 |
| | Totals | $95.00 | $0.00 | $95.00 |

## Document List

| Document Title | File Name | Conversion Status | View |
|---|---|---|---|
| Notice of Taking Deposition of Keith Koeller | 8762065_Notice-of-Depo.Koeller.pdf | Converted | PDF format Original format |
| Subpoena in a Civil Case | 8762077_Subpoena.pdf | Converted | PDF format Original format |
| Signed Service Affidavit for order (Keith Koeller) | 8845227_ServiceRequestConf.pdf | Converted | PDF format Original format |

## Recipients

| Service Recipient | Address(es) | Description | Service Status |
|---|---|---|---|
| Koeller, Keith | Address Type: Business 3 Park Plaza, Suite 1500 Irvine, CA 92614 | Gender: M | Served |

## Service Options

| Service Options | Selected Option |
|---|---|
| Deadline for Service | 3/12/2007 |
| Hearing Date | |
| Billing Reference | AC4699 |
| File Affidavit of Service with Court? | No |
| Special Instructions | California service from California firm and the rate should be $95.00. |

Service of Process Receipt

**Contact Information**

| | |
|---|---|
| **Contact Information** | |
| Name | Casie Katusich |
| Contact Email Address | ckatusich@moralesgary.com |
| Organization | Morales & Gary |
| Organization Address | 2300 Contra Costa Blvd Ste 310 |
| | Pleasant Hill, CA 94523-3961 |
| | |
| | Phone: (925) 288-1776 |
| | Fax: (925) 288-1856 |
| | Email: dmorales@moralesgary.com |

$\mathcal{I}$

## Marilyn Rogers

| | |
|---|---|
| **From:** | Marilyn Rogers [mrogers@moralesgary.com] |
| **Sent:** | Tuesday, March 06, 2007 12:31 PM |
| **To:** | 'Todd Baxter' |
| **Subject:** | Interstate v. PEIC |
| **Attachments:** | STP070306.MAR.wpd |

Dear Todd,

Attached please find a draft of the parties' stipulation re facts and documents.  This is a *rough* draft which I have
not fully discussed with Todd Gary but I wanted to get you something so that we can start discussing what we can
stipulate to.  I saw your prior e-mail re facts re the driver and I have passed them on to Todd for his review.
Hopefully we will be able to figure out what facts we can agree to in the next several days.

Sincerely yours,

Marilyn A. Rogers
MORALES & GARY
2300 Contra Costa Blvd., Ste. 310
Pleasant Hill, CA 94523
(925) 288-1776 / (925) 288-1856 facsimile

****************** PLEASE NOTE *******************
This E-Mail/telefax message and any documents accompanying this transmission may contain privileged and/or
confidential information and is intended solely for the addressee(s) named above. If you are not the intended
addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the
contents of this E-Mail/telefax information is strictly prohibited and may result in legal action against you. Please
reply to the sender advising of the error in transmission and immediately delete/destroy the message and any
accompanying documents. Thank you.

1   RAMIRO MORALES (SBN 167947)
   rmorales@moralesgary.com
2   TODD B. GARY (SBN 161015)
   tgary@moralesgary.com
3   MARILYN A. ROGERS (SBN 136908)
   mrogers@moralesgary.com
4   MORALES & GARY
   2300 Contra Costa Blvd., Suite 310
5   Pleasant Hill, CA 94523
   Telephone: (925) 288-1776
6   Facsimile: (925) 288-1856

7   Attorneys for Defendant
   PACIFIC EMPLOYERS INSURANCE COMPANY

8

9   James P. Wagoner (SBN 058553)
   Todd W. Baxter (SBN 152212)
   Paul J. Whitfield (SBN 241651)
10   McCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP
11   P.O. Box 28912
   5 River Park Place East
12   Fresno, CA 93720-1501
   Telephone: (559) 433-1300
13   Facsimile: (559) 433-2300

14   Attorneys for Plaintiff
   INTERSTATE FIRE & CASUALTY COMPANY,
15   an Illinois corporation

16

17               UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT

18

19   INTERSTATE FIRE & CASUALTY     )   **CASE NO. EDCV06-0593 VAP (OPx)**
   COMPANY, an Illinois corporation,    )
20                             )
            Plaintiff,         )
21                             )   STIPULATION RE: FACTS AND
   vs.                           )   AUTHENTICITY AND ADMISSIBILITY
22                             )   OF DOCUMENTS
                            )
23   PACIFIC EMPLOYERS INSURANCE   )
   COMPANY, a Pennsylvania corporation,   )
24                             )
           Defendant.        )
25                             )
  _____ )
26

27

28

STIPULATION RE: FACTS AND AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

1   Plaintiff INTERSTATE FIRE & CASUALTY COMPANY ("Interstate") and Defendant

2   PACIFIC EMPLOYERS INSURANCE COMPANY ("PEIC") hereby stipulate to the following

3   facts in this case as being true and accurate:

4      1.   On August 24, 2002, a Golden State bus was involved in an accident in Riverside

5   County, in the State of California (hereinafter "the Accident").

6      2.   Miguel Pulido ("Pulido") was the driver of the bus at the time of the accident.

7   While driving westbound on Interstate 10 in Riverside County, Pulido fell asleep at the wheel

8   which lead to Pulido losing control of the bus which overturned into the center divider resulting in

9   injuries to numerous passengers.

10     3.   Pulido was employed as a bus driver by Golden State at the time of the accident.

11     4.   The bus involved in the accident was a 1998 MCI passenger bus, Vehicle

12  Identification No. 1M8PDMPAXWP051175 (hereinafter "the 1998 Bus").

13     5.   The following nine different actions were filed by the injured passengers:

14      (1)   *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State Transportation, et al.,* Riverside County Superior Court, Case No. 391704;

15

16      (2)   *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et al.,* Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside County Superior Court, Case No. RIC 406050);

17

18      (3)   *Maria Delgado, et al. v. Miguel Pulido, et al.,* Riverside County Superior Court, Case No. INC 037713;

19

20      (4)   *Arminda Gonzalez, et al. v. Golden State Transportation Services,* Riverside County Superior Court, Case No. INC 037910;

21

22      (5)   *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.,* Los Angeles County Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court, Case No. RIC406066);

23

24      (6)   *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.,* United States District Court, Central District, Case No. CV 03-6041 (later filed in Riverside County Superior Court, Case No. INC 038854;

25

26      (7)   *Jose Trinidad Romo, et al., v. Sita, Inc., et al.,* Riverside County Superior Court, Case No. INC 037382;

27

28      (8)   *Martha Vazquez, et al. v. Miguel Pulido, et al.,* Riverside County Superior Court, Case No. INC 037708;

2

STIPULATION RE: FACTS AND AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

(9)     *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*, Riverside County Superior Court, Case No. INC 037760 (hereinafter referred jointly as "the Underlying Actions"). The Underlying Actions were ultimately consolidated.

6.      Republic provided a defense to SITA, Golden State and Miguel Pulido in the Underlying Actions.

7.      Greyhound Lines, Inc. ("Greyhound") was named and served in two of the Underlying Actions: the *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State Transportation, et al.* case ("*Mendoza* case") and the *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.* case ("*Montero* case").

