James P. Wagoner, # 058553
Todd W. Baxter, # 152212
Paul J. Whitfield, # 241651
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300
Email:      jim.wagoner@mccormickbarstow.com

(SPACE BELOW FOR FILING STAMP
ONLY)

Attorneys for Plaintiff
INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois corporation,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant.<br><br>REPUBLIC WESTERN INSURANCE COMPANY, an Arizona corporation,<br><br>Plaintiff in Intervention,<br><br>v.<br><br>INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants in Intervention. | Case No.  EDCV06-0593 VAP (OPx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF INTERSTATE FIRE & CASUALTY COMPANY'S MOTION TO RETAX COSTS**<br><br>Complaint Filed:  June 6, 2006<br>Trial Date: None<br>Judge:      Hon. Virginia A. Phillips<br><br>Date:     August 31, 2009<br>Time:     10:00 a.m.<br>Ctrm:     2<br><br>**[Filed concurrently with: Notice of Motion; Declaration of Todd W. Baxter]** |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF INTERSTATE FIRE &
CASUALTY COMPANY'S MOTION TO RETAX COSTS
EDCV06-0593 VAP (OPx)

1

**TABLE OF CONTENTS**

2

**Page**

I.   INTRODUCTION ...................................................................................1

II.   STANDARDS ON MOTIONS TO RETAX COSTS ...................................2

III.   PHOTOCOPY EXPENSES ......................................................................2

     A.   PEIC May Not Recover Costs for Photocopying Documents
        That Were Not Furnished to the Court or Opposing Counsel.............2

     B.   PEIC May Not Recover Costs for Photocopying Documents
        That Were Copied for the Convenience of Counsel ...........................3

IV.   DEPOSITION EXPENSES .......................................................................4

V.   CONCLUSION .......................................................................................6

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Barber v. Ruth,*
   7 Fed.3d 636, 645 (7th Cir. 1993) ...................................................................5

5

6

*Beech Cinema, Inc. v. Twentieth Century-Fox Film Corp.,*
   480 F. Supp. 1195, 1198 (S.D.N.Y. 1979)........................................................3

7

*Coats v. Penrod Drilling Corp.,*
   5 F.3d 877,891 (5th Cir. 1993) ........................................................................5

8

9

*Crawford Fitting Co. v. J. T. Gibbons, Inc.,*
   482 U.S. 437, 440 (1987) .................................................................................2

10

*El Dorado Irrigation Dist. v. Traylor Bros.,*
   2007 U.S. Dist. LEXIS 14440, *31 (E.D. Cal. 2007) .....................................4

11

12

*Evanow v. M/V Neptune,*
   163 F.3d 1108, 1118 (9th Cir. 1998) ................................................................5

13

*Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.,*
   920 F.2d 587, 588 (9th Cir. 1990) ....................................................................3

14

15

*Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago,*
   38 F.3d 1429, 1441 (7th Cir. 1994) ..................................................................4

16

*Hartung v. Cae Newnes,*
   2002 U.S. Dist. LEXIS 25525, *6-7 (D. Or. 2002) .........................................5

17

18

*In Re Paoli R.R. Yard PCB Litig.,*
   221 F.3d 449, 461 (3rd Cir. 2000) .................................................................2, 5

19

*Majeske v. City of Chicago,*
   218 F.3d 816, 824 (7th Cir. 2000) ....................................................................2

20

21

*McIlveen v. Stone Container Corp.,*
   910 F.2d 1581, 1584 (7th Cir. 1990) ................................................................4

22

*Ryther v. KARE 11,*
   864 F.Supp. 1525, 1534 (D. Minn. 1994) ........................................................5

23

24

*Sharon v. Yellow Freight System, Inc.,*
   985 F.Supp. 1274, 1275 (D. Kan. 1997) ..........................................................2

25

*Symantec Corp. v. CD Micro, Inc.,*
   2005 U.S. Dist. LEXIS 39432, *15 (D. Or. 2005) ...........................................4

26

27

*Tavarez v. Heckler,*
   610 F.Supp. 1059, 1064 (S.D.N.Y. 1985)........................................................3

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

ii

PLAINTIFF INTERSTATE FIRE & CASUALTY COMPANY'S OBJECTIONS TO PACIFIC EMPLOY

# TABLE OF AUTHORITIES
## (continued)

Page

*United States ex rel. Meyer v. Horizon Health Corp.,*
   2007 U.S. Dist LEXIS 14521, *13-15 (N.D. Cal. 2007) ....................................... 3

