RAMIRO MORALES, # 167947
rmorales@mfrlegal.com
MARILYN A. ROGERS, # 136908
mrogers@mfrlegal.com
MORALES FIERRO & REEVES
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, CA 94523
Telephone: (925) 288-1776
Facsimile: (925) 288-1856

Attorneys for Defendant
Pacific Employers Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | CASE NO.: EDCV06-0593 VAP (OPx)<br><br>**DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO RETAX COSTS; DECLARATIONS OF MARILYN A. ROGERS AND DEANNE MORALES IN SUPPORT THEREOF** |
| REPUBLIC WESTERN INSURANCE COMPANY, an Arizona corporation,<br><br>Plaintiff in Intervention,<br><br>vs.<br><br>INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | Hearing Date: August 31, 2009<br>Time: 10:00 a.m.<br>Courtroom: 2<br><br>Judge: Hon. Virginia A. Phillips<br>Complaint Filed: June 6, 2006 |

Defendant PACIFIC EMPLOYERS INSURANCE COMPANY ("PEIC") hereby submits this opposition to Plaintiff INTERSTATE FIRE & CASUALTY COMPANY's ("Interstate") Motion to Retax Costs.

## I. INTRODUCTION

By its motion, Interstate seeks to reduce the Court's July 31, 2009 award to PEIC of $11,029.56 in costs by the amount of $5,132.74. Interstate's motion raises the same issues that were rejected by the Court in ruling on PEIC's motion to tax costs. As found previously by the clerk of this Court, the arguments raised by Interstate are without merit. Accordingly, PEIC requests that this Court confirm PEIC's award of costs in full.

## II. LEGAL ARGUMENT

### A. PEIC Is Entitled To All Of Its Photocopy Expenses

#### 1. PEIC is Entitled to Recover the Costs for the Varner & Brandt and Greene, Broillet & Wheeler Documents

Interstate seeks to reduce the Court's award of costs to PEIC by arguing that PEIC is not entitled to recover the costs of copying the files of Varner & Brandt, counsel for defendants Miguel Pulido, SITA and Golden State in the underlying nine cases in the amount of $2,395.39 and for copying documents from one of the plaintiffs' firm, Greene, Broillet & Wheeler in the underlying cases on the grounds that the documents from these entities were not obtained by Interstate nor filed with the Court. Interstate's argument is, at best, disingenuous.

As set forth in the Declarations of Marilyn A. Rogers ("Rogers Dec.") and Deanne Morales ("Morales Dec.") attached hereto, counsel for Interstate received proper notice of the subpoenas and was given every opportunity to copy these documents. Interstate, on its own, chose not to copy these documents. Interstate, therefore, cannot rely on the fact that it chose not to take copies of these documents as a reason for denying PEIC the right to recover their copying costs.

As set forth in PEIC's original papers, documents pertaining to these two firms were copied pursuant to subpoena. The subpoenas were duly served upon Interstate. Further, Interstate was aware of when the documents were being produced and was given ample opportunity to copy them. (See, Rogers and Morales Decs.) Therefore, these documents were provided to Interstate

by PEIC. The fact that Interstate chose not to make copies of these documents, does not change that fact. As these documents were in fact produced to Interstate, PEIC is entitled to recover their copying costs.

In addition, Interstate's allegation that these documents were never furnished to the Court is also incorrect. Documents obtained from Varner & Brandt were filed and used in support of PEIC's Motion for Summary Judgment against Interstate. As set forth in the Rogers Dec., a number of the copies of the underlying complaints were obtained from Varner & Brandt and were attached to PEIC's Request for Judicial Notice. In addition, PEIC first learned that the driver of the bus at issue, Miguel Pulido, had been criminally prosecuted for his actions with respect to the accident from the documents produced by Varner & Brandt and the copy of the indictment against Miguel Pulido from Varner & Brandt was also attached PEIC's Request for Judicial Notice in support of its motion for summary judgement.

Based on the foregoing, PEIC is entitled to recover its costs of copying the files from Varner & Brandt and Greene, Broillet & Wheeler from Interstate. Accordingly, the Court's prior granting of these costs to PEIC should be re-affirmed.

### 2. None of the Documents that PEIC Copied Were for Its Own Convenience

Interstate's assertion that PEIC's copying of documents from plaintiffs' counsel in the underlying cases was akin to copying court pleadings and, thus, was solely made for counsel's convenience is absurd. As laid out in detail in PEIC's original Application to Tax Costs, these documents were not copied for PEIC's counsel's convenience but were relevant not only to determining the facts of the case and PEIC's coverage defenses but to PEIC determining whether the over $10.5 Million settlement of the Underlying Actions was reasonable. As Interstate was seeking $2,000,000 in contribution from PEIC, PEIC was entitled to make this determination. For PEIC to get all the pertinent information relating to the underlying claims, it had to subpoena documents from counsel involved in the underlying claims. Thus, PEIC is entitled to be reimbursed for these costs. On that basis, PEIC respectfully requests that the Court confirm its prior award of costs to PEIC in full.

