James P. Wagoner, # 058553
Todd W. Baxter, # 152212
Paul J. Whitfield, # 241651
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300
Email:      jim.wagoner@mccormickbarstow.com

Attorneys for Plaintiff
INTERSTATE FIRE & CASUALTY COMPANY,
an Illinois corporation,

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation,<br><br>　　　　Defendant.<br><br>REPUBLIC WESTERN INSURANCE COMPANY, an Arizona corporation,<br><br>　　　　Plaintiff in Intervention,<br><br>v.<br><br>INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation,<br><br>　　　　Defendants in Intervention. | Case No. EDCV06-0593 VAP (OPx)<br><br>**PLAINTIFF INTERSTATE FIRE & CASUALTY COMPANY'S REPLY TO PACIFIC EMPLOYER'S OPPOSITION TO MOTION TO RETAX COSTS**<br><br>Complaint Filed: June 6, 2006<br>Trial Date: None<br>Judge:　　Hon. Virginia A. Phillips<br><br>Date:　August 31, 2009<br>Time:　10:00 a.m.<br>Ctrm:　2<br><br>**[Filed concurrently with: Declaration of Paul J. Whitfield]** |

## I. INTRODUCTION

Defendant PACIFIC EMPLOYERS INSURANCE COMPANY ("PEIC") opposes INTERSTATE FIRE & CASUALTY COMPANY's ("INTERSTATE") Motion to Retax Costs without providing any legal or factual support. PEIC has therefore failed to meets its burden to states specifically the documents produced and the purpose of the document production.

Furthermore, PEIC admits that at least some of the costs that it incurred were for copying documents for its own use and analysis. Costs incurred in making copies for this purpose are not eligible for reimbursement. Additionally, while PEIC claims that it obtained documents from the law firm of Varner & Brandt and used them in support of its motion for summary judgment, those documents were actually provided to PEIC by INTERSTATE prior to the Verner & Brandt subpoena. Finally, PEIC claims that it obtained deposition transcripts to prepare itself to defend claims made by Republic Western Insurance Company ("RWIC"), despite the fact that PEIC and RWIC stipulated that they would not pursue claims against each other, prior to the depositions taking place. Since there could be no legitimate purpose for the depositions transcripts, PEIC should not be able to recover those costs.

As a portion of PEIC's claimed costs were incurred as a result of discovery that was unnecessary or was never provided to the Court or INTERSTATE, PEICs reimbursable costs should be reduced by $5,132.72.

## II. LEGAL ARGUMENT

### A. The Court Reviews a Motion to Tax Costs De Novo

PEIC raises the issue that the clerk of the Court already granted PEIC's Motion to Tax Costs over the objections of Interstate. However, a Motion to Retax Costs is reviewed by the Court de novo. *In Re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3rd Cir. 2000); *Sharon v. Yellow Freight System, Inc.*, 985 F.Supp. 1274, 1275 (D. Kan. 1997). Additionally, the onus lies on the party seeking

reimbursement of its costs to be specific in its description of the documents produced and the purpose of the document production. *El Dorado Irrigation Dist. v. Traylor Bros.*, 2007 U.S. Dist. LEXIS 14440, *31 (E.D. Cal. 2007) (it is not sufficient to merely state that copies were "necessarily obtained").

### B. PEIC Is Not Entitled to Reimbursement For the Copying of Certain Documents

#### 1. By Its Own Admission, PEIC Obtained Documents Solely For Its Own Use

PEIC argues that it copied documents from Greene, Broillet & Wheeler and Cochran, Cherry, Givens & Smith, PEIC for the purpose of "determining the facts of the case and PEIC's coverage defenses" as well as "determining whether the over $10.5 Million settlement of the Underlying Actions was reasonable." See PEIC's Opposition, p. 3:22-23. While these may be legitimate tasks to conduct when confronted with a lawsuit, the fact remains that the documents copied to fulfill these tasks, and not for any other purpose, were copies made solely for the use of counsel. PEIC's statements amount to an admission of this fact.

