| | |
|---|---|
| 1 | RAMIRO MORALES, # 167947 |
|   | rmorales@mfrlegal.com |
| 2 | MARILYN A. ROGERS, # 136908 |
|   | mrogers@mfrlegal.com |
| 3 | MORALES FIERRO & REEVES |
|   | 2300 Contra Costa Blvd., Suite 310 |
| 4 | Pleasant Hill, CA 94523 |
|   | Telephone: (925) 288-1776 |
| 5 | Facsimile: (925) 288-1856 |
| 6 | Attorneys for Defendant |
|   | Pacific Employers Insurance Company |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | | |
|---|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation, | ) ) ) | CASE NO.: EDCV06-0593 VAP (OPx) |
| | ) | **NOTICE OF ENTRY OF ORDER** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) | |
| Defendants. | ) ) | |
| REPUBLIC WESTERN INSURANCE COMPANY, an Arizona corporation, | ) ) ) | Judge: Hon. Virginia A. Phillips |
| | ) | Complaint Filed: June 6, 2006 |
| Plaintiff in Intervention, | ) ) | |
| vs. | ) ) | |
| INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

NOTICE OF ENTRY OF ORDER

- 1 -

1      PLEASE TAKE NOTICE that the attached Minute Order Denying Motion to Retax Costs
2 was entered by the Court on December 9, 2009.
3 DATED: January 7, 2010                              MORALES, FIERRO & REEVES

By: _____
Ramiro Morales
Marilyn A. Rogers
Attorneys for Defendant
PACIFIC EMPLOYERS INSURANCE
COMPANY

S:\Docs\AC4699\NOT100107.Notice of Entry of Order.MAR.doc

NOTICE OF ENTRY OF ORDER

- 2 -

O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 06-00593 VAP (OPx)                       Date: December 9, 2009

Title:   INTERSTATE FIRE & CASUALTY COMPANY -v- PACIFIC EMPLOYERS INSURANCE COMPANY
=================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

  Marva Dillard                              Not Present
  Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

Not Present                           Not Present

PROCEEDINGS:      MINUTE ORDER DENYING MOTION TO RETAX COSTS (In Chambers)

### I. BACKGROUND

On August 28, 2007, in an order subsequently affirmed by the Ninth Circuit Court of Appeals, the Court granted summary judgment in this insurance dispute to defendant Pacific Employers Insurance Company ("PEIC") and against plaintiff Interstate Fire & Casualty Company ("Interstate"). See Dkt. No. 154; Interstate Fire & Casualty Co. v. Pacific Employers Ins. Co., No. 07-56538 (9th Cir. July 13, 2009) (mem. op.). In so doing, the Court held that PEIC was not required to contribute to the payment of claims arising out of a bus accident on Interstate 10, as California Insurance Code section 11580.9(b) created a binding presumption that the PEIC policy was in excess over the Interstate policy.

On July 31, 2009, the Clerk of Court, over Interstate's objection, approved a bill of costs submitted by PEIC, and ordered Interstate to pay $11,029.56 in costs. On August 7, 2009,

MINUTES FORM 11                               Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                  Page 1

**INTERSTATE FIRE & CASUALTY CO. v. PACIFIC EMPLOYERS INS. CO., EDCV 06-0593**
**MINUTE ORDER DENYING MOTION TO RETAX COSTS**
**DECEMBER 9, 2009**

Interstate filed the instant motion to retax those costs pursuant to Local Rule 54-9, on the basis that $5,132.72 of those costs are nonawardable under 28 U.S.C. § 1920. PEIC filed an opposition on August 14, 2009, and Interstate filed a reply on August 24, 2009. Pursuant to Local Rule 7-15, the Court took the matter under submission as appropriate for resolution without hearing.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule creates a strong presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. See Ass'n of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000).

Costs are limited to those set forth in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442-443 (1987). Section 1920 enumerates the following expenses which may be taxed as costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under Local Rule 54-9, the district court's review of the Clerk's determination is limited to the record made before the Clerk and encompasses only those items specifically identified in the motion.

## III. DISCUSSION

Interstate challenges two categories of expenses: photocopy expenses and deposition expenses.