8.      Greyhound was named but never served in the *De Huerta, et al. v. Greyhound Lines, Inc., et al.* case.

9.      Greyhound tendered its defense and indemnity of the *Montero* and *Mendoza* cases to Republic.

10.     Republic acknowledged Greyhound's tender and agreed to defend Greyhound in the Underlying Actions as an additional insured under Republic's primary Automobile policy, Policy No. PBA0000343-01.

11.     Greyhound was dismissed without prejudice from the *Mendoza* and *Montero* cases prior to the settlement of the Underlying Actions.

12.     A criminal complaint was filed against Miguel Pulido in relation to the Accident.

13.     Miguel Pulido plead nolo contendere to Violation of Vehicle Code Section 34306.3 and paid a fine of $500.00.

14.     The Underlying Actions were settled for a total of $10,300,000. The settlements were paid as follows: Republic Western Insurance Company ("Republic") paid the limits of its $5,000,000 primary Business Auto policy, Policy No. PBA0000343-01, and $650,000 under its primary Commercial General Liability policy, Policy No. GLP0004163-01 and Interstate paid $4,650,000 under its Automobile policy No. FFX6200401. Specifically the settlements were paid

3

STIPULATION RE: FACTS AND AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

as follows:  **[will fill in with specific payments in each case re: Republic and Interstate when
we get through Republic payment documents]**

15.    The Republic Auto policy per occurrence limit of $5,000,000 was exhausted by
Republic's $5,000,000 payment to settle the Underlying Actions.

16.    Greyhound did not pay any portion of the $10,300,000 settlement of the Underlying
Actions.

17.    PEIC did not pay any portion of the $10,300,000 settlement of the Underlying
Actions.

18.    On July 29, 1998, Safeco Credit Company ("Safeco") and Greyhound entered into a
Master Lease Agreement.

19.    Pursuant to the Master Lease Agreement, Safeco leased to Greyhound a number of
buses including the 1998 Bus.

20.    On July 31, 1998, Greyhound and Golden State entered into a Master Sublease
Agreement.

21.    Pursuant to the Master Sublease Agreement, Greyhound agreed to sublease to
Golden State a number of buses including the 1998 Bus.

22.    SITA is a wholly owned subsidiary of Greyhound.

23.    At the time of the Accident, Golden State was 51.4% owned by SITA and 34.6%
owned by Gonzales, Inc. and 14% owned by Crucero International.

24.    Golden State filed for bankruptcy under Chapter 11 on September 30, 2002.

25.    As part of the Underlying Actions, the bankruptcy stay was lifted in order for
plaintiffs to pursue Golden State's insurance in the Golden State bankruptcy proceeding.

Interstate and PEIC hereby stipulate to the authenticity and admissibility of the following
documents:

A.    The Master Lease Agreement entered into between Safeco Credit Company and
Greyhound Lines, Inc. on July 29, 1998. A true and correct copy of this document is attached
hereto as Exhibit _____.

4

STIPULATION RE: FACTS AND AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

1          B.      The Master Sublease Agreement entered into between Greyhound Lines, Inc. and

2  Gonzales, Inc. dba Golden State Transportation Company ("Golden State") on July 31, 1998. A

3  true and correct copy of this document is attached hereto as Exhibit ___.

4          C.      California Department of Motor Vehicles California Apportioned Cab Card for the

5  1998 MCI Bus, Vehicle Identification No. Im8PDMPAXWP051175..  A true and correct copy of

6  this document is attached hereto as Exhibit ___.

7          D.      California Highway Patrol Traffic Collision Report.  A true and correct copy of this

8  document is attached hereto as Exhibit ___.

9          E.      Settlement Agreements for the Underlying Actions **[will list each separately]**.

10  True and correct copies of these documents are attached hereto as Exhibit _____.

11          F.      Copies of Republic's and Interstate's checks re: settlement.  **[Will list each**

12  **separately]**  A true and correct copy of this document is attached hereto as Exhibit ___.

13          G.      Republic Western Insurance Company's policy, Policy No. PBA0000343-01 in

14  effect from 8/31/01 to 8/31/02.  A true and correct copy of this document is attached hereto as

15  Exhibit ___.

16          H.      Republic Western Insurance Company's policy, Policy No. GLP0004163-01 in

17  effect from 8/31/01 to 8/31/02.  A true and correct copy of this document is attached hereto as

18  Exhibit ___.

19          I.      Interstate Fire and Casualty Company's policy, Policy No. FFX6200401 in effect

20  from 8/31/01 to 8/31/02.  A true and correct copy of this document is attached hereto as Exhibit

21  ___.

22          J.      Pacific Employers Insurance Company's policy, Policy No. XSA HO8002964 in

23  effect from 9/1/01 to 9/1/02.  A true and correct copy of this document is attached hereto as Exhibit

24  ___.

25          K.      Schedule of Greyhound Buses for and incorporated into the Pacific Employers

26  Insurance Company's  policy, Policy No. XSA H08002964.  A true and correct copy is attached

27  hereto as Exhibit _____.

28

STIPULATION RE: FACTS AND AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

1     L.     The March 22, 2005 letter from Keith D. Koeller of Koeller, Nebeker, Carlson &

2  Halick to PEIC.  A true and correct copy of this document is attached hereto as Exhibit ___.

3     G.     The November 5, 2003 facsimile from SITA to Doug Hardy of Republic.  A true

4  and correct copy of this document is attached hereto as Exhibit ___.

5     H.     The November 5, 2003 facsimile from Golden State to Lana Agajanian of Republic.

6  A true and correct copy of this document is attached hereto as Exhibit ___.

7     I.     The December 17, 2002 letter from Jack Morgan, Golden State's bankruptcy

8  representative, to Interstate.  A true and correct copy of this document is attached hereto as Exhibit

9  ___.

10     J.     The January 7, 2003 letter from Brendan Brandt of Varner, Saleson & Brandt to

11  Interstate.  A true and correct copy of this document is attached hereto as Exhibit ___.

12     K.     The January 2, 2003 letter from Lana Agajanian of Republic to Brendan Brandt of

13  Varner, Saleson & Brandt.  A true and correct copy of this document is attached hereto as Exhibit

14  ___.

15

16  **SO STIPULATED:**                          MORALES & GARY

17

18  Executed on March ___, 2007          By:_____
                                             Ramiro Morales
19                                           Todd B. Gary
                                             Marilyn A. Rogers
20                                           Attorneys for Defendant
                                             Pacific Employers Insurance Group
21

22                                      McCORMICK BARSTOW SHEPPARD WAYTE &
23                                      CARRUTH

24

25  Executed on March ___, 2007          By:_____
                                             James P. Wagoner
26                                           Todd Baxter
                                             Attorneys for Plaintiff
27                                           Interstate Fire & Casualty Company

28  S:\DOCS\AC4699\STP070306.MAR.wpd

                                          6

STIPULATION RE: FACTS AND AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

1   James P. Wagoner, # 058553
    Todd W. Baxter, # 152212
2   Paul J. Whitfield, # 241651
    McCormick, Barstow, Sheppard,
3   Wayte & Carruth LLP
    P.O. Box 28912
4   5 River Park Place East
    Fresno, CA  93720-1501
5   Telephone:  (559) 433-1300
    Facsimile:  (559) 433-2300