**Statutes**

28 United States Code, Section 1920 ........................................................ 1, 2, 3, 5

28 United  States Code, Section 1920(2) ................................................................ 4

28 United States Code, Section 1920(4) ................................................................ 3

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

PLAINTIFF INTERSTATE FIRE & CASUALTY COMPANY'S OBJECTIONS TO PACIFIC EMPLOY

## I.   <u>INTRODUCTION</u>

This motion to retax costs follows the July 31, 2009 order of the Clerk of the Court taxing costs in the amount of $11,029.56 as originally requested on September 13, 2007 by Pacific Employer's Insurance Company ("PEIC") against Interstate Fire & Casualty Company ("Interstate") as it pertains to the action brought by Interstate against PEIC.  Interstate objects to the awarding of $5,132.74 in costs as nonawardable under 28 U.S.C. § 1920.  Specifically, PEIC cannot recover costs for photocopying documents that were not furnished to the Court or opposing counsel, may not recover costs for photocopying documents that were copied for the convenience of counsel and may not recover costs for deposition transcripts that were not necessarily obtained for use in the case.

The main complaint was an insurance dispute between Interstate and PEIC, arising from nine (9) underlying actions.  The underlying plaintiffs were passengers on a bus operated by Gonzalez, Inc. d/b/a Golden State Transportation.  Golden State Transportation was partially owned by SITA, Inc., a wholly owned subsidiary of Greyhound Lines, Inc.  Additionally, Greyhound Lines, Inc. subleased the bus to Gonzalez, Inc.  Interstate and Plaintiff in Intervention Republic Western Insurance Company ("RWIC") insured SITA, Inc., Golden State Transportation, and the bus driver, and settled all nine underlying actions on behalf of their insureds.  PEIC insured Greyhound Lines, Inc., and did not participate in the settlement.

Originally, Interstate filed the present action to obtain reimbursement from PEIC up to its policy limits, but on May 8, 2007, RWIC filed a complaint in intervention against Interstate and PEIC, seeking reimbursement for monies it contributed to the settlement under a CGL policy.

Interstate's action against PEIC was resolved in the District Court on August 31, 2007, after the Court granted a motion for summary judgment in favor of PEIC.  Interstate appealed that decision.  On July 13, 2009, the Ninth Circuit

1    Court of Appeals affirmed the District Court's judgment.   On July 27, 2009,

2    Interstate filed a petition for rehearing and rehearing en banc, along with a request

3    for certification of issues to the California Supreme Court.   That petition is still

4    pending.

5           As noted above, PEIC in its September 14, 2007 Application to the Clerk to

6    Tax Costs requested a total of $11,029.56 in reimbursable costs.   Although the

7    Clerk of the Court taxed the full amount, the entire amount should not have been

8    awarded under 28 U.S.C. § 1920, and Interstate requests that this motion to retax be

9    granted, reducing the award of costs by $5,132.72, taxing instead a total of

10   $5,896.84.

11   ## II.   STANDARDS ON MOTIONS TO RETAX COSTS

12          Under U.S. District Court for the Central District, Local Rule 54-9, a review

13   of the Clerk's determination of costs may be obtained through a motion to retax

14   costs.   Review is limited to the record made before the Clerk.   The Clerk's

15   assessment of costs is reviewed by the District Court de novo.   *In Re Paoli R.R.*

16   *Yard PCB Litig.,* 221 F.3d 449, 461 (3rd Cir. 2000); *Sharon v. Yellow Freight*

17   *System, Inc.,* 985 F.Supp. 1274, 1275 (D. Kan. 1997).   In reviewing cost

18   assessments, the District Court must consider whether the costs imposed are

19   allowable, and if so, whether the amount assessed for each particular item is

20   reasonable.   *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987);

21   *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

22   ## III.   PHOTOCOPY EXPENSES

23   ###   A.   PEIC May Not Recover Costs for Photocopying Documents That
24               Were Not Furnished to the Court or Opposing Counsel

25          PEIC was awarded by the Clerk of the Court expenses in the amount of

26   $2,395.39 for copying files from the law firm of Varner & Brandt, and $690.69 for

27   copying files from the law firm of Greene, Broillet & Wheeler.   Both law firms

28   represented parties in the underlying actions: Varner & Brandt represented the

2

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF INTERSTATE FIRE &
CASUALTY COMPANY'S MOTION TO RETAX COSTS

EDCV06-0593 VAP (OPx)

1    underlying defendants, and Greene, Broillet & Wheeler represented the Mendoza

2    plaintiffs.