### B. PEIC Is Entitled To The Costs For All Deposition Transcripts

Interstate also alleges that PEIC is not entitled to the amount of $319.25 and $166.75 for copies of the deposition transcripts of Plaintiff in Intervention Republic Western Insurance Company's ("Republic") person(s) most knowledgeable regarding claims and underwriting. What Interstate fails to inform the Court is that when Republic filed its complaint in intervention, it alleged causes of action not only against Interstate but directly against PEIC. Therefore, it was necessary for PEIC to attend and obtain the transcripts of these depositions. The number of questions that PEIC chose to ask at the depositions are irrelevant to whether the depositions were necessary to PEIC's defense. These depositions involved the most knowledgeable witnesses produced by a plaintiff who was seeking relief directly from PEIC. Therefore, PEIC's counsel would have been committing malpractice if it had not attended the depositions and gotten copies of the transcripts. In addition, if PEIC had not prevailed on its motion for summary judgment, these depositions would have certainly been necessary in preparing for trial on Interstate's claims as to the facts of the tender and handling of the cases and the issue of the Interstate policy following form to the Republic policy.

Further, Interstate was the party which demanded that these depositions go forward before the hearing on the parties' cross-motions for summary judgment. Therefore, for Interstate to take the position that PEIC is not entitled to such costs when Interstate refused to extend the time to take depositions and forced these particular depositions to go forward is disingenuous. As these transcripts were necessarily obtained for use in the case by PEIC, PEIC is entitled to recover their costs from Interstate.

///
///
///
///
///
///
///

## III. CONCLUSION

Based on the foregoing, PEIC is entitled to the full amount previously awarded by the Court - $11,029.56. PEIC respectfully requests that this Court re-confirm that award.

DATED: August 14, 2009

MORALES, FIERRO & REEVES

By: _____
Ramiro Morales
Marilyn A. Rogers
Attorneys for Defendant
PACIFIC EMPLOYERS INSURANCE COMPANY

## DECLARATION OF MARILYN A. ROGERS

I, Marilyn A. Rogers, declare as follows:

1. I am an attorney with the law firm of Morales, Fierro & Reeves, counsel for Defendant Pacific Employers Insurance Company ("PEIC") in this action. I have personal knowledge of the facts contained herein and if called to testify would and could do so competently.

2. This Declaration is made in support of PEIC's Opposition to Interstate's Motion to Retax Costs.

3. Throughout this litigation, I oversaw the costs incurred in this litigation and authorized the costs listed in this declaration in my role as counsel for PEIC.

4. In response to the subpoena PEIC served on Varner & Brandt, Varner & Brandt produced the 14 boxes of documents. I flew down to review those documents on or about January 22, 2007. At the time that I reviewed documents, I made a determination as to what I wanted copied from the 14 boxes. On that same day, I spoke with both Brendan Brandt and his secretary from Varner & Brandt and told them that the other party in the case, Interstate, would be seeking a copy of their documents as well and that they should expect a call from Interstate's counsel. I also spoke with the copier at IKON that day, which PEIC had hired to do the copying in-house at Varner & Brandt, and told him that they would be contacted by Interstate's counsel with regard to obtaining copies. I informed IKON that I had tabbed what I wanted to have copied out of the 14 boxes of documents. The documents I had tabbed, once copied, filled two bankers boxes.

5. Later that week after I had returned to my office, I spoke separately with both Todd Baxter, counsel for Interstate, and his paralegal, Della, regarding the coping of Varner & Brandt documents. I explained that there were 14 boxes of documents and that they should call IKON if they wanted copies. I also gave them the contact information for Varner & Brandt if Interstate wanted to talk to someone directly at the firm about the documents. During my conversation with Mr. Baxter, I also explained that I had reviewed the documents and chosen what I wanted copied. During that conversation, he agreed that Interstate was not entitled to my "cut" of the documents as that was my work product and that his firm would contact Varner & Brandt directly about the

documents. When I later spoke with Mr. Brandt's secretary, she informed me that she had spoken with someone at McCormick, Barstow about the types of documents that were in the 14 boxes.

6. With respect to the documents copied from Greene, Broillet & Wheeler, we were informed by that firm that there were a small amount of documents. Therefore, we asked that IKON copy them. I asked my paralegal, Deanne Morales to inform Interstate's counsel that IKON was coping the documents so that counsel could get copies of these documents, if they so desired.