Due to the fact that PEIC obtained these documents solely for its own use, PEIC should not be permitted to seek reimbursement of costs related to the copying of these documents. INTERSTATE does not contend that PEIC was not entitled to make such an evaluation, but the fact remains that it spent the $690.69 for the copying of documents from Greene, Broillet & Wheeler, and $1,560.64 for copying files from the law firm of Cochran, Cherry, Givens & Smith, PEIC, that served no other purpose than to educate counsel on the nature of the case. Such costs are not eligible for reimbursement. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (pleadings copied solely for review by counsel were noncompensable); *Symantec Corp. v. CD Micro, Inc.*, 2005 U.S. Dist. LEXIS 39432, *15 (D. Or. 2005) (costs not allowed when court could not determine what part was for attorney convenience).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3

REPLY - PLAINTIFF INTERSTATE FIRE & CASUALTY COMPANY'S MOTION TO RETAX COSTS
EDCV06-0593 VAP (OPx)

### 2. PEIC Presents No Support for the Documents Obtained by Greene, Broillet & Wheeler

PEIC argues that some of the documents it obtained from Varner & Brant were submitted to the Court as part of its Motion for Summary Judgment against INTERSTATE. It lists examples of the documents it obtained that were included as part of its request for judicial notice. PEIC provides no evidence, beyond the statements of counsel, that these documents were actually obtained from Varner & Brandt.

In fact, one of the examples provided, the underlying complaints, were provided to PEIC by INTERSTATE in INTERSTATE's Rule 26 initial disclosures produced on October 31, 2007, well before PEIC requested any documents from Varner & Brandt on December 13, 2006. (See Whitfield Decl., ¶ 2.) The burden is on PEIC to provide adequate proof and specificity of the expense for which it seeks reimbursement, and here it has failed to do so. See *El Dorado Irrigation Dist.. supra*, 2007 U.S. Dist. LEXIS 14440 at *31.

PEIC also fails to address the $690.69 spent in obtaining documents from the law firm of Greene, Broillet & Wheeler. PEIC provides no explanation of any use for these documents, nor does it claim to have used any portion of them in its case, suggesting that they were merely for PEIC's own use (see above). Accordingly, those costs should not be charged to INTERSTATE. (See, e.g. *Symantec Corp. v. CD Micro, Inc.*, *supra*, 2005 U.S. Dist. LEXIS 39432, *15 (costs not allowed when court could not determine what part was for attorney convenience).)

### C. PEIC Is Not Entitled to Reimbursement For the Transcripts for Certain Depositions

PEIC claims that it is entitled to expenses in the amount of $319.25 and $166.75 for the deposition transcripts of Charles Norris and Douglas Bell, respectively, as Republic Western Insurance Company's ("RWIC") persons most knowledgeable. PEIC may only obtain reimbursement for "stenographic transcript

necessarily obtained for use in the case." 28 U.S.C. 1920(2); see *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998). The cost of depositions taken purely for discovery or investigative purposes, rather then for trial preparation or trial use, are ordinarily not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877,891 (5th Cir. 1993).

PEIC clearly had no real interest in these depositions that took place on July 31, 2007, long after it filed its motion for summary judgment against INTERSTATE. PEIC appeared over telephone, and asked no questions. (See Declaration of Todd W. Baxter, ¶¶ 5-6, filed concurrently with the present Motion to Retax Costs.) Despite this minimal level of participation, PEIC now claims that it was required to get transcripts of the depositions because RWIC had alleged claims directly against PEIC.

At the time of the depositions, however, RWIC and PEIC had already agreed not to pursue claims against each other. Thus, PEIC had no interest in defending itself against RWIC's claims, and therefore no interest in these depositions, because RWIC and PEIC were conducting this case under this stipulation. (Whitfield Decl., ¶ 3.) PEIC was effectively protected from any claims RWIC had alleged in its Complaint in Intervention, leaving no purpose for PEIC to attend a deposition regarding RWIC's claims against INTERSTATE, and incurring the costs it now wishes to charge to INTERSTATE. Further evidence of PEIC and RWIC's agreement, and the unnecessary nature of these costs, lies in the fact that once RWIC had succeeded in its motion for partial summary judgment against INTERSTATE, it dismissed its claims with prejudice against PEIC on October 29, 2007. (Whitfield Decl., ¶ 4.) RWIC never filed a motion for summary judgment against PEIC, and not once pursued any of the claims it alleged against PEIC. (Whitfield Decl. ¶ 5.) As there was no threat of ever proceeding to trial or even having to contend with a motion for summary judgment from RWIC, PEIC could not have had any purpose in obtaining these transcripts. Without a legitimate

1 purpose for incurring the costs to obtain these deposition transcripts, other than for
2 purely discovery or investigation purposes, the costs are not recoverable.

### III. CONCLUSION

For the reasons stated above, Interstate Fire & Casualty Company hereby requests that this Court grant the motion to retax costs reducing the amount of taxable costs awarded by the Clerk of the Court in the amount of $5,132.72, awarding instead costs totaling $5,896.84.

Dated: August 24, 2009

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Todd W. Baxter
James P. Wagoner
Todd W. Baxter
Paul J. Whitfield
Attorneys for Plaintiff
INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation,

42395/00015-1437984.v1