### A.   Photocopy Expenses

The Clerk awarded PEIC its costs of copying files from the law firms of Varner & Brandt, counsel for defendants in underlying actions arising out of the accident, and Greene, Broillet & Wheeler and Cochran, Cherry, Givens & Smith, plaintiffs' counsel in the underlying actions.

**INTERSTATE FIRE & CASUALTY CO. v. PACIFIC EMPLOYERS INS. CO., EDCV 06-0593**
**MINUTE ORDER DENYING MOTION TO RETAX COSTS**
**DECEMBER 9, 2009**

Interstate opposes the reimbursement of these costs.

Interstate opposes reimbursement of the costs of copying the Varner & Brandt and Greene, Broillet & Wheeler files on the basis that PEIC failed to furnish these documents to either the Court or opposing counsel. See Pl.'s Mem. at 3, citing United States ex rel. Meyer v. Horizon Health Corp., 2007 U.S. Dist. LEXIS 14521, *13-*15 (N.D. Cal. 2007); Tavarez v. Heckler, 610 F. Supp. 1059, 1064 (S.D.N.Y. 1985); Beech Cinema, Inc. v. Twentieth Century-Fox Film Corp., 480 F. Supp. 1195, 1198 (S.D.N.Y. 1979).

PEIC does not dispute that it can only recover photocopying costs for documents submitted to the Court or opposing counsel, but contends that it did submit the documents in question. All of the documents, it argues, were copied in response to subpoena, and PEIC's counsel told Interstate how it could obtain copies of them should it so desire. (Opp'n at 2; Rogers Decl. ¶¶ 4-6; Morales Decl. ¶¶ 3-7.) PEIC also states that the documents obtained from Varner & Brandt were filed with the Court in connection with its motion for summary judgment. (Opp'n at 3; Rogers Decl. ¶ 7.) Interstate replies that PEIC's assertions regarding the documents attached to that motion are insufficient, since they are based on "no evidence[] beyond the statement of counsel." (Reply at 4.) The statements of counsel in sworn declarations, however, are sufficient evidence to support a bill of costs. See, e.g., Scruggs v. Josephine County, Civil No. 06-6058-CL, 2009 WL 650626, at *9 (D. Or. Mar. 10, 2009); Yasui v. Maui Elec. Co., Ltd., 78 F. Supp.2d 1124, 1127-28 (D. Hawai'i 1999). Hence, the Court overrules the objection to the copying costs for the Varner & Brandt files.

Interstate also challenges the costs of photocopying the documents from Greene, Broillet & Wheeler and Cochran, Cherry, Givens & Smith on the grounds that the documents were copied merely for PEIC counsel's "convenience," i.e., they were used solely to familiarize PEIC about the underlying facts in the case. (Def.'s Mem. at 4.) PEIC responds that it copied all of these documents not only to familiarize itself with the facts, but also to determine whether the settlement of the underlying actions, for which Interstate was seeking contribution, was reasonable. In reply, Interstate says that while this purpose is legitimate, it is still one deemed "for counsel's convenience," and thus unreimbursable.

Although courts are in agreement that "[c]opies made for the convenience of counsel are ordinarily not taxable costs," Cargill, Inc. v. Canbra Foods, Ltd., No. CV 03-1209-MO, 2007 WL 2840396, at *1 (D. Or. Sept. 27, 2007), quoting Roberts v. Charter Nat'l Life Ins. Co., 112 F.R.D. 411, 414 (S.D. Fla. 1986), there is little case law expounding upon when photocopying is reimburseable as "necessarily obtained" for use in a case as opposed to when it is unreimbursable as merely for counsel's convenience. See Summit Technology, Inc. v. Nidek Co., Ltd., 435 F.3d 1371 (Fed. Cir. 2006) (applying First Circuit law); Frederick v. City of Portland, 162 F.R.D. 139, 144 (D. Or. 1995).