6

7   Attorneys for Plaintiff
    INTERSTATE FIRE & CASUALTY COMPANY,
    an Illinois corporation,

8

                (SPACE BELOW FOR FILING STAMP
                ONLY)

9               UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT

10

11

12  INTERSTATE FIRE & CASUALTY          Case No.  EDCV06-0593 VAP (OPx)
    COMPANY, an Illinois corporation,,
13                                       **RE-NOTICE OF TAKING
              Plaintiff,                 DEPOSITION OF MIGUEL ANGEL
14                                       PULIDO**
    v.
15
    PACIFIC EMPLOYERS INSURANCE
16  COMPANY, a Pennsylvania
    corporation,
17
              Defendant.
18

19        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE that Plaintiff INTERSTATE FIRE & CASUALTY

21  COMPANY ("INTERSTATE"), pursuant to Federal Rules of Civil Procedure Rule

22  45, will take the deposition of MIGUEL ANGEL PULIDO, 332 18th Street,

23  Douglas, AZ  85626, on March 12, 2007, at 10:00 a.m. at Copper Queen Motel 11

24  Howell Avenue, Bisbee, AZ  85603, before a Certified Shorthand Reporter.

25        The deposition will be taken upon oral examination before a Notary Public,

26  or other officer authorized by law to take depositions in the State of Arizona and

27  may be recorded by a videographer.  The oral examination will continue from day

28  to day at the same place, Sundays and holidays excepted, until completed.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &

1    A list of all parties or attorneys for parties on whom this notice of deposition

2    is being served is shown on the accompanying proof of service.

3

4    Dated:  March 6, 2007                    McCORMICK, BARSTOW, SHEPPARD,
                                              WAYTE & CARRUTH LLP
5

6                                   By:_____
7                                             James P. Wagoner
                                              Todd W. Baxter
8                                             Paul J. Whitfield
                                              Attorneys for Plaintiff
9                                     INTERSTATE FIRE & CASUALTY
                                      COMPANY, an Illinois corporation,
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF  ARIZONA

INTERSTATE FIRE & CASUALTY COMPANY

V.

PACIFIC EMPLOYERS INSURANCE COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] EDCV06-0593 VAP (OPx)
United States District Court for the
Central District of California

TO: MIGUEL ANGEL PULIDO
332 18th Street
Douglas, AZ  85626

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Copper Queen Motel<br>11 Howell Avenue, Bisbee, AZ  85603 | DATE AND TIME<br>March 12, 2007 @ 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorneys for Defendant INTERSTATE FIRE & CASUALTY COMPANY | DATE<br>March 6, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Todd W. Baxter
McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East, Fresno, California, 93720          (559) 433-1300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On March 6, 2007, I served the within documents:

**NOTICE OF TAKING DEPOSITION OF MIGUEL ANGEL PULIDO**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☒ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to all parties that the document has been served.

Marilyn A. Rogers, Esq.
Law Offices of Morales & Gary
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, California 94523

Courtesy Copy To:
Paulson Reporting & Litigation Services, Inc.
Worldwide Scheduling Division
101 Marietta Street
2700 Centennial Tower
Atlanta, GA 30303

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 6, 2007, at Fresno, California.

Stefanie J. Eddings

42395/00015-1069484.v1

3



**P A U L S O N**

REPORTING & LITIGATION SERVICES

Telephone: 619.239.4111
Toll Free:   800.300.1214
Facsimile:  619.239.4117
www.paulsonreporting.com

DANIEL R. OLSEN, ESQ.
MORALES & GARY
SUITE 310
2300 CONTRA COSTA BOULEVARD
PLEASANT HILL, CA 94523

*Invoice #16847*

| Date | Terms |
|------|-------|
| 05/22/2007 | NET 30 |

| Assignment | Case | PI File # | Shipped | Shipped Via |
|------------|------|-----------|---------|-------------|
| 03/12/2007 | INTERSTATE vs. PACIFIC EMPLOYERS | 3298 | 03/26/2007 | F-S-0 |

| Description |
|-------------|

Copy Transcript of MIGUEL ANGEL PULIDO HERRERA

Amount Due:     $ 368.55
Paid:     $ 0.00

| Balance Due: | $ 368.55 |
|--------------|----------|
| Payment Due: | 06/21/2007 |

*FOR PROPER CREDIT, PLEASE INCLUDE YOUR INVOICE NUMBER ON CHECK.*
*CREDIT CARD PAYMENTS ARE ACCEPTED BY FAX.*

*THANK YOU FOR YOUR BUSINESS!*

After 07/01/2007 Pay This Amount:     $ 405.41

AC 4699
okay to pay.
5/31/07

Tax ID No. 20-4667049

| **Method of Payment** | **Check Enclosed** | |
|---|---|---|
| VISA | Please Make Check Payable to Paulson Reporting Services | Signature (as it appears on your credit card) |
| MasterCard | | |
| American Express | Authorized Amount _____ | Print Name (as it appears on your credit card) |

Credit Card Number                    Exp. Date          Daytime Phone Number

Remit to: Paulson Reporting Services, PO Box 79509, City of Industry, CA 91716-9509



CORR   AC 4699

*LAW OFFICES OF*

# MORALES & GARY

RAMIRO MORALES ‡
TODD B. GARY §
CHRISTINE M. FIERRO
WILLIAM C. REEVES ¥

MARILYN A. ROGERS
ELIZABETH B. CELNIKER
SHEILA A. REID
DANIEL R. OLSEN
AMBER V. COTTINGHAM
TINA HUANG

SPECIAL COUNSEL:
ERIC D. ESSER ‡
STACY M. ROCHELEAU ·

2300 CONTRA COSTA BOULEVARD, SUITE 310
PLEASANT HILL, CALIFORNIA 94523
TEL: (925) 288 - 1776
FAX: (925) 288 - 1856

e-mail: morgary@moralesgary.com

NEVADA OFFICE

P.O. BOX 13403
LAS VEGAS, NEVADA 89112
TEL: (702) 699 - 7822
FAX: (702) 699 - 9455

NEVADA OVERNIGHT DELIVERIES:
400 N STEPHANIE ST., STE. 260
HENDERSON, NEVADA 89014

LICENSES

§ CALIFORNIA, NEVADA & WASHINGTON
¥ CALIFORNIA, NEVADA & ARIZONA
‡ CALIFORNIA & NEVADA
· NEVADA

April 6, 2007

***Via U.S. Mail and Facsimile (559/433-2300)***

Todd Baxter, Esq.
McCORMICK BARSTOW SHEPPARD WAYTE & CARRUTH
5 River Park Place East
P.O. Box 28912
Fresno, CA 93729

    **Re:**   ***Interstate Fire & Casualty Co. V. Pacific Employers Ins. Co.***
         U.S.D.C., Central District of California, Case No. EDC V06-0593 VAP
         Our File No. AC4699

Dear Mr. Baxter:

    We are in receipt of copies of Interstate's underwriting file for Policy No. FFX6200401, Interstate's Policy No. FFX6200400, and the underwriting file for that policy which you produced on April 2, 2007 in response to PEIC's First Set of Requests for Production of Documents. We would like to request that Interstate stipulate that what Interstate produced included: (1) an authentic copy of Interstate's underwriting file for Policy No. FFX6200401; and (2) an authentic copy of Interstate's underwriting file for Policy No. FFX6200400. A proposed Stipulation on this issue is enclosed for your review. If you agree, we request that you execute it and return it to our offices no later than April 16, 2007.