3         Under 28 U.S.C. § 1920(4), items allowable as costs include "Fees for

4    exemplification and copies of papers necessarily obtained for use in the case."  This

5    includes photocopying expenses that are not ultimately used in trial or introduced

6    into the record.  *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*,

7    920 F.2d 587, 588 (9th Cir. 1990).   However, expenses for photocopying are

8    includable as costs only to the extent that the documents are furnished to the court

9    or to opposing counsel.  *United States ex rel. Meyer v. Horizon Health Corp.*, 2007

10   U.S. Dist LEXIS 14521, *13-15 (N.D. Cal. 2007) (the *Haagen-Dazs* ruling does not

11   change the fact that copies are includable as costs only to the extent they are

12   furnished to the court or opposing counsel); see also *Tavarez v. Heckler*, 610

13   F.Supp. 1059, 1064 (S.D.N.Y. 1985) ("Finally, photocopying expenses are

14   recoverable under § 1920 only to the extent that the copies were furnished to the

15   Court or to opposing counsel."); *Beech Cinema, Inc. v. Twentieth Century-Fox Film

16   Corp.,* 480 F. Supp. 1195, 1198 (S.D.N.Y. 1979), aff'd, 622 F.2d 1106 (2nd Cir.

17   1980).

18        In the case of the documents specifically copied from the offices of Varner &

19   Brandt and Greene, Broillet & Wheeler, no copies were ever furnished to Interstate

20   by PEIC. (Baxter Decl., 2:6-11.)   To Interstate's knowledge, none of these

21   documents were ever furnished to the Court.  (Baxter Decl., 2:12-14.)  Therefore,

22   PEIC should not recover its costs for copying the files from Varner & Brandt and

23   Greene, Broillet & Wheeler.

24   **B.    PEIC May Not Recover Costs for Photocopying Documents That
     Were Copied for the Convenience of Counsel**

25

26        PEIC was awarded by the Clerk of the Court expenses in the amount of

27   $1,560.64 for copying files from the law firm of Cochran, Cherry, Givens & Smith,

28   and $690.69 for copying files from the law firm of Greene, Broillet & Wheeler

3

1  (objected to above on additional grounds).  Both law firms represented plaintiffs in

2  the underlying personal injury action.

3  The party seeking reimbursement of its costs must be specific in its

4  description of the documents produced and the purpose of the document

5  production.  *El Dorado Irrigation Dist. v. Traylor Bros.*, 2007 U.S. Dist. LEXIS

6  14440, *31 (E.D. Cal. 2007) (it is not sufficient to merely state that copies were

7  "necessarily obtained").  Expenses for copies that are obtained for counsel's or a

8  litigant's own use are not includable as costs.  *Haroco, Inc. v. American Nat. Bank*

9  *and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (set of copies for

10  convenience of attorneys was noncompensable); *McIlveen v. Stone Container*

11  *Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (pleadings copied solely for review by

12  counsel were noncompensable); *Symantec Corp. v. CD Micro, Inc.*, 2005 U.S. Dist.

13  LEXIS 39432, *15 (D. Or. 2005) (costs not allowed when court could not

14  determine what part was for attorney convenience).

15  PEIC states in the Declaration of Marilyn A. Rogers, submitted with its

16  application, that it had "very little information regarding the facts of the underlying

17  cases," and thus propounded discovery to gather information.  Decl. of Rogers, p.

18  2:5.  There is no indication that any of the documents obtained from the law firms

19  of Cochran, Cherry, Givens & Smith or Greene, Broillet & Wheeler were ever used

20  other than to merely inform PEIC of the underlying facts.  This is akin to the

21  copying of court pleadings for review, which has been described as an expense

22  made for counsel's convenience.  See *McIlveen*, *supra*, 910 F.2d at 1584.  PEIC's

23  description of the use of these documents, such as it is, precludes recovery of these

24  costs.