7. Documents obtained from Varner & Brandt were filed and used in support of PEIC's Motion for Summary Judgment against Interstate. Specifically, a number of the copies of the underlying complaints obtained from Varner & Brandt and were attached to PEIC's Request for Judicial Notice in support of PEIC's Motion for Summary Judgment against Interstate. In addition, PEIC first learned that the driver of the bus at issue, Miguel Pulido, had been criminally prosecuted for his actions with respect to the accident from the documents produced by Varner & Brandt. A copy of the indictment against Miguel Pulido was also attached PEIC's Request for Judicial Notice in support of PEIC's Motion for Summary Judgment against Interstate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of August, 2009 at Pleasant Hill, California.

_____
MARILYN A. ROGERS

## DECLARATION OF DEANNE MORALES

I, Deanne Morales, declare as follows:

1. I am paralegal with the law firm of Morales, Fierro & Reeves, counsel for Defendant Pacific Employers Insurance Company ("PEIC") in this action. I have personal knowledge of the facts contained herein and if called to testify would and could do so competently.

2. This Declaration is made in support of PEIC's Opposition to Interstate's Retax costs.

3. I was in charge of arranging the copying of documents produced in response to subpoenas served on Cochran, Cherry Givens & Smith; Greene, Broillet & Wheeler; Varner & Brandt and SITA. Marilyn Rogers, counsel on the file, requested that I contact Della Burke, the paralegal and secretary for Todd Baxter of McCormick, Barstow, Sheppard, Wayte & Carruth, counsel for Interstate, and inform her as to when we received a response to our subpoenas and how we intended to obtain copies. In each instance that documents were made available by the subpoenaed parties, I informed Interstate's paralegal Della Burke how and when the documents were being produced and the copy service PEIC was using to obtain documents so that Interstate could obtain copies of the documents. I spoke to Della several times on the telephone over the next few weeks regarding production of these documents.

4. On or about the week of January 8, 2007 I contacted IKON copy services located in Walnut Creek, California about copying documents that were going to be produced by subpoena. I spoke with Mark Coltrin, account manager, and arranged for the copying of the subpoenaed documents at Cochran, Cherry Givens & Smith, Greene, Broillet & Wheeler and Varner & Brandt, which are all located in Southern California.

5. On or about the week of January 16, 2007, I contacted Della of McCormick Barstow and informed her that IKON would be copying the documents being produced by all three firms. At that time I gave Della Burke the contact information of Mark Coltrin of IKON so that she could arrange for Interstate to receive its own copies and be billed

///

separately. I also gave Mr. Coltrin the telephone number for Della Burke at McCormick to better facilitate contact.

6. On or about the week of January 16, 2007 I arranged, through Mr. Coltrin, for IKON to copy the documents at Varner & Brandt. I informed Mr. Coltrin that Marilyn Rogers of our office would be reviewing fourteen boxes of documents and to inform the IKON people in Southern California that PEIC would be requesting copying of a subset of the 14 boxes as marked by PEIC's attorney. On or about January 16, 2007, I informed Della that there were fourteen boxes of documents available at Varner & Brandt. On or about January 16, 2007 Mr. Coltrin called to inform me he had spoken with Della and they had a misunderstanding as to what documents were available to them. In response, on or about January 16, 2007, I called McCormick Barstow and spoke with Interstate's counsel, Todd Baxter, and informed him all fourteen boxes were available for them to copy. Mr. Coltrin informed me later that week that Interstate had decided not to get any of the documents copied from Varner & Brandt.

7. On or about January 22, 2007 I arranged through IKON to have documents copied from Greene Broillet & Wheeler. On or about January 22, 2007, I informed Della Burke at McCormick, Barstow, Sheppard, Wayte & Carruth that IKON would be copying documents subpoenaed from Greene Broillet & Wheeler. It was my understanding Interstate would be obtaining a copy of these documents through IKON.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of August, 2009 at Pleasant Hill, California

_____
Deanne Morales

S:\Docs\AC4699\OPP090813.Opp to Mot to Retax Costs.MAR.doc

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Morales Fierro & Reeves, 2300 Contra Costa Blvd., Suite 310, Pleasant Hill, California 94523. On August 14, 2009, I served the within documents:

- **DEFENDANT PACIFIC EMPLOYERS INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO RETAX COSTS; DECLARATIONS OF MARILYN A. ROGERS AND DEANNE MORALES IN SUPPORT THEREOF**

☒   **VIA ELECTRONIC SERVICE:**   I served a true and correct copy by electronic transmission through the U.S. District Court, Central District of California's CM/ECF filing system to the party listed below.

| | |
|---|---|
| James P. Wagoner<br>McCormick, Barstow, Sheppard,<br>Wayte & Carruth LLP<br>P.O. Box 28912<br>5 River Park Place East<br>Fresno, CA 93720-1501<br>Tel: (559) 433-1300<br>Fax: (559) 433-2300 | Attorneys for Plaintiff<br>INTERSTATE FIRE &<br>CASUALTY COMPANY |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 14, 2009, at Pleasant Hill, California.

*Marianne Fogle*
Marianne Fogle

- 10 -
PROOF OF SERVICE