INTERSTATE FIRE & CASUALTY CO. v. PACIFIC EMPLOYERS INS. CO., EDCV 06-0593
MINUTE ORDER DENYING MOTION TO RETAX COSTS
DECEMBER 9, 2009

The Seventh Circuit has explained that the statutory phrase "'for use in the case' refers to materials actually prepared for use in presenting evidence to the court." McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990). Courts in this Circuit have held that reimbursable copying costs include those for documents produced in discovery and those submitted to the court in connection with pleadings, motions, and memoranda. Key Bank Nat. Ass'n v. Van Noy, 598 F. Supp. 2d 1160, 1168 (D. Or. 2009); Walter v. Drayson, No. CV 06-00568 SOM-KSC, 2007 WL 2694393, at *2-*3 (D. Hawai'i 2007). Examples of unreimbursable "convenience" costs are "in-house copying expenses," Key Bank, 598 F. Supp. 2d at 1168, and "extra copies of filed papers, correspondence, and copies of cases," Competitive Technologies v. Fujitsu Ltd., No. C-02-1673 JCS, 2006 WL 6338914 at *7 (N.D. Cal. Aug. 23, 2006).

The Court finds that the copies at issue in this category here more closely fall into the former category. Although they were not used in connection with court filings or discovery requests, the information contained in them was unquestionably necessary – not merely a matter of convenience – for PEIC's counsel to perform its duty of representation to its client. Accordingly, the Court rejects the challenge to the costs awarded by the Clerk for the Green, Broillet & Wheeler and Cochran, Cherry, Givens & Smith copies.

**B.     Deposition Expenses**

The Clerk of Court also approved $319.25 and $166.75 in costs for the deposition transcripts of Charles Norris and Douglas Bell, respectively, who were designated as the persons most knowledgeable by Republic Western Insurance Company ("RWIC"), the Plaintiff in Intervention in this case. Interstate opposes this award of costs as unnecessary for the action upon which Interstate prevailed.

"Deposition costs are taxable if they are reasonably necessary for trial." Evanow v. M/V Neptune, 163 F.3d 1108, 118 (9th Cir. 1998). "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Frederick v. City of Portland, 162 F.R.D. 139, 132 (D. Or. 1995).

This case involved two actions: one brought by Interstate against PEIC, and one brought by RWIC against both Interstate and PEIC. PEIC concedes that these depositions were conducted in response to RWIC's claim, but states that "if PEIC had not prevailed on its motion for summary judgment, these depositions would have certainly been necessary in preparing for trial on Interstate's claims as to the facts of the tender and handling of the cases and the issue of Interstate policy following form to the [RWIC] policy." (Opp'n at 4.)

The depositions were noticed and taken by Interstate as part of its defense against RWIC on July 31, 2007. (Baxter Decl. ¶ 5.) The Court did not rule on PEIC's motion for summary

MINUTES FORM 11                                    Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                      Page 4

INTERSTATE FIRE & CASUALTY CO. v. PACIFIC EMPLOYERS INS. CO., EDCV 06-0593
MINUTE ORDER DENYING MOTION TO RETAX COSTS
DECEMBER 9, 2009

judgment until August 28, 2007. So although they ultimately were not used in connection with court filings or discovery requests, PEIC could not have known that the transcripts would not be necessary at the time of the deposition. Thus, the order of these transcripts was not merely a matter of convenience, but rather required for PEIC's counsel to perform its duty of representation to its client.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES the motion to retax costs.

**IT IS SO ORDERED.**

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Morales Fierro & Reeves, 2300 Contra Costa Blvd., Suite 310, Pleasant Hill, California 94523. On January 7, 2010, I served the within documents:

- **NOTICE OF ENTRY OF ORDER**

☒  **VIA ELECTRONIC SERVICE:** I served a true and correct copy by electronic transmission through the U.S. District Court, Central District of California's CM/ECF filing system to the party listed below.

| | |
|---|---|
| James P. Wagoner<br>McCormick, Barstow, Sheppard,<br>Wayte & Carruth LLP<br>P.O. Box 28912<br>5 River Park Place East<br>Fresno, CA 93720-1501<br>Tel: (559) 433-1300<br>Fax: (559) 433-2300 | Attorneys for Plaintiff<br>INTERSTATE FIRE &<br>CASUALTY COMPANY |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 7, 2010, at Pleasant Hill, California.

_____
Marianne Fogle

- 10 -

PROOF OF SERVICE