                         Sincerely,
                         *MORALES & GARY*

                         Marilyn A. Rogers

MAR:md
enclosure

S:\DOCS\AC4699\LTR070406.Baxter.MAR.wpd

1 | RAMIRO MORALES (SBN 167947)
rmorales@moralesgary.com
2 | TODD B. GARY (SBN 161015)
tgary@moralesgary.com
3 | MARILYN A. ROGERS (SBN 136908)
mrogers@moralesgary.com
4 | MORALES & GARY
2300 Contra Costa Blvd., Suite 310
5 | Pleasant Hill, CA 94523
Telephone: (925) 288-1776
6 | Facsimile: (925) 288-1856

7 | Attorneys for Defendant
PACIFIC EMPLOYERS INSURANCE COMPANY

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT

11

12 | INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation,    ) **CASE NO. EDCV06-0593 VAP (OPx)**

13 | Plaintiff,

14 | vs.    ) STIPULATION RE: AUTHENTICITY
AND ADMISSIBILITY OF DOCUMENTS

15

16 | PACIFIC EMPLOYERS INSURANCE
COMPANY, a Pennsylvania corporation,

17 | Defendant.

18

19

20 | Plaintiff INTERSTATE FIRE & CASUALTY COMPANY ("Interstate") and Defendant

21 | PACIFIC EMPLOYERS INSURANCE COMPANY ("PEIC"), by and through their attorneys,

22 | hereby stipulate to the following:

23 | 1.    Documents produced by Interstate in response to PEIC's First Set of Request

24 | for Production of Documents and identified by Bates numbers UF00001 through UF00105 are

25 | authentic copies of Interstate's underwriting file for Policy No. FFX6200401.

26 | / / /

27 | / / /

28 | / / /

1

1       2.      Documents produced by Interstate in response to PEIC's First Set of Request for

2    Production of Documents and identified by Bates number 400UF-00001-400UF-00052 is an

3    authentic copy of Interstate's policy and underwriting file on Policy No. FFX6200400.

4

5    **SO STIPULATED:**

6                                           MORALES & GARY

7

8    Executed on April 6, 2007           By:_____
                                            Ramiro Morales
9                                           Todd B. Gary
                                            Marilyn A. Rogers
10                                          Attorneys for Defendant
                                            Pacific Employers Insurance Group
11

12

13                                          MCCORMICK BARSTOW SHEPPARD WAYTE &
14                                          CARRUTH
15

16   Executed on April ___, 2007         By:_____
                                            James P. Wagoner
17                                          Todd Baxter
                                            Attorneys for Plaintiff
18                                          Interstate Fire & Casualty Company

19

20

21

22
     S:\DOCS\AC4699\STP070406.MAR.wpd
23

24

25

26

27

28

                                          2
     STIPULATION RE: AUTHENTICITY AND ADMISSIBILITY OF DOCUMENTS

# Message Confirmation Report

| | | |
|---|---|---|
| Date/Time | : | APR-06-2007 12:34PM FRI |
| Fax Number | : | 9252880273 |
| Fax Name | : | MORALES & GARY |
| Model Name | : | 1815dn |

| No. | Name/Number | StartTime | Time | Mode | Page | Result |
|---|---|---|---|---|---|---|
| 419 | 15594332300 | 04-06 12:31PM | 01'55 | ECM | 004/004 | O.K |

---

Law Offices Of

## MORALES & GARY

2300 Contra Costa Boulevard, Suite 310
Pleasant Hill, California 94523
Tel: (925) 288-7776
Fax: (925) 288-1856
E-Mail: morgary@morgary.com

Nevada Office
P.O. Box 13493
Las Vegas, Nevada 89112
Tel: (702) 499-7902
Fax: (702) 499-9455

### FACSIMILE COVER SHEET

| | |
|---|---|
| Date: | April 6, 2007 |
| To: | Todd Baxter, Esq. |
| Facsimile: | 559/433-2300 |
| From: | Marilyn A. Rogers (md) |
| Re: | *Interstate Fire & Casualty Company v. Pacific Employers Insurance Company* |
| Our File No.: | AC4699 |
| Number of pages including this page: | 4 |
| Hard copy to follow: | Yes |

**Comments:** PLEASE SEE ATTACHED CORRESPONDENCE OF TODAY'S DATE, TOGETHER WITH IT A [PROPOSED] STIPULATION.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

1   TODD B. GARY (SBN 161015)
    tgary@moralesgary.com
2   MARILYN A. ROGERS (SBN #136908)
    mrogers@moralesgary.com
3   MORALES & GARY
    2300 Contra Costa Blvd., Suite 310
4   Pleasant Hill, CA 94523
    Telephone: (925) 288-1776
5   Facsimile: (925) 288-1856

6   Attorneys for Defendant
    PACIFIC EMPLOYERS INSURANCE COMPANY

7

8                       UNITED STATES DISTRICT COURT

9                            CENTRAL DISTRICT

10

11  INTERSTATE FIRE & CASUALTY          )   CASE NO. EDCV06-0593 VAP (OPx)
    COMPANY, an Illinois corporation,   )
12                                      )
            Plaintiff,                  )   NOTICE OF TAKING DEPOSITION OF
13                                      )   PERSON OR PERSONS MOST
    vs.                                 )   KNOWLEDGEABLE OF PLAINTIFF
14                                      )   INTERSTATE FIRE & CASUALTY
                                        )   COMPANY AND REQUEST FOR
15  PACIFIC EMPLOYERS INSURANCE         )   PRODUCTION
    COMPANY, a Pennsylvania corporation,)
16                                      )   Date:      July 18, 2007
            Defendant.                  )   Time:      10:30 a.m.
17  _____   )   Location:  4601 DTC Boulevard
                                        )              Denver, Colorado 80237
18  REPUBLIC WESTERN INSURANCE          )
    COMPANY, an Arizona Corporation,    )
19                                      )
            Intervenor.                 )
20  _____   )

21

22  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE that Defendant PACIFIC EMPLOYERS INSURANCE

24  COMPANY ("PEIC"), pursuant to Federal Rules of Civil Procedure, Rules 30 and 45, will take the

25  deposition of the Person or Persons Most Knowledgeable of Plaintiff INTERSTATE FIRE &

26  CASUALTY COMPANY ("INTERSTATE") at a conference room in the Interstate/Fireman's

27  Fund complex located at 4601 DTC Boulevard, Denver, Colorado 80237, on July 18, 2007, at

28  10:30 a.m., before a Certified Shorthand Reporter.

                                    1

NOTICE OF TAKING DEPOSITION OF PERSON OR PERSONS MOST KNOWLEDGEABLE OF

1    Notice is hereby given that PEIC will take the deposition of INTERSTATE's Person or

2    Persons Most Knowledgeable upon oral examination regarding the following categories:

3        1.    The tender of defense and/or indemnity of the UNDERLYING ACTIONS to

4    INTERSTATE by any entity.

5        2.    INTERSTATE's investigation, handling and settlement of the UNDERLYING

6    ACTIONS.

7        3.    All COMMUNICATIONS, written or verbal, INVOLVING, REGARDING,

8    RELATING, or REFERRING to the UNDERLYING ACTIONS.

9        4.    The terms and conditions of INTERSTATE's Policy No. FFX6200401.