25  **IV.   DEPOSITION EXPENSES**

26  PEIC has submitted as part of its costs, expenses in the amount of $319.25

27  and $166.75 for the deposition transcripts of Charles Norris and Douglas Bell,

28  respectively, as RWIC's persons most knowledgeable.  28 U.S.C. 1920(2) allows

4

1    the taxing of costs for a "stenographic transcript necessarily obtained for use in the
2    case." See *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998). The
3    transcripts must be reasonably necessary, and the actual use of the transcript is the
4    most direct evidence of its necessity. *Barber v. Ruth,* 7 Fed.3d 636, 645 (7th Cir.
5    1993); *Ryther v. KARE 11*, 864 F.Supp. 1525, 1534 (D. Minn. 1994). Moreover,
6    the cost of depositions taken purely for discovery or investigative purposes, rather
7    then for trial preparation or trial use, are ordinarily not recoverable. *Coats v.*
8    *Penrod Drilling Corp.,* 5 F.3d 877,891 (5th Cir. 1993).

9        This matter, however, involves two actions: (1) INTERSTATE's action
10   against PEIC, in which PEIC obtained summary judgment and subsequently filed
11   an application to tax costs, and (2) RWIC's action against INTERSTATE and
12   PEIC. The depositions of RWIC's persons most knowledgeable, Norris and Bell,
13   were noticed and taken by INTERSTATE on July 31, 2007 as part of its defense
14   against RWIC's Complaint in Intervention. (Baxter Decl. 2:15-19.) PEIC had no
15   reasonable use for these transcripts in its defense against Interstate, particularly
16   since it had filed its Motion for Summary Judgment as to Interstate's complaint in
17   March of 2007, more than four months before these depositions were taken.
18   PEIC's counsel did not even appear in person for the depositions, choosing instead
19   to appear by telephone. (Baxter Decl. 2:19-20.) Moreover, during the deposition
20   of Douglas Bell, PEIC's attorney did not ask any questions. (Baxter Decl. 2:21-
21   22.)

22       "Pursuant to § 1920, district courts have equitable discretion to apportion
23   costs between prevailing and nonprevailing parties. This equitable power also
24   includes the power to divide costs among the losing and winning parties in a case
25   involving multiple plaintiffs or multiple defendants." *Hartung v. Cae Newnes*,
26   2002 U.S. Dist. LEXIS 25525, *6-7 (D. Or. 2002), citing *In re Paoli R.R. Yard*
27   *PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000). As the depositions of RWIC's
28   persons most knowledgeable, Norris and Bell, served no purpose in Interstate's

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF INTERSTATE FIRE &
CASUALTY COMPANY'S MOTION TO RETAX COSTS

EDCV06-0593 VAP (OPx)

1   action against PEIC, the Court should separate those costs from the costs that are
2   validly included in relation to Interstate's action against PEIC.  Thus, the Court
3   should not award PEIC the costs for these depositions in the total amount of
4   $486.00.

5          To the extent the Court believes there was some dual purpose for these
6   depositions that relates to PEIC's defense against both Interstate and RWIC, despite
7   the fact PEIC had already filed its Motion for Summary Judgment as to Interstate's
8   complaint at the time of the depositions and clearly did not need, nor used anything
9   from their depositions to support its position, the Court should tax only 50% of the
10  expenses PEIC incurred for these depositions, reducing PEICs taxable costs by
11  $243.00.

12  **V.    CONCLUSION**

13         For the reasons stated above, Interstate Fire & Casualty Company hereby
14  requests that this Court grant the motion to retax costs reducing the amount of
15  taxable costs awarded by the Clerk of the Court in the amount of $5,132.72,
16  awarding instead costs totaling $5,896.84.

17  Dated:  August 7, 2009                    McCORMICK, BARSTOW, SHEPPARD,
18                                                          WAYTE & CARRUTH LLP

19

20                                            By: /s/ Todd W. Baxter
                                                       James P. Wagoner
21                                                    Todd W. Baxter
                                                      Paul J. Whitfield
22                                               Attorneys for Plaintiff
                                               INTERSTATE FIRE & CASUALTY
23                                             COMPANY, an Illinois corporation,

24
    42395/00015-1430761.v1
25

26

27

28

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF INTERSTATE FIRE &
CASUALTY COMPANY'S MOTION TO RETAX COSTS

EDCV06-0593 VAP (OPx)