10       5.    The underwriting and/or issuance of INTERSTATE's Policy No. FFX6200401.

11       6.    The terms and conditions of INTESTATE's Policy No. FFX6200400.

12       7.    The underwriting and/or issuance of INTERSTATE's Policy No. FFX600400.

13       8.    The terms and conditions of REPUBLIC's Policy No. PBA0000343-01.

14       9.    The terms and conditions of REPUBLIC's Policy No. GLP0004163-01.

15       10.   The tender of defense and/or indemnity of the UNDERLYING ACTIONS to

16   REPUBLIC under any policy.

17       11.   Any response by REPUBLIC to any tender of defense and/or indemnity of the

18   UNDERLYING ACTIONS

19       12.   Any agreement made between INTERSTATE and REPUBLIC regarding the

20   settlement of the UNDERLYING ACTIONS.

21       13.   Any agreement made between INTERSTATE and REPUBLIC regarding coverage

22   for the UNDERLYING ACTIONS under REPUBLIC's Policy No. GLP0004163-01.

23       For the purposes of this Notice and the accompanying Requests for Documents, the

24   following definitions apply:

25       1.    CONCERNING means relating to, referring, comprising, reflecting, evidencing,

26   constituting, pertaining to, dealing with and/or showing.

27   / / /

28   / / /

2

2.      DOCUMENTS means by way of illustration, but not by way of limitation, correspondence, teletype messages, telegrams, contracts, agreements, memoranda, understandings, e-mails, notes, rough drawings, bulletins, circulars, diagrams, interoffice communications, books of account, tax statements, ledgers, journals, checks, check registers, passbooks, invoices, bills orders, quotations, stock certificates, financial statements, statements of account, statements of liability, balance sheets, graphs and plans and any other writing memorializing, reflecting, referring to, relating to, or evidencing the subject of each DOCUMENT or group of DOCUMENTS request. The term DOCUMENTS means the original, including all duplicates, copies or drafts, any non-identical copy or copies that differ from the original for any reason, including but not limited to, the making of notes thereon, of any writing and paper, book or record of whatever kind or description, electronic, or photographic or other means, and shall include any recorded, taped, filmed or graphic matter or phonic (e.g. any tape recording) or visual reproduction or record of any oral statement, conversation or event.

3.      REPUBLIC means Intervenor Republic Western Insurance Company and/or any and all of its parent companies, subsidiaries and subdivisions, predecessors and/or successors, as well as its agents, servants, employees, attorneys or anyone acting on or for its behalf.

4.      REPUBLIC CGL POLICY means REPUBLIC'S Commercial General Liability Policy No. GLP0004163-01 issued to SITA, Inc. dba Americanos USA LLC, Golden State Transportation Inc. and Autobuses Amigos effective August 31, 2001 through August 31, 2002.

5.      "INTERSTATE" as used herein means Plaintiff INTERSTATE FIRE & CASUALTY COMPANY, including any and all parent companies and/or corporations, including, but not limited to, predecessors and successors, agents, employees, officers, attorneys, and/or anyone acting on its behalf.

6.      "COMMUNICATION" or "COMMUNICATIONS" as used herein means any transmission of information from one person or entity to another, including, but not limited to, by personal meeting, United States mail, overnight mail, telephone, facsimile, electronic mail, and/or teleconference, excepting any COMMUNICATION that is subject to a legal and valid privilege or protection.

3

1    7.   "INVOLVING, REGARDING, RELATING, or REFERRING" as used herein

2    means evidencing, discussing, referencing, consisting of, reflecting, or being in any way legally,

3    logically, or factually connected with the matter(s) discussed.

4    8.   "UNDERLYING ACTIONS" as used herein means the following lawsuits:

5    (1)   *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State Transportation, et al.*, Riverside County Superior Court, Case No. 391704;

6

7    (2)   *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et al.*, Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside County Superior Court, Case No. RIC 406050);

8

9    (3)   *Maria Delgado, et al. v. Miguel Pulido, et al.*, Riverside County Superior Court, Case No. INC 037713;

10

11   (4)   *Arminda Gonzalez, et al. v. Golden State Transportation Services*, Riverside County Superior Court, Case No. INC 037910;

12   (5)   *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.*, Los Angeles County Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court, Case No. RIC406066);

13

14   (6)   *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, United States District Court, Central District, Case No. CV 03-6041 (later filed in Riverside County Superior Court, Case No. INC 038854;

15

16   (7)   *Jose Trinidad Romo, et al., v. Sita, Inc., et al.*, Riverside County Superior Court, Case No. INC 037382;

17

18   (8)   *Martha Vazquez, et al. v. Miguel Pulido, et al.*, Riverside County Superior Court, Case No. INC 037708; and

19

20   (9)   *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*, Riverside County Superior Court, Case No. INC 037760 (hereinafter jointly referred to as "the Underlying Lawsuits");

21

22

23   PLEASE TAKE FURTHER NOTICE that PLAINTIFF INTERSTATE is required to

24   produce the following original documents and things for copying and examination at said

25   deposition pursuant to the provisions of Rules 30 and 34 of the Federal Rules of Civil Procedure:

26   1.   A certified copy of INTERSTATE's Policy No. FFX6200401.

27   2.   A certified copy of INTERSTATE's Policy No. FFX6200400.

28   3.   The underwriting file for INTERSTATE's Policy No. FFX6200401.

4

NOTICE OF TAKING DEPOSITION OF PERSON OR PERSONS MOST KNOWLEDGEABLE OF

1    4.    The underwriting file for INTERSTATE's Policy No. FFX6200400.

2    5.    Any and all of INTERSTATE's claims files regarding the UNDERLYING

3    ACTIONS.

4    6.    Any DOCUMENTS concerning communications between INTERSTATE and

5    REPUBLIC regarding the investigation, handling, coverage and/or settlement of the

6    UNDERLYING ACTIONS.

7    7.    Any and all DOCUMENTS regarding any and all tenders and/or claims for benefits

8    to REPUBLIC under the REPUBLIC CGL POLICY for the UNDERLYING ACTIONS.

9    8.    Any and all DOCUMENTS regarding any denial, tender, reservation of rights

10   letter(s), or any other coverage position letters CONCERNING the UNDERLYING ACTIONS

11   issued by REPUBLIC under the REPUBLIC CGL POLICY.

12   9.    Any and all DOCUMENTS CONCERNING coverage and/or potential coverage

13   under the REPUBLIC CGL POLICY for the UNDERLYING ACTIONS.

14   10.    Any and all DOCUMENTS, whether in written or computerized form,

15   CONCERNING any agreement between INTERSTATE and REPUBLIC to fund the settlement of

16   the UNDERLYING ACTIONS.

17   11.    Any and all DOCUMENTS, whether in written or computerized form,

18   CONCERNING any agreement between INTERSTATE and REPUBLIC regarding coverage

19   under the REPUBLIC CGL POLICY.

20        The deposition will be taken upon oral examination before a Notary Public, or other officer

21   authorized by law to take depositions in the State of California and may be recorded by a

22   videographer.  The oral examination will continue from day to day at the same place, Sundays and

23   holidays excepted, until completed.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

5

NOTICE OF TAKING DEPOSITION OF PERSON OR PERSONS MOST KNOWLEDGEABLE OF

1      A list of all parties and attorneys for parties on whom this notice of deposition is being

2  served is shown on the accompanying Proof of Service.

3

4  DATED:  July 16, 2007.          MORALES & GARY

5                                                                                                        By:

6                                                         Todd B. Gary

7                                                         Marilyn A. Rogers
                                                         Attorneys for Defendant
8                                                         PACIFIC EMPLOYERS INSURANCE COMPANY

9

10

11

12  S:\DOCS\AC4699\NOT070716.MAR.wpd

6

1 | *Interstate Fire & Casualty Company v. Pacific Employers Insurance Company*
2 | United States District Court, Central District (Riverside County)
Case No. EDCV06-0593 VAP (OPx)
3 |
4 | **PROOF OF SERVICE**
5 | STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA
6 |     I am employed by the Law Offices of Morales & Gary located at 2300 Contra Costa Blvd.,
7 | Suite 310, Pleasant Hill, CA 94523. I am over the age of eighteen years and not a party to the within action.
8 |     On July 16, 2007, I served the document(**NOTICE OF TAKING DEPOSITION OF PERSON OR PERSONS MOST KNOWLEDGEABLE OF PLAINTIFF INTERSTATE FIRE & CASUALTY COMPANY** s) described
9 | as: on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:
10 |

| **Attorneys for Plaintiff** **Interstate Fire & Casualty Company** James P. Wagoner, Esq. Todd W. Baxter, Esq. Jack S. Fischer, Esq. Paul J. Whitfield, Esq. McCormick Barstow Sheppard WAYTE & CARRUTH P.O. Box 28912 5 River Park Place East Fresno, CA 93729 559/433-1300 559/433-2300 Fax | **Attorneys for Intervenor** **Republic Western Insurance Company** Barbara J. Mandell, Esq. Lorne Lilienthal, Esq. MICHELMAN & ROBINSON, LLP 15760 Ventura Blvd., Suite 500 Encino, CA 91436 818/783-5530 818/783-5507 Fax |
|---|---|

18 | ■   BY U.S. MAIL:  I am "readily familiar" with the firm's practice of collection and
19 | processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Pleasant Hill, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
20 |
21 | ■   BY FACSIMILE: I served a true and correct copy by facsimile to the number(s) listed above
22 | or on the attached sheet.  Said transmission was reported complete and without error.
23 |     I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.
24 |
25 |     Executed on July 16, 2007, at Pleasant Hill, California.
26 |
27 | Maureen Davis
28 |

# Hunter + Geist, Inc.

1900 Grant Street
Suite 800
Denver, CO 80203
Phone: (303) 832-5966    Fax: (303) 832-9525

Job Date: 07/18/2007
Order Date: 07/18/2007
DB Ref.#:
Date of Loss: / /
Your File #:
Your Client: Pacific Employers

**Invoice**

Invoice #: 54390
Inv.Date: 07/23/2007
Balance: $0.00

Bill To:
Marilyn A. Rogers, Esq.
Morales & Gary
2300 Contra Costa Boulevard
Suite 310
Pleasant Hill, CA 94523

Action: Interstate Fire & Casualty Company
vs
Pacific Employers Insurance Company
Action #: EDCV 06-0593 VAP
Rep: Lynnette L. Copenhaver
Cert:

| Item | Proceeding/Witness | Description | Amount |
|---|---|---|---|
| 1 | Kevin Theil | Appearance Fee - Hourly | $65.00 |
| 2 | Kevin Theil | Original Certified Transcript | $719.90 |
| 3 | Kevin Theil | Exhibits | $63.28 |

| | |
|---|---|
| Comments: | Sub Total | $848.18 |
| | Shipping | $0.00 |
| Thank You For Your Business! | Tax | N/A |
| | Total Invoice | $848.18 |
| | Payment | $848.18 |
| Federal Tax I.D.: 84-0835207   Terms: Net 30 Days @ 1.5% | Balance Due | $0.00 |

Please KEEP THIS PART for YOUR RECORDS.
Please FOLD then TEAR HERE and RETURN THIS PART with PAYMENT.

Bill To:   **Internal File No: 01/01/1999**
Marilyn A. Rogers, Esq.
Morales & Gary
2300 Contra Costa Boulevard
Suite 310
Pleasant Hill, CA 94523

Deliver To:
Marilyn A. Rogers, Esq.
Morales & Gary
2300 Contra Costa Boulevard
Suite 310
Pleasant Hill, CA 94523

**Invoice**

Phone: (303) 832-5966
Fax: (303) 832-9525

Hunter + Geist, Inc.
1900 Grant Street
Suite 800
Denver, CO 80203

Invoice #: 54390
Inv.Date: 07/23/2007
Balance: $0.00
Job #: 070718LC
Job Date: 07/18/2007
DB Ref.#:
Date of Loss: / /
Your File #:

17

1   RAMIRO MORALES (SBN 167947)
    rmorales@moralesgary.com
2   TODD B. GARY (SBN 161015)
    tgary@moralesgary.com
3   MARILYN A. ROGERS (SBN #136908)
    mrogers@moralesgary.com
4   MORALES & GARY
    2300 Contra Costa Blvd., Suite 310
5   Pleasant Hill, CA 94523
    Telephone: (925) 288-1776
6   Facsimile: (925) 288-1856

7   Attorneys for Defendant
    PACIFIC EMPLOYERS INSURANCE COMPANY

8

9                    UNITED STATES DISTRICT COURT

10                         CENTRAL DISTRICT

11
    INTERSTATE FIRE & CASUALTY          )   CASE NO. EDCV06-0593 VAP (OPx)
12  COMPANY, an Illinois corporation,   )
                                        )   NOTICE OF TAKING DEPOSITION OF
13              Plaintiff,              )   KEITH KOELLER
                                        )
14  vs.                                 )
                                        )
15                                      )   Date:      March 29, 2007
    PACIFIC EMPLOYERS INSURANCE         )   Time:      10:00 a.m.
16  COMPANY, a Pennsylvania corporation,)   Location:  Koeller, Nebeker, Carlson &
                                        )              Haluck
17              Defendant.              )              3 Park Plaza, Suite 1500
                                        )              Irvine, CA 92614
18  _____)

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that Defendant PACIFIC EMPLOYERS INSURANCE

22  COMPANY ("PEIC"), pursuant to Federal Rules of Civil Procedure, Rule 45, will take the

23  deposition of KEITH KOELLER at the law offices of Koeller, Nebeker, Carlson & Haluck located

24  at 3 Park Plaza, Suite 1500, Irvine, California 92614 on March 29, 2007, at 10:00 a.m., before a

25  Certified Shorthand Reporter.

26         The deposition will be taken upon oral examination before a Notary Public, or other officer

27  authorized by law to take depositions in the State of California and may be recorded by a

28

                                           1

1   videographer.  The oral examination will continue from day to day at the same place, Sundays and

2   holidays excepted, until completed.

3          A list of all parties and attorneys for parties on whom this notice of deposition is being

4   served is shown on the accompanying Proof of Service.

5   DATED:  March 9, 2007.                    MORALES & GARY

6

7                                             By: _____

8                                                 Ramiro Morales
                                                  Todd B. Gary
9                                                 Marilyn A. Rogers
                                                  Attorneys for Defendant
10                                                PACIFIC EMPLOYERS INSURANCE COMPANY

11

12

13  S:\DOCS\AC4699\NOT.Depo.KeithKoeller.070309.MAR.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  |  *Interstate Fire & Casualty Company v. Pacific Employers Insurance Company*
2  |  United States District Court, Central District (Riverside County)
   |  Case No. EDCV06-0593 VAP (OPx)

3

4  |  ### PROOF OF SERVICE

5  |  STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

6  |     I am employed by the Law Offices of Morales & Gary located at 2300 Contra Costa Blvd.,
7  |  Suite 310, Pleasant Hill, CA 94523.  I am over the age of eighteen years and not a party to the
   |  within action.

8  |     On March 9, 2007, I served the document(s) described as:

9  |     (1)    NOTICE OF TAKING DEPOSITION OF KEITH KOELLER; AND

10 |     (2)    SUBPOENA IN A CIVIL CASE.

11 |  on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed
   |  envelope addressed as follows:
12

13 |  **Attorneys for Plaintiff**
   |  **Interstate Fire & Casualty Company**
   |  James P. Wagoner, Esq.
14 |  Todd W. Baxter, Esq.
   |  Paul J. Whitfield, Esq.
15 |  MCCORMICK BARSTOW SHEPPARD WAYTE & CARRUTH
   |  P.O. Box 28912
16 |  5 River Park Place East
   |  Fresno, CA 93729
17 |  559/433-1300
   |  **559/433-2300 Fax**
18

19 |  ■    BY U.S. MAIL:  I am "readily familiar" with the firm's practice of collection and
20 |  processing correspondence for mailing.  Under that practice it would be deposited with U.S.
   |  Postal Service on the same day with postage thereon fully prepaid at Pleasant Hill,
   |  California in the ordinary course of business.  I am aware that on motion of the party served,
21 |  service is presumed invalid if postal cancellation date or postage meter date is more than one
   |  day after date of deposit for mailing in affidavit.
22

23 |     I declare under penalty of perjury under the laws of the State of California that the
   |  above is true and correct.
24

25 |     Executed on March 9, 2007, at Pleasant Hill, California.

26

27 |  *Casie Katusich*
   |  Casie Katusich

28

AO88 (Rev. 12/06) Subpoena in a Civil Ca

## Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL      DISTRICT OF      CALIFORNIA

INTERSTATE FIRE & CASUALTY COMPANY

V.

PACIFIC EMPLOYERS INSURANCE COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  EDVC06-0593 VAP (OPx)

TO:  KEITH KOELLER
     Koeller, Nebeker, Carlson & Haduck
     3 Park Plaza, Suite 1500, Irvine, CA 92614

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Koeller, Nebeker, Carlson & Haluck<br>3 Park Plaza, Suite 1500, Irvine, CA 92614 | DATE AND TIME<br>3/29/2007 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A to this Subpoena.

| PLACE   Koeller, Nebeker, Carlson & Haluck<br>3 Park Plaza, Suite 1500, Irvine, CA 92614 | DATE AND TIME<br>3/29/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Attorney for Defendant* | DATE<br>3/9/2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   *Pacific Employers Insurance Company*<br>Marilyn A. Rogers<br>Morales & Gary, 2300 Contra Costa Blvd., Suite 310, Pleasant Hill, CA 94523, (925) 288-1776 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ATTACHMENT A**

List of Documents to Produce

Keith Koeller and Koeller, Nebeker, Carlson & Haluck (hereinafter "KNCH") are

requested to produce the following documents at the time of Deposition:

1.      Any documents regarding, relating or referring to your and/or KNCH's

investigation, handling, defense and/or settlement of the following actions (hereinafter referred to

as the "Underlying Actions"):

(1)   *Socorro Mendoza, et al. v. Gonzalez, Inc. dba Golden State Transportation, et al.*, Riverside County Superior Court, Case No. 391704;

(2)   *Alfred Chacon, et al. v. Golden State Transportation Services, Inc., et al.*, Los Angeles County Superior Court, Case No. BC298227 (later filed in Riverside County Superior Court, Case No. RIC 406050);

(3)   *Maria Delgado, et al. v. Miguel Pulido, et al.*, Riverside County Superior Court, Case No. INC 037713;

(4)   *Arminda Gonzalez, et al. v. Golden State Transportation Services*, Riverside County Superior Court, Case No. INC 037910;

(5)   *Liz Huerta, et al. v. Greyhound Lines, Inc., et al.*, Los Angeles County Superior Court, Case No. BC301249 (later filed in Riverside County Superior Court, Case No. RIC406066);

(6)   *Juan Montero, et al. v. Golden State Bus Lines, Inc., et al.*, United States District Court, Central District, Case No. CV 03-6041 (later filed in Riverside County Superior Court, Case No. INC 038854;

(7)   *Jose Trinidad Romo, et al., v. Sita, Inc., et al.*, Riverside County Superior Court, Case No. INC 037382;

(8)   *Martha Vazquez, et al. v. Miguel Pulido, et al.*, Riverside County Superior Court, Case No. INC 037708; and

(9)   *Gaspar Zaragoza v. Golden State Transportation Co., Inc., et al.*, Riverside County Superior Court, Case No. INC 037760 (hereinafter jointly referred to as "the Underlying Lawsuits").

1

2.      Any documents concerning any communications, written or verbal, regarding, relating or referring to the Underlying Actions, including but not limited to, any reports to Republic Western Insurance Company, Interstate Fire & Casualty Company and/or Fireman's Fund.

2

**ATTACHMENT A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LexisNexis File & Serve SOP<br>Morales & Gary 2300 Contra Costa Blvd<br>Pleasant Hill, CA 94523-3961<br>TELEPHONE NO.: 9252881776       FAX NO. (Optional): 9252881856<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): INTERSTATE FIRE & CASUALTY COMPANY | |

| UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: INTERSTATE FIRE & CASUALTY COMPANY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PACIFIC EMPLOYERS INSURANCE COMPANY | EDCV06-0593 VAP(OPX) |
| PROOF OF SERVICE - CIVIL | Ref. No. or File No.:<br>14082220 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents)*:
   Subpoena; Attachment; Notice of Taking Deposition of Keith Koeller

3. a. Party served *(specify name of party as shown on documents served)*:
   KEITH KOELLER, NAMED DEFENDANT, A white male approx. 45-55 years of age 5'6"-5'8" in height weighing 160-180 lbs with black hair

   b. [  ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   3 PARK 3 Park SUITE 1500, IRVINE, CA 92614

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date)*: 3/13/2007   (2) at *(time)*: 1:45 PM
   b. [  ] **by substituted service.** On *(date)*:   (2) at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   (1) [  ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [  ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [  ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*:            or [  ] a declaration of mailing is attached.
   (5) [  ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Code of Civil Procedure, § 1011

**PROOF OF SERVICE - CIVIL**

Order No. 8205158

AO88 (Rev. 12/06) Subpoena in a Civ.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/13/07 | 3 Park Plaza, Suite 1500, Irvine, CA. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| KEITH KOELLER | PERSONAL SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| RICHARD STEIBER | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3/14/07___
DATE

_____
SIGNATURE OF SERVER

633 Yesler Way
ADDRESS OF SERVER

Seattle, WA. 98104

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

| PLAINTIFF/PETITIONER:  INTERSTATE FIRE & CASUALTY COMPANY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  PACIFIC EMPLOYERS INSURANCE COMPANY | EDCV06-0593 VAP(OPX) |

c. [   ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*      (2) from *(city):*

    (3) [   ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt*.)* (Code Civ. Proc., § 415.30)

    (4) [   ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [   ] **by other means** *(specify means of service and authorizing code section):*

    [   ] Additional page describing service is attached.

6. **Person who served papers**
  a. Name:          **Richard Steiber**
  b. Address:       **2112 E. 4th street, suite 218, Santa Ana, CA 92705**
  c. Telephone number:  **206-521-2947**
  d. The fee for service was:  **$**
  e. I am:
    (1) [   ] not a registered California process server.
    (2) [   ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ X ] registered California process server:
        (i) [   ] owner  [   ] employee  [ X ] independant contractor
        (ii) [ X ] Registration No.:  **1852**
        (iii) [ X ] County:      **Orange**

7. [ X ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

8. [   ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  **3/14/2007**

| | |
|---|---|
| **Richard Steiber** | *(signature)* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

**PROOF OF SERVICE - CIVIL**

Order No. 8205158

LUDWIG KLEIN REPORTERS & VIDEO, INC.
10868 KLING STREET
TOLUCA LAKE, CA 91602
(800) 540.0681   Fax (818) 508.6326

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 155197 | 07/13/2007 | 02-51505 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 06/27/2007 | HILLBR | EDCV060593V |

| CASE CAPTION | | |
|---|---|---|
| INTERSTATE FIRE & CASUALTY VS. PACIFIC EMPL | | |

| TERMS | | |
|---|---|---|
| Net 30 | | |

MARILYN ROGERS, ESQ.
MORALES & GARY
2300 CONTRA COSTA BOULEVARD
SUITE 300
PLEASANT HILL, CA 94523

---

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:
    KEITH KOELLER, ESQ.                                        611.14
                                                       _____
                                   TOTAL   DUE   >>>>       611.14

OK to pay
mr

## THANK YOU FOR YOUR BUSINESS

## WE NOW ACCEPT     

---

TAX ID NO. :  95-3996239                                      (925) 288-1776

*Please detach bottom portion and return with payment.*

MARILYN ROGERS, ESQ.
MORALES & GARY
2300 CONTRA COSTA BOULEVARD
SUITE 300
PLEASANT HILL, CA 94523

Invoice No. :  155197
Date        :  07/13/2007
**TOTAL DUE  :      611.14**

Job No.  . :  02-51505
Case No.   :  EDCV060593VAPOPX
INTERSTATE FIRE & CASUALTY VS. PACIF

Remit To:   **LUDWIG KLEIN REPORTERS & VIDEO, INC.**
            **10868 KLING STREET**
            **TOLUCA LAKE, CA 91602**

James P. Wagoner, # 058553
Todd W. Baxter, # 152212
Jack S. Fischer, # 171703
Paul J. Whitfield, # 241651
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff
INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois corporation,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation,, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation, <br><br> Defendant. | Case No. EDCV06-0593 VAP (OPx) <br><br> **NOTICE OF TAKING DEPOSITION OF DAVID FARRELL** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff INTERSTATE FIRE & CASUALTY COMPANY ("INTERSTATE"), pursuant to Federal Rules of Civil Procedure Rules 30 and 45, will take the deposition of DAVID FARRELL at Central Court Reporting, 1001 Fourth Avenue, Suite 3200, Seattle, Washington 98104 at 2:00 p.m. on June 11, 2007 before a Certified Shorthand Reporter.

The deposition will be taken upon oral examination before a Notary Public, or other officer authorized by law to take depositions in said State and may be recorded by a videographer. The oral examination will continue from day to day at the same place, Sundays and holidays excepted, until completed.

1    A list of all parties or attorneys for parties on whom this notice of deposition

2 is being served is shown on the accompanying proof of service.

3 Dated:  May 17, 2007                    McCORMICK, BARSTOW, SHEPPARD,
                                          WAYTE & CARRUTH LLP
4

5                                         By:  _____
6                                              James P. Wagoner
                                               Todd W. Baxter
7                                              Jack S. Fischer
                                               Paul J. Whitfield
8                                              Attorneys for Plaintiff
                                          INTERSTATE FIRE & CASUALTY
9                                         COMPANY, an Illinois corporation,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 River Park Place East

NOTICE OF DEPOSITION OF DAVID FARRELL
EDCV06-0593 VAP (OPX)

1

## PROOF OF SERVICE

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On May 17, 2007, I served the within documents:

3

4

### NOTICE OF TAKING DEPOSITION OF DAVID FARRELL

5

6

☐    **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7

8

☐    **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

9

10

☒    **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

11

12

☐    **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

13

14

☐    **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to all parties that the document has been served.

15

16

Marilyn A. Rogers, Esq.
Law Offices of Morales & Gary
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, California 94523

17

18

Courtesy Copy To:
Central Court Reporting, Incorporated
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
Telephone: **(509) 457-3377**

19

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

22

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

    Executed on May 17, 2007, at Fresno, California.

25

26

_____
Christina Torres

42395/00015-1084802.v1

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP

3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

INTERSTATE FIRE & CASUALTY COMPANY

V.

PACIFIC EMPLOYERS INSURANCE COMPANY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] EDCV06-0593 VAP (OPx)
United States District Court for
the Central District of
California

TO: David Farrell
Bank of America Leasing
800 5th Avenue, Plaza Building
Seattle, WA 98104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Central Court Reporting, 1001 Fourth Avenue, Suite 3200, Seattle, Washington 98104; (509) 457-3377 | June 11, 2007, 2:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff INTERSTATE FIRE & CASUALTY COMPANY | May 16, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jack S. Fischer
McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East, Fresno, California, 93720          (559) 433-1300

American LegalNet, Inc.

AO88 (Rev. 12/06) Subpoena in a Civil Case

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.



## Central Court Reporting

1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 682-5896

No. S 25554

Federal Tax No.: 91-1709691

*AC4699*

OK TO PAY

## INVOICE

Date:    7/10/2007

Reference No.:

TO:    Mr. Todd B. Gary
Morales & Gary
2300 Contra Costa Boulevard, Suite 310
Pleasant Hill, CA 94523

Case:    Interstate Fire & Casualty vs. Pacific Employers Insurance Co.

| Date | Qty | | Description | Amount |
|---|---|---|---|---|
| 6/22/2007 | 34 | pgs | One copy of the deposition of David P. Farrell (E-Transcript only) | 93.50 |
| | 132 | pgs | One copy of the exhibits to above deposition | 39.60 |
| | | | Shipping | 6.00 |

| | **Total** | $139.1 |
|---|---|---|

